**HALEY GUILIANO LLP**
JOSHUA V. VAN HOVEN (CSB No. 262815)
    E-Mail: joshua.vanhoven@hglaw.com
111 N Market Street, Suite 900
San Jose, California 95113
Telephone: 669.213.1061
Facsimile: 669.500.7375

RICHARD T. MCCAULLEY (*pro hac vice*)
    E-Mail: richard.mccaulley@hglaw.com
116 W. Hubbard Street
Chicago, Illinois 60654
Telephone: 312.330.8105

*Attorneys for Defendants,*
PurLife Brands, Inc. d/b/a Smarty Pear,
and Chris Madeiras

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>    Defendants. | Case No. 5-22-cv-04261-SVK<br><br>Honorable Vince Chhabria<br><br>**DEFENDANTS PURLIFE BRANDS, INC. AND CHRIS MADEIRAS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFEDENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Hearing: December 1, 2022<br>Time: 10:00 a.m.<br>Courtroom: 4 – 17th Floor (Zoom Hearing)<br>Judge: The Honorable Vince Chhabria<br>Complaint Filed: July 22, 2022 |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Decembr 1, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 of the above-entitled court located 450 Golden Gate Avenue, San Francisco, CA 94102, in connection with the hearing on the Motion to Dismiss being filed herewith, Defendants PurLife Brands, Inc. and Chris Madeiras (collectively, "Smarty Pear") will and hereby do request, pursuant to Rule 201 of the Federal Rules of Evidence, that the Court take judicial notice of the following:

1. Smarty Pear's Leo's Loo Too User Manual, cited in FAC at ¶¶ 54, 59, and accessed from the website address referenced in those paragraphs. *See* Van Hoven Declaration In Support of RJN at ¶ 2.

2. United States Trademark Registration No. 4,674,124 for LITTER·ROBOT (design mark), registered on January 20, 2015, cited in FAC at ¶¶ 32, 135, and accessed via the United States Patent and Trademark Office ("USPTO") Trademark Status and Document Retrieval ("TSDR") system. *See* Van Hoven Declaration In Support of RJN at ¶ 3.

3. United States Trademark Registration No. 4,674,125 for LITTER·ROBOT (design mark), registered on January 20, 2015, cited in FAC at ¶¶ 32, 135, and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 4.

4. United States Trademark Registration No. 6,227,960 for LITTER·ROBOT (design mark), registered on December 20, 2020, cited in FAC at ¶¶ 32, 135, and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 5.

5. United States Trademark Registration No. 5,259,515 for LITTER-ROBOT (standard character mark), registered on August 08, 2017, cited in FAC at ¶¶ 32, 135, and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 6.

6. United States Trademark Registration No. 6,570,005 for LITTER-ROBOT PINCH DETECT (standard character mark), registered on November 23, 2021, cited in

FAC at ¶¶ 32, 135, and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 7.

7. United States Trademark Registration No. 6,668,860 for LITTER-ROBOT OPEN AIR (standard character mark), registered on March 08, 2022, cited in FAC at ¶¶ 32, 135, and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 8.

8. United States Trademark Registration No. 6,734,934 for LITTER-ROBOT 3 CONNECT (standard character mark), registered on May 24, 2022, cited in FAC at ¶¶ 32, 135, and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 9.

9. United States Trademark Registration No. 6,734,935 for LITTER-ROBOT 3 (standard character mark), registered on May 24, 2022, cited in FAC at ¶¶ 32, 135, and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 10.

10. Application History of United States Trademark Application Serial No. 77142737 for LITTER ROBOT (standard character mark), and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 11.

11. Application History of United States Trademark Serial No. 87202622 (corresponding to Registration No. 5,259,515 cited in FAC at ¶¶ 32, 135) for LITTER-ROBOT (standard character mark), and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 12.

12. Application History of United States Trademark Serial No. 90503809 (Registration No. 6,734,935 cited in FAC at ¶¶ 32, 135) for LITTER-ROBOT 3 (standard character mark), and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 13.

13. Application History of United States Trademark Serial No. 90503805 (Registration No. 6,734,934 cited in FAC at ¶¶ 32, 135) for LITTER-ROBOT 3 CONNECT (standard character mark), and accessed via the USPTO's TSDR system. *See* Van

1. Hoven Declaration In Support of RJN at ¶ 14.

14. Application History of United States Trademark Serial No. 90503798 (Registration No. 6,668,860 cited in FAC at ¶¶ 32, 135) for LITTER-ROBOT OPEN AIR (standard character mark), and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 15.

15. Application History of United States Trademark Serial No. 90296230 (Registration No. 6,799,211 cited in FAC at ¶¶ 32, 135) for #LITTERROBOT (standard character mark), and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 16.

16. United States Trademark Registration No. 6,799,211 for #LITTERROBO (standard character mark), registered the supplemental register on July 19, 2022, cited in FAC at ¶¶ 32, 135, and accessed via the USPTO's TSDR system. *See* Van Hoven Declaration In Support of RJN at ¶ 17.

