**VIA ECF**

April 20, 2023

The Honorable Vince Chhabria, U.S. District Court Judge
San Francisco Courthouse, Courtroom 4 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    *Automated Pet Care Products, LLC d/b/a Whisker v. PurLife Brands, Inc. d/b/a Smarty Pear et al.*, Case No. 3:22-cv-04261-VC

Dear Judge Chhabria:

Pursuant to the Court's Standing Order (¶23) and Civil L.R. 37, the Parties submit the following joint discovery letter regarding the nature and status of the discovery dispute.

## I.    WHISKER'S POSITION AND FACTUAL BACKGROUND

Whisker seeks an Order compelling Defendants to immediately produce: (1) all documents responsive to Plaintiff's First Set of Requests for Production ("RFPs"); and (2) responses to Plaintiff's First Set of Interrogatories ("Rogs") without objection or delay. Defendants have refused to provide responses prior to an order on the pending Motion to Dismiss ("Motion"), impermissibly giving themselves a unilateral stay of discovery and impeding Whisker's ability to prepare its infringement contentions.

This lawsuit has been pending for nearly nine months. On February 15, 2023, the Parties met and conferred in compliance with Rule 26(f). On March 14, 2023, Whisker served its first set of discovery requests on Defendants consisting of a set of six Rogs and 45 RFPs. One week before the response deadline, Defendants requested an extension deferring their responses until 21 days after the Court rules on the Motion. Noting that a pending motion to dismiss is not a basis to delay discovery responses, Whisker did not agree to a stipulated stay. Defendants acknowledged that they could respond by the deadline *if* Whisker agreed to cover expenses associated with responses related to matters dismissed; otherwise, Defendants said they would move to extend the deadlines. The parties met and conferred on April 10, 2023. Whisker's counsel explained that it needed information and materials to incorporate in its infringement contentions due in *May*. Defendants' said that it could but did not want to file a motion to stay to avoid drawing the ire of the Court and asked Whisker to propose a compromise whereby Whisker might receive, within the week, the responses and/or documents it needed for completion of its infringement contentions, with the rest of the responses following an order on the Motion. On April 12th, Whisker offered a compromise in exchange for Defendants producing all documents responsive to just ten of the RFPs (RFP Nos. 17-21, 23-26, and 32) by April 20, 2023 (itself a one-week extension), Whisker would agree to extend the deadline for the remaining requests by the earlier of three weeks or one week following an order on the pending Motion.

After reviewing the narrowed requests, Defendants rejected the very compromise they suggested, writing, "[s]eeing the information that the plaintiff is focused on, we will just respond

to the discovery when the responses are due" the next day. Defendants further explained they "do not feel that the Complaint contains the details necessary to support discovery into these matters" and that they "prefer[red] to have the benefit of the Court's opinion on those matters before [they] commit to provide documents." Defendants served responses on April 13, 2023, with a blanket prematurity objection to each request due to the pending Motion. (Exs. 1 and 2.) Defendants did not provide a substantive response to any Rog, produce documents, or agree to timely produce documents in response to any RFP. On April 14, 2023, Whisker requested a meet-and-confer regarding those deficient discovery responses and its plan to move to compel substantive responses without further delay should Defendants not remedy such deficiencies. The Parties met and conferred on April 17, 2023 but did not resolve their discovery dispute.

**Defendants' Self-Help and Delay Prejudices Whisker**

Since last July 22, 2022, when Whisker filed suit, Defendants' infringement has only increased. Whisker has been trying to engage Defendants in this litigation for months (e.g., joint case management statement, discovery requests, initial disclosures). Defendants are inappropriately relying on their pending Motion to impede progress of the case. Effectively, even though they opted *not* to seek a stay, they have given themselves one, and put the burden on Whisker to seek relief.

Defendants' self-granted stay is based on the erroneous belief that a pending motion to dismiss excuses the need to substantively respond to discovery or produce documents. With respect to the Rogs, Defendants provided boilerplate objections and cited to Fed. R. Civ. P. 33(d) indicating that they will produce documents providing the requested information "following receipt of the District Court's ruling on the Defendants' motion to dismiss." If Defendants seek to rely on Rule 33(d) as a substitute for any narrative responses, they must actually identify with specificity the documents upon which they purport to rely (and did not). *See Davis v. Pinterest, Inc.*, 2021 WL 3044957, at *3 (N.D. Cal. July 20, 2021) (compelling amended response within 7 days where response "just gestures at forthcoming document productions" rather than identifying documents "by Bates number"). With respect to the RFPs, Defendants similarly refused to substantively respond until a meet-and-confer held *after* the Court rules on their Motion. Neither is proper.

The pending Motion is not a valid basis for refusing to engage in discovery and actually respond to Whisker's discovery requests—especially with deadlines looming. *See Gold v. Kaplan*, 2021 WL 6618643, at *4 (C.D. Cal. Dec. 2, 2021) (overruling position that discovery should be precluded until a ruling on a pending motion to dismiss, stating that Defendants "may not impose a unilateral 'self-help' stay"); *see also Bustos v. Royal Bank of Canada*, 2022 WL 2101717, at *1 (C.D. Cal. Feb. 28, 2022) (compelling discovery where defendant served boilerplate objections and believed that "because it filed its motion to dismiss – which it assumes will be granted without leave to amend – it need not participate in discovery until that motion is decided"); *Salaiz v. eHealthInsurance Servs., Inc.*, 2023 WL 2622138, at *6 (N.D. Cal. Mar. 22, 2023). The notion that discovery is automatically stayed upon the filing of a motion to dismiss is not supported by the Rules and is "directly at odds with the need for expeditious resolution of litigation." *Id.* ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."). Defendants have never sought, requested, or obtained a stay of discovery—though clearly, they contemplated doing so before extracting a

compromise from Whisker. Further, in serving objections to both sets of requests, despite the pending Motion, Defendants "appear[] to have abandoned [their] position that discovery requests need not be responded to when a dismissal motion is pending." *Ocean Garden Prod. Inc. v. Blessings Inc.*, 2020 WL 4284383, at n.4 (D. Ariz. July 27, 2020). The Court should overrule Defendants' objections and reject their arguments that they need not produce discovery during pendency of the Motion.[1]

While Defendants are content with stalling this litigation, Whisker is certainly not: Defendants continue to infringe Whisker's rights and engage in false advertising in the marketplace. And although Defendants prefer not to produce documents or provide responses until the Court rules on the Motion, that is not a proper basis for skirting their discovery obligations and preventing Whisker from advancing its case. Whisker is currently facing a May 19, 2023 deadline to serve infringement contentions. As the chronology shows, Defendants apparently never intended to respond to Whisker's discovery requests, instead baiting Whisker into identifying critical areas for discovery only to renege on their proposal to respond to narrowed requests. Defendants' statement that seeing the information on which Whisker is focused caused them to not substantively respond falls flat. Defendants had the complete set of the discovery requests for nearly a month, and Whisker's offer to limit them to just ten requests should not have changed their response, but rather mitigated the burden of collection. Defendants' gamesmanship should not be rewarded. Whisker respectfully requests that the Court compel Defendants to substantively respond to Whisker's discovery requests, immediately.

## I.    DEFENDANTS' STATEMENT

Defendants object to Plaintiff's First Set of Requests for Production (Numbers 1-45) and Plaintiff's First Set of Interrogatories (Numbers 1-6) in their entirety as premature in view of Defendants' pending motion to dismiss all claims of Plaintiff's Complaint which has been fully argued and awaits a ruling by the District Court.

It is well established that a motion to dismiss challenges the legal sufficiency of a plaintiff's complaint, and thus, it is a threshold inquiry into whether the case should proceed. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss tests the sufficiency of the complaint and seeks to determine whether the plaintiff has alleged facts sufficient to state a claim upon which relief can be granted. See *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Accordingly, discovery should not proceed until such threshold issues of whether the claims should move forward are resolved. *See Pebble Beach Inv. Grp. v. Square One Starts, LLC*, No. 21-cv-00522-VC (N.D. Cal. June 21, 2021) (Chhabria, J.) (dismissing unfair competition, negligence, and breach of fiduciary duty claims, and concluding that where the

---

[1] Nor have Defendants made the "strong showing" that courts in this District require to stay discovery. *See Salaiz*, 2023 WL 2622138, at *6. Defendants have not shown Whisker will be unable to state a claim for relief even after amendment. *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (pending motion "could be dispositive of the entire action, *if* granted in its entirety and *if* the court decides that further leave to amend should not be permitted. But those are big 'ifs.'") (emphasis in original); *cf. Pebble Beach Inv. Grp., LLC v. Square One Starts, LLC*, 2021 WL 2531150, at *1–2 (N.D. Cal. June 21, 2021) (Chhabria, J.) (limiting discovery following dismissal where stating a claim seemed "highly unlikely").

"motion to dismiss is granted except as to the breach of contract claim . . . [d]iscovery can move forward on that claim."); see also *Orix Credit Alliance, Inc. v. Film Ventures International, Inc.*, 167 F.R.D. 27, 30 (S.D.N.Y. 1996) (explaining that "while a motion to dismiss is pending, discovery is generally stayed so as to prevent the parties from undertaking expensive and time-consuming discovery before it is known whether the complaint will survive the motion to dismiss").

Moreover, Defendants have attempted to engage in discussions with Plaintiff about a reasonable scope of pre-decision discovery, but as indicated by Plaintiff in correspondence with Defendants, Plaintiff appears focused on getting through premature discovery technical information to plead its claims in the first instance, not information relevant to properly pleaded claims. *ESIP Series 1, Ltd. Liab. Co. v. Doterra Int'l, Ltd. Liab. Co.*, 2022 U.S. Dist. LEXIS 38852, at *21 (D. Utah Mar. 4, 2022) ("[A] patentee is obliged to take reasonable measures to ascertain whether its claims of infringement are reasonable before filing. Patent suits should not be used as a fishing expedition for hypothetical infringements . . .."). Plaintiff is seeking through this discovery the very information that Defendants have identified as deficient in the Complaint. Plaintiff's focus on these elements in discovery underscores the fact that the allegations in the Complaint are lacking.

Additionally, Plaintiff's written discovery requests are overly broad and responding to them would be unduly burdensome for Defendants. Plaintiff's Rule 34 requests for production of documents essentially request every business communication in the history of Smarty Pear (even every sales receipt). Those same requests seek production of essentially every marketing piece and related discussion involving Smarty Pear. Plaintiff's requests for production are overly broad and unduly burdensome because a number of them seek discovery of every line of code, every physical or electrical component of a device, without regard to whether it is relevant to any patent claims asserted by Plaintiff in this case.

For all the above reasons, discovery in this matter should not proceed until 14 days after the Court has ruled on Defendants' pending motion to dismiss.


Respectfully submitted,

Cooley LLP                                              McCaulley Law Group LLC

*/s/ Bobby Ghajar*                                      */s/ Richard T. McCaulley*
Bobby Ghajar                                            Richard T. McCaulley

Attorney for Plaintiff                                  Attorney for Defendants

# ECF ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.


Dated:  April 20, 2023

/s/ Bobby Ghajar
Bobby Ghajar