# Exhibit 1

MCCAULLEY LAW GROUP LLC
JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

Attorneys for Defendants,
PURLIFE BRANDS, INC., d/b/a SMARTY PEAR,
and CHRIS MADEIRAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>Defendants. | Case No. 3:22-cv-04261-VC<br><br>**DEFENDANTS' SMARTY PEAR AND CHRIS MADEIRAS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NUMBERS 1-6)** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as the Local Rules of this Court, Defendants, by and through their attorneys, serve these answers and objections to Plaintiff Automated Pet Care Products, LLC d/b/a Whisker ("Plaintiff") First Set of Interrogatories (Numbers 1-6).

# GENERAL OBJECTIONS

Defendants make the following general responses and objections ("General Objections") to each definition, instruction, and interrogatory propounded in Plaintiff's first set of interrogatories to Defendants. These General Objections are hereby incorporated into each specific answer. The assertion of the same, similar, or additional objections or partial answer to individual interrogatories does not waive any of Defendants' General Objections.

Defendants reserve their right to and will supplement their answers to Plaintiff's first set of interrogatories in accordance with Fed. R. Civ. P. 26(e) and the objections as set forth herein are made without prejudice to Defendants' right to assert any additional or supplemental objections pursuant to Fed. R. Civ. P. 26(e).

1. Defendants object to Plaintiff's First Set of Interrogatories (Numbers 1-6) in their entirety as premature in view of Defendants' pending motion to dismiss all claims of Plaintiff's Complaint which has been fully argued and awaits a ruling by the District Court. It is well established that a motion to dismiss challenges the legal sufficiency of a plaintiff's complaint, and thus, it is a threshold inquiry into whether the case should proceed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss tests the sufficiency of the complaint and seeks to determine whether the plaintiff has alleged facts sufficient to state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Accordingly, discovery should not proceed until such threshold issues of whether the claims should move forward are resolved. *See Pebble Beach Inv. Grp. v. Square One Starts, LLC*, No. 21-cv-00522-VC (N.D. Cal. June 21, 2021) (Chhabria, J.) (dismissing unfair competition, negligence, and breach of fiduciary duty claims, and concluding that where the "motion to dismiss is granted except as to the breach of contract claim . . . [d]iscovery can move forward on that claim."); *see*

*also Orix Credit Alliance, Inc. v. Film Ventures International, Inc.*, 167 F.R.D. 27, 30 (S.D.N.Y. 1996) (explaining that "while a motion to dismiss is pending, discovery is generally stayed so as to prevent the parties from undertaking expensive and time-consuming discovery before it is known whether the complaint will survive the motion to dismiss"). Moreover, Defendants have attempted to engage in discussions with Plaintiff about a reasonable scope of pre-decision discovery, but as indicated by Plaintiff in correspondence with Defendants, Plaintiff seeks technical information to plead its claims in the first instance, not information relevant to properly pleaded claims. *ESIP Series 1, Ltd. Liab. Co. v. Doterra Int'l, Ltd. Liab. Co.*, 2022 U.S. Dist. LEXIS 38852, at *21 (D. Utah Mar. 4, 2022) ("[A] patentee is obliged to take reasonable measures to ascertain whether its claims of infringement are reasonable before filing. Patent suits should not be used as a fishing expedition for hypothetical infringements . . . .").

2. Defendants object to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

3. Defendants object to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to each instruction, definition, and interrogatory to the extent that it seeks information protected from disclosure by the attorney- client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

5. To the extent any of Plaintiff's interrogatories seek answers that include expert material, including but not limited to survey materials, Defendants object to any such interrogatories as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all

answers to such interrogatories, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

6. Defendants incorporate by reference every general objection set forth above into each specific answer set forth below. A specific answer may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific answer does not waive any general objection to that interrogatory. Moreover, Defendants do not waive their right to amend their answers.

7. Defendants object to Plaintiff's definition of "Defendants," "You" or "Your" to the extent it purports to include any unaffiliated person or entity, including but not limited to "any Person acting for or on the company's behalf."

8. Defendants object to Plaintiff's definitions of "Document," "Documents," and "Documentation", the definition of "Communication," as well as "Referring to" and "Relating to" to the extent they are inconsistent with or unequal in scope to the usage in the Federal Rules of Civil Procedure and/or require Defendants to engage in an unduly burdensome search or production of documents or electronically stored information.

9. Defendants object to the Requests to the extent they purport to require Defendants to "describe" or "identify" "every," "each," "any," provide information "concerning," or other similarly expansive or all-inclusive terms defined in Plaintiff's Interrogatories. Defendants will respond based on information available to Defendants after a reasonably diligent search. Defendants' answers do not create any express or implied representation that the answers include all of the information that may exist, or that any information exists at all.

10. Defendants object to each Interrogatory as seeking confidential or highly confidential

information prior to the entry of a Protective Order in this matter.

11. Defendants object to each Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, doctrine, or discovery immunity. Any inadvertent production by Defendants of information protected from disclosure by any such privilege, doctrine, or immunity will not be deemed a waiver by Defendants of any such privileges or protections. To the extent Defendants are in possession, custody, or control of privileged information responsive to an Interrogatory, Defendants will identify such information on a privilege log. Defendants' answers do not waive any attorney-client privilege and Plaintiff may not use Defendants' answer to support an argument or a further line of questioning regarding the legal conclusion an Interrogatory calls for.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 1:

Describe the facts and circumstances under which You first became aware of each of the Patents-in-Suit, including the date(s) of such awareness, how You acquired such awareness, and the person(s) most knowledgeable about such awareness.

RESPONSE TO INTERROGATORY NO. 1

Defendants object to this interrogatory as overly broad and unduly burdensome to the extent it asks Defendants to reproduce in a detailed narrative answer format, all facts and circumstances under which Defendants first became aware of each of the patents-in-suit.

Information about Defendants' awareness of the patents-in-suit may be determined by examining, auditing, compiling, abstracting, or summarizing the business records (including electronically stored information) which will be produced by Defendants following receipt of the

District Court's ruling on the Defendants' motion to dismiss, should that information fall within the scope of discovery pursuant to Fed.R.Civ.P. 26 following the Court's decision in the above-identified lawsuit.

INTERROGATORY NO. 2:

Describe the circumstances under which Defendants have worked with any Third Party intermediary in the design, manufacture, import, wholesale, and/or retail of the Leo's Loo Products, including the role of each such intermediary.

RESPONSE TO INTERROGATORY NO. 2

Defendants object to this interrogatory as overly broad and unduly burdensome to the extent it asks Defendants to reproduce in a detailed narrative answer format, a description of the circumstances where the Defendants may have worked with a Third Party intermediary with respect to Leo's Loo Products. Defendants further object to this interrogatory as improperly vague and ambiguous as to "circumstances" and "worked with," as such terms, broadly construed, could be interpreted to require Defendants to provide a narrative explanation of all of its business activities with any third party for any reason for the entirety of Defendants' business activities with respect to any Leo's Loo Product.

Information about Defendants' involvement with a Third Party intermediary with respect to Leo's Loo Products may be determined by examining, auditing, compiling, abstracting, or summarizing the business records (including electronically stored information) which will be produced by Defendants following receipt of the District Court's ruling on the Defendants' motion to dismiss, should that information fall within the scope of discovery pursuant to Fed.R.Civ.P. 26 following the Court's decision in the above-identified lawsuit.

INTERROGATORY NO. 3:

Identify and explain the purpose for including, and the functionality performed by each of

the sensors (as such terms are used in Smarty Pear's Leo's Loo Manual and Leo's Loo Too Manual) in each of the Leo's Loo Products, including stating and explaining the structure, function, and operation of each sensor in each of the Leo's Loo Products, the relationships and Communications between each sensor in each of the Leo's Loo Products and any hardware and/or software components and the Smarty Pear App.

RESPONSE TO INTERROGATORY NO. 3

Defendants object to this interrogatory as overly broad and unduly burdensome to the extent it asks Defendants to reproduce in a detailed narrative answer format, an explanation of purpose and functionality of the sensors in Leo's Loo Products. Defendants further object to this request as Plaintiffs have not pleaded any claims that would implicated "each of the sensors" of Leo's Loo Products or their "communications any hardware and/or software components and the Smarty Pear App", even if the Motion to Dismiss is not granted as to all of Plaintiff's claims.

Information about the structure and functionality of sensors in Leo's Loo Products may be determined by examining, auditing, compiling, abstracting, or summarizing the business records (including electronically stored information) which will be produced by Defendants following receipt of the District Court's ruling on the Defendants' motion to dismiss, should that information fall within the scope of discovery pursuant to Fed.R.Civ.P. 26 following the Court's decision in the above-identified lawsuit.

INTERROGATORY NO. 4:

For each agreement that is responsive to Request for Production Nos. 35 and 36, describe (i) its terms, parties, and effective time period; (ii) the patent numbers, patent application numbers, and Leo's Loo Products and/or Accused Imported Products to which it pertains; (iii) all compensation (e.g., running royalties, lump sum payments, stock, or equity) received or paid and royalty reports provided or received; and (vi) the Documents setting forth or otherwise reflecting the foregoing information.

RESPONSE TO INTERROGATORY NO. 4

Defendants object to this interrogatory as overly broad and unduly burdensome to the extent it asks Defendants to reproduce in a detailed narrative answer format, numerous elements of any existing and discoverable agreement responsive to Plaintiff's Request for Production Nos. 35 and 36, including a description of the documents setting forth or otherwise reflecting the information sought by this interrogatory.

Information about the nature and content of any existing and discoverable agreement responsive to Plaintiff's Request for Production Nos. 35 and 36 may be determined by examining, auditing, compiling, abstracting, or summarizing the business records (including electronically stored information) which will be produced by Defendants following receipt of the District Court's ruling on the Defendants' motion to dismiss, should that information fall within the scope of discovery pursuant to Fed.R.Civ.P. 26 following the Court's decision in the above-identified lawsuit.

INTERROGATORY NO. 5:

Identify all companies or entities responsible for the manufacturing of the Leo's Loo Products and the location of such manufacturing.

RESPONSE TO INTERROGATORY NO. 5

Defendants object to this interrogatory as overbroad and burdensome to the extent it calls for Defendants to "identify" all companies or entities responsible for the manufacturing of the Leo's Loo Products and the location of such manufacturing as that term is defined in Definition Nos. 10-11 of Plaintiff's First Set of Interrogatories. Defendants further object that the present request is unduly burdensome and irrelevant to the extent that the location of manufacturers is determined not be at issue in this case.

Information about the companies or entities responsible for the manufacturing of the

Leo's Loo Products and the location of such manufacturing may be determined by examining, auditing, compiling, abstracting, or summarizing the business records (including electronically stored information) which will be produced by Defendants following receipt of the District Court's ruling on the Defendants' motion to dismiss, should that information fall within the scope of discovery pursuant to Fed.R.Civ.P. 26 following the Court's decision in the above-identified lawsuit.

INTERROGATORY NO. 6:

Identify all companies or entities responsible for the design and development of the Leo's Loo Products and the location of such design and development.

RESPONSE TO INTERROGATORY NO. 6

Defendants object to this interrogatory as overbroad and burdensome to the extent it calls for Defendants to "identify" all companies or entities responsible for the design and development of the Leo's Loo Products and the location of such design and development as that term is defined in Definition Nos. 12-13 of Plaintiff's First Set of Interrogatories." Defendants further object to providing "all companies and entities" to the extent the features designed and developed are the subject of product features or representations not at issue in this litigation. Defendants further object to this request to the extent that research, design, and development of Leo's Loo Products or any feature thereof is not at issue in this litigation.

Information about the companies or entities responsible for the design and development of the Leo's Loo Products and the location of such design and development may be determined by examining, auditing, compiling, abstracting, or summarizing the business records (including electronically stored information) which will be produced by Defendants following receipt of the District Court's ruling on the Defendants' motion to dismiss, should that information fall within

the scope of discovery pursuant to Fed.R.Civ.P. 26 following the Court's decision in the above-identified lawsuit.

Dated: April 13, 2023          **MCCAULLEY LAW GROUP LLC**

By: */s/ Joshua Van Hoven*
JOSHUA V. VAN HOVEN (CSB No. 262815)
McCaulley Law Group LLC
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (*pro hac vice*)
McCaulley Law Group LLC
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

# CERTIFICATE OF SERVICE

I hereby certify that I am an attorney of the law firm of McCaulley Law Group LLC, with an address of 3001 Bishop Drive, Suite 300, San Ramon, CA 94583. I am over the age of eighteen years and not a party to this action. On April 13, 2023, I caused a true and correct copy of DEFENDANTS' SMARTY PEAR AND CHRIS MADEIRAS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NUMBERS 1-6), to be served as a pdf via e-mail to the following counsel of record for Plaintiff:

> COOLEY LLP
> BOBBY GHAJAR (198719)
> (bghajar@cooley.com)
> 1333 2nd Street, Suite 400
> Santa Monica, CA 90401
> Telephone: (310) 883-6400
> Facsimile: (310) 883-6500
>
> ERIK MILCH
> (emilch@cooley.com)
> 11951 Freedom Drive, 14th Floor
> Reston, VA 20190
> Telephone: (703) 456-8573
> Facsimile: (703) 456-8100
>
> ARI LIPSITZ
> (alipsitz@cooley.com)
> 55 Hudson Yards
> New York, NY 10001
> Telephone: (212) 479-6692
> Facsimile: (212) 479-6275
>
> ALLISON ELKMAN
> (aelkman@cooley.com)
> 1299 Pennsylvania Avenue, NW, Suite 700
> Washington, DC 20004
> Telephone: (202) 776-2196
> Facsimile: (202) 842-7899

/s/ *Joshua Van Hoven*
Joshua Van Hoven