17. Smarty Pear's Video, *Leo's Loo – How It Works*, https://cdn.shopify.com/s/files/1/0639/8921/9573/files/Smarty_Pear_Leo_s_Loo_Covered_Automatic_Self-Cleaning_Cat_Litter_Box_How_It_Works_Product_Features_2.mp4?v=1652196618, cited in FAC at p. 29, n. 22; Ex. 4 at p. 7 (Claim Chart).

18. Smarty Pear Video, *Leo's Loo Too Product Video*, https://cdn.shopify.com/s/files/1/0639/8921/9573/files/30s_Product_Video_final_2.mp4?v=1652%20196618, cited at FAC p. 29, n. 23; Ex. 4 at p. 7 (Claim Chart).

19. Smarty Pear, Say So Long To Scooping Video, https://cdn.shopify.com/s/files/1/0639/8921/9573/files/smarty-pear.mp4?v=1651821590, cited at FAC p. 29, n. 23; Ex. 4 at p. 11 (Claim Chart).

A court considering a motion may take judicial notice of undisputed matters of public record. Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Under the incorporation by reference doctrine,

courts may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). The court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) and no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under 12(b)(6).'" *Id.* (quoting *Ritchie*, 342 F.3d at 908).

The manual of paragraph 1 above and the video of paragraphs 17-19 above are documents and online videos on which Whisker's patent infringement allegations and claim charts rely, and which are necessarily incorporated by reference into the FAC:

- <u>Allegations regarding U.S. Patent No. 7,647,889</u>: The FAC relies on the manual and/or videos at ¶¶ 102-105 and ¶¶ 107-110, while Whiskers' Ex. 5 to the FAC (allegedly charting Smarty Pear's Leo's Loo and Leo's Loo Too against the '889 patent) cites to at least one of the above manual or videos at pages 3, 4, 6, 8, 11, 13-16.

- <u>Allegations regarding U.S. Patent No 9,433,185</u>: The FAC relies on the manual and/or videos at ¶¶ 77-79, 82, 88-90, while Whiskers' Ex. 4 to the FAC (allegedly charting Smarty Pear's Leo's Loo and Leo's Loo Too against the '185 patent) cites to at least one of the above manual or videos at pages 3, 6-8, 11, 13-14, 16-20, 22.

- <u>Allegations regarding U.S. Patent No 11,399,502</u>: The FAC relies on the manual and/or videos at ¶¶ 120, 125, 129, while Whiskers' Ex. 8 to the FAC (allegedly charting Smarty Pear's Leo's Loo and Leo's Loo Too against the '502 patent) cites to at least one of the above manual or videos at pages 3, 4, 7, 8, 10, 11-15.

"In general, websites and their contents may be judicially noticed." *Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases). For each of

these documents, because "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim[,]" judicial notice of these materials is appropriate. *Ritchie*, 342 F.3d at 908; *see also Yoon v. Lululemon United States*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021) ("Indeed, the Amended Complaint does not merely mention the website; it extensively discusses the ways" it supports its claims.).

Similarly, the FAC cites to the US trademark registrations listed in paragraphs 2-10 and 16 above as forming the basis for its trademark allegations. FAC at ¶¶ 32, 135. The registrations themselves have been accessed from the USPTO's official TSDR system, which is a publicly available official government resource for providing such records. "[A] court may take judicial notice of 'records and reports of administrative bodies.'" *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (*quoting Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)); *see also Humboldt Wholesale, Inc. v. Humboldt Nation Distribution, LLC,* No. C-11-4144 EMC, 2011 U.S. Dist. LEXIS 141293, at *3 n.1 (N.D. Cal. Dec. 8, 2011) (taking judicial notice of trademark registrations and "USPTO Action Letter").

Finally, the trademark application histories of paragraphs 11-15 above are official government records from the USPTO's official TSDR system of trademark applications by Plaintiff. These records are suitable for consideration with this motion as "records and reports of administrative bodies." *See, e.g.*, *Vineyards v. Cohn*, No. 20-cv-07668-BLF, 2021 U.S. Dist. LEXIS 212985, at *2 (N.D. Cal. Nov. 3, 2021) (granting "requests [for] judicial notice of the file histories for . . . registered trademarks"); *Threshold*, 445 F. Supp. 3d at 145 ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice."). With respect to these application histories, Smarty Pear notes that its moving brief provides pinpoint citations to specific portions of the application histories for consideration by the Court.

For at least the above reason, the Court may consider the above-listed documents and information in ruling on Smarty Pear's Motion to Dismiss.

Dated: October 12, 2022

HALEY GUILIANO LLP
By: /s/ *Joshua Van Hoven*
JOSHUA V. VAN HOVEN
joshua.vanhoven@hglaw.com
111 N. Market Street, Suite 900
San Jose, California 95113
Telephone: 669.213.1050
Facsimile: 669.500.7375

RICHARD T. MCCAULLEY (*pro hac vice*)
richard.mccaulley@hglaw.com
116 W. Hubbard Street
Chicago, Illinois 60654
Telephone: 312.330.8105

*Attorneys for Defendants,*
PurLife Brands, Inc. d/b/a Smarty Pear,
and Chris Madeiras