# Exhibit 2

**MCCAULLEY LAW GROUP LLC**
JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

Attorneys for Defendants,
PURLIFE BRANDS, INC., d/b/a SMARTY PEAR,
and CHRIS MADEIRAS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>    Defendants. | Case No. 3:22-cv-04261-VC<br><br>**DEFENDANTS' SMARTY PEAR AND CHRIS MADEIRAS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NUMBERS 1- 45)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as well as the Local

Rules of this Court, Defendants, by and through their attorneys, serve these responses and

objections to Plaintiff Automated Pet Care Products, LLC d/b/a Whisker ("Plaintiff") First Set of

Requests for Production (Numbers 1-45).

## <u>GENERAL OBJECTIONS</u>

Defendants make the following general responses and objections ("General Objections")

to each definition, instruction, and request propounded in Plaintiff's first set of requests for production of documents to Defendants. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to individual requests does not waive any of Defendants' General Objections.

Defendants reserve their right to and will supplement their responses to Plaintiff's first set of requests for production of documents in accordance with Fed. R. Civ. P. 26(e) and the objections as set forth herein are made without prejudice to Defendants' right to assert any additional or supplemental objections pursuant to Fed. R. Civ. P. 26(e).

1. Defendants object to Plaintiff's First Set of Requests for Production (Numbers 1-45) in their entirety as premature in view of Defendants' pending motion to dismiss all claims of Plaintiff's Complaint which has been fully argued and awaits a ruling by the District Court. It is well established that a motion to dismiss challenges the legal sufficiency of a plaintiff's complaint, and thus, it is a threshold inquiry into whether the case should proceed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss tests the sufficiency of the complaint and seeks to determine whether the plaintiff has alleged facts sufficient to state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Accordingly, discovery should not proceed until such threshold issues of whether the claims should move forward are resolved. *See Pebble Beach Inv. Grp. v. Square One Starts, LLC*, No. 21-cv-00522-VC (N.D. Cal. June 21, 2021) (Chhabria, J.) (dismissing unfair competition, negligence, and breach of fiduciary duty claims, and concluding that where the "motion to dismiss is granted except as to the breach of contract claim . . . [d]iscovery can move forward on that claim."); *see also Orix Credit Alliance, Inc. v. Film Ventures International, Inc.*, 167 F.R.D. 27, 30 (S.D.N.Y. 1996) (explaining that "while a motion to dismiss is pending, discovery is

Defendants' Responses to Plaintiff's First Set of
Requests for Production (NUMBERS 1-45)
CASE NO. 3:22-CV-04261-VC

generally stayed so as to prevent the parties from undertaking expensive and time-consuming discovery before it is known whether the complaint will survive the motion to dismiss"). Moreover, Defendants have attempted to engage in discussions with Plaintiff about a reasonable scope of pre-decision discovery, but as indicated by Plaintiff in correspondence with Defendants, Plaintiff seeks technical information to plead its claims in the first instance, not information relevant to properly pleaded claims. *ESIP Series 1, Ltd. Liab. Co. v. Doterra Int'l, Ltd. Liab. Co.*, 2022 U.S. Dist. LEXIS 38852, at *21 (D. Utah Mar. 4, 2022) ("[A] patentee is obliged to take reasonable measures to ascertain whether its claims of infringement are reasonable before filing. Patent suits should not be used as a fishing expedition for hypothetical infringements . . . .").

2. Defendants object to Plaintiff's definition of "Defendants," "You" or "Your" to the extent it purports to include any unaffiliated person or entity, including but not limited to "any Person acting for or on the company's behalf."

3. Defendants object to Plaintiff's definitions of "Document," "Documents," and "Documentation", the definition of  "Communication," as well as "Referring to" and "Relating to" to the extent they are inconsistent with or unequal in scope to the usage in the Federal Rules of Civil Procedure and/or require Defendants to engage in an unduly burdensome search or production of documents or electronically stored information.

4. Defendants object to the Requests to the extent they purport to require Defendants to "describe" or "identify" "every," "each," "any," provide information "concerning," or other similarly expansive or all-inclusive terms defined in Plaintiff's Requests. Defendants will respond based on documents and information available to Defendants after a reasonably diligent search.  Defendants' responses do not create any express or implied representation that the

response includes all of the documents or information that may exist, or that any documents or information exist at all.

5. Defendants object to each Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, doctrine, or discovery immunity. Any inadvertent production by Defendants of information protected from disclosure by any such privilege, doctrine, or immunity will not be deemed a waiver by Defendants of any such privileges or protections. To the extent Defendants are in possession, custody, or control of privileged information responsive to a Request, Defendants will identify such information on a privilege log. Defendants' answers do not waive any attorney-client privilege and Plaintiff may not use Defendants' answer to support an argument or a further line of questioning regarding the legal conclusion a Request calls for.

6. Defendants object to requests that seek confidential or highly confidential information prior to the entry of a Protective Order in this matter. Additionally, Plaintiff has not proposed a stipulated order to govern discovery of electronically stored information in this case.

7. Defendants object to the definitions and instruction accompanying Plaintiff's Requests to the extent they seek to impose duties or obligations upon Defendants greater than required by the Federal Rules of Civil Procedure and the Local Rules for the Northern District of California.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:

All Documents and Communications Concerning the Patents-in-Suit, including all Documents and Communications that refer to, relate to, reference, or cite the Patents-in-Suit.

RESPONSE TO REQUEST NO. 1:

In addition to its General Objections (which are incorporated herein in their entirety),

Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: following a meet and confer conference with Defendant to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents and communications to the extent that such documents are in its possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 2:**

All Documents Concerning the inventors of the Patents-in-Suit, including but not limited to, any Communications with or regarding such inventors or concerning such inventors' publications, patents, articles, or the like.

RESPONSE TO REQUEST NO. 2:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "ALL DOCUMENTS." Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work

product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the inventors of the Patents-in-Suit to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 3:**

Documents sufficient to show research, analysis, and assessment of the Patents-in-Suit.

RESPONSE TO REQUEST NO. 3:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to show". Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as

follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope

of this request to be held after the District Court rules on Defendants' pending motion to dismiss,

and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant,

non-cumulative, non-privileged documents relating to research, analysis, and assessment of the

Patents-in-Suit to the extent that such documents are in their possession, custody, or control, and

to the extent such documents exist, can be located through a reasonably diligent search pursuant

to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 4:**

All Communications between You and Whisker created prior to the commencement of
the Litigation on July 22, 2022.

RESPONSE TO REQUEST NO. 4:

In addition to its General Objections (which are incorporated herein in their entirety),

Defendants object to this Request as being overly broad and unduly burdensome as it seeks more

information than is relevant to this dispute, particularly as it requests "All Communications."

Defendants further object to this Request to the extent it seeks information or documents that are

not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Defendants

respond as follows: following a meet and confer conference with Plaintiff to ascertain the

reasonable scope of this request to be held after the District Court rules on Defendants' pending

motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants

will produce relevant, non-cumulative documents relating to communications between

Defendants and Whisker to the extent that such documents are in their possession, custody, or

control, and to the extent such documents exist, can be located through a reasonably diligent

search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 5:**

All Documents and Communications referencing Whisker, including Whisker's products, patents, or technology and Defendants' characterizations thereof.

RESPONSE TO REQUEST NO. 5:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents and Communications." Defendants also object to this request to the extent it purports to impose upon Defendants an obligation to identify any third-party or other documents and communications not under Defendants' possession or control. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to Whisker's products, patents, or technology to the extent that such documents are in its possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search

pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 6:**

All Documents regarding any contracts, warranties, terms and conditions between You and customers, vendors, partners, suppliers, resellers, distributors, value added resellers, and other similar parties that use or have permission to use, sell, or offer to sell the Leo's Loo Products.

<u>RESPONSE TO REQUEST NO. 6</u>:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents." Defendants further object to this request to the extent that it purports to cover "any contracts, warranties, terms and conditions" with more or less any party Defendants have ever done business with, without regard to whether it relates to the functionality alleged to infringe the asserted patents, the purported infringement of Plaintiff's marks, or the statements that form the basis of Plaintiff's other claims. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to contracts involving

9

the Leo's Loo Products to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 7:**

All Documents that You have received from a Third Party Regarding the Patents-in-Suit or Prior Art related to the Litigation.

RESPONSE TO REQUEST NO. 7:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents." Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to documents received from a Third Party Regarding the Patents-in-Suit or Prior Art to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are

proportional to the needs of the case.

**REQUEST NO. 8:**

All Documents regarding any financial interest that any Third Party has in the Litigation.

RESPONSE TO REQUEST NO. 8:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents." Defendants further object to the extent that "any financial interest" is vague and ambiguous, and could include any party with whom Defendants or Plaintiffs have ever done business or may contemplate doing business with in the future. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to a financial interest that a Third Party has in the Litigation to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably

diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 9:**

All Documents related to any profit-sharing agreements between You and any Third Party.

RESPONSE TO REQUEST NO. 9:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents." Defendants further objects that "profit-sharing agreements" is vague and ambiguous. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to profit-sharing agreements between Defendants and any Third Party to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located

through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 10:**

Documents sufficient to identify all companies or entities responsible for the manufacturing of the Leo's Loo Products and the location of such manufacturing.

RESPONSE TO REQUEST NO. 10:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to identify all". Defendants further object that the present request is unduly burdensome and irrelevant to the extent that the location of manufacturers is determined not be at issue in this case. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the manufacturing of the Leo's Loo Products and the location of such manufacturing to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of

the case.

**REQUEST NO. 11:**

Documents sufficient to identify the Persons, including name, job title, and duties, most knowledgeable about the manufacturing of the Leo's Loo Products.

RESPONSE TO REQUEST NO. 11:

In addition to its General Objections (which are incorporated herein in their entirety),

Defendants object to this Request as being vague and unduly burdensome as it requests

"Documents sufficient to identify". Additionally, Defendants object to this Request on the

grounds that it is duplicative of other Requests. Defendants further object to this Request on the

grounds that it seeks the production of documents and things that are protected from disclosure

by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or

protection. Defendants further object to this Request to the extent it seeks information or

documents that are not relevant to any party's claim or defense, nor proportional to the needs of

the case.

Subject to and without waiving the foregoing general objections, Defendants respond as

follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope

of this request to be held after the District Court rules on Defendants' pending motion to dismiss,

and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant,

non-cumulative, non-privileged documents relating to persons knowledgeable about the

manufacturing of the Leo's Loo to the extent that such documents are in their possession,

custody, or control, and to the extent such documents exist, can be located through a reasonably

diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 12:**

Documents sufficient to identify all companies or entities responsible for the design and development of the Leo's Loo Products and the location of such design and development.

RESPONSE TO REQUEST NO. 12:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to identify all". Defendants further object to providing "all companies and entities" to the extent the features designed and developed are the subject of product features or representations not at issue in this litigation. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the design and development of the Leo's Loo Products and the location of such design and development to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 13:**

Documents sufficient to identify the Persons most knowledgeable including name, job title, and duties, about the research, design, and development of the Leo's Loo Products.

RESPONSE TO REQUEST NO. 13:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to identify". Defendants further object to this request to the extent that research, design, and development of Leo's Loo Products or any feature thereof is not at issue in this litigation. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the design and development of the Leo's Loo Products and the location of such design and development to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 14**:

Documents sufficient to identify all Third Parties responsible for any import, export, sale,

or offering for sale of the Leo's Loo Products and the locations of any such import, export, sale, or offering for sale.

RESPONSE TO REQUEST NO. 14:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to identify all". Defendants further object to this request as unduly burdensome to the extent it appears to require information to identify every sale of every Leo's Loo Product. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to Third Parties responsible for any import, export, sale, or offering for sale of the Leo's Loo Products and the locations of any such import, export, sale, or offering for sale to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 15**:

Documents sufficient to identify the number of units of Leo's Loo Products imported into the United States.

<u>RESPONSE TO REQUEST NO. 15</u>:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to identify". Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the number of units of Leo's Loo Products imported into the United States to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 16**:

Documents sufficient to show the professional background, including but not limited to all education, training, professional activities, employment, and related activities of the designer(s) and/or inventor(s) of the Leo's Loo Products.

<u>RESPONSE TO REQUEST NO. 16</u>:

In addition to its General Objections (which are incorporated herein in their entirety),

Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to show". Defendants further object to this request to the extent that the designer(s) and/or inventor(s) of Leo's Loo Products are not at issue for any claim of this litigation, and to the extent that Plaintiff seeks information regarding "education, training, professional activities, employment, and related activities" of the individual that are not relevant to such claims or issues. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the professional background of the designer(s) and/or inventor(s) of the Leo's Loo Products to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 17**:

All Documents Concerning the structure, function, and operation of the Leo's Loo Products.

<u>RESPONSE TO REQUEST NO. 17:</u>

In addition to its General Objections (which are incorporated herein in their entirety),
Defendants object to this Request as being vague and unduly burdensome as it requests "All
Documents Concerning". Defendant's object to this request to the extent that Plaintiff seeks
information regarding the "structure, function, and operation" of any feature or component is not
relevant to any asserted patent that may survive the pending motion to dismiss.  Defendants
further object to this Request on the grounds that it seeks the production of documents and things
that are protected from disclosure by the attorney-client privilege, work product privilege, and/or
any other privilege, immunity, or protection. Defendants further object to this Request to the
extent it seeks information or documents that are not relevant to any party's claim or defense, nor
proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as
follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope
of this request to be held after the District Court rules on Defendants' pending motion to dismiss,
and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant,
non-cumulative, non-privileged documents relating to the structure, function, and operation of
the Leo's Loo Products to the extent such documents exist, can be located through a reasonably
diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 18**:

All Documents Concerning the structure, function, and operation of the "weight sensors"
(as such term is used in Smarty Pear's Leo's Loo Manual and Leo's Loo Too Manual) in the
Leo's Loo Products, including the manner in which signals from the weight sensors are
communicated to and/or received by other components or devices.

RESPONSE TO REQUEST NO. 18:

In addition to its General Objections (which are incorporated herein in their entirety),

Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents Concerning". Defendants further object to this request beyond providing information that "weight sensors" do not include any information relevant to any patent that survives Defendants' motion to dismiss. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the structure, function, and operation of the "weight sensors" (as such term is used in Smarty Pear's Leo's Loo Manual and Leo's Loo Too Manual) in the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 19:**

All Documents Concerning the structure, function, components, and operation of the "radar wall" (as such term is used in Smarty Pear's Leo's Loo Too Manual) in the Leo's Loo Products, including the manner in which signals from the radar wall are communicated to and/or received by other components or devices.

<u>RESPONSE TO REQUEST NO. 19</u>:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents Concerning". Defendants further object to this request beyond providing information that "radar wall" does not include any information relevant to any patent that survives Defendants' motion to dismiss. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the structure, function, components, and operation of the "radar wall" (as such term is used in Smarty Pear's Leo's Loo Too Manual) in the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 20**:

All Documents Concerning the structure, function, and operation of the "anti-pinch sensor" (as such term is used in Smarty Pear's Leo's Loo Manual and Leo's Loo Too Manual) in the Leo's Loo Products, including the manner in which signals from the anti-pinch sensor are

Defendants' Responses to Plaintiff's First Set of
Requests for Production (NUMBERS 1-45)
CASE NO. 3:22-CV-04261-VC

communicated to and/or received by other components or devices.

RESPONSE TO REQUEST NO. 20:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents Concerning". Defendants further object to this request beyond providing information that the "anti-pinch sensor" does not include any information relevant to any patent that survives Defendants' motion to dismiss. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the structure, function, and operation of the "anti-pinch sensor" (as such term is used in Smarty Pear's Leo's Loo Manual and Leo's Loo Too Manual) in the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 21**:

Documents sufficient to identify every sensor in the Leo's Loo Products and each sensor's structure, function, and operation within the Leo's Loo Products.

RESPONSE TO REQUEST NO. 21:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to identify". Defendants further object to this request beyond providing information that such sensors do not include any information relevant to any patent that survives Defendants' motion to dismiss. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the sensor in the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 22**:

All Documents Concerning all "Information Notifications" and "Error Notifications" (as such terms are used in Smarty Pear's Leo's Loo Too Manual) in the Leo's Loo Products.

RESPONSE TO REQUEST NO. 22:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents Concerning all". Defendants further object to this request beyond providing information that "information notifications" and "error notifications" does not include any information relevant to any patent that survives Defendants' motion to dismiss. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to "Information Notifications" and "Error Notifications" (as such terms are used in Smarty Pear's Leo's Loo Too Manual) in the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 23:**

Documents sufficient to identify and describe the data, signals, and/or communication between the Leo's Loo Products and the Smarty Pear App.

RESPONSE TO REQUEST NO. 23:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to identify". Defendants further object to this request beyond providing information that and "data, signals, and/or communication" does not include any information relevant to any patent that survives Defendants' motion to dismiss. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the data, signals, and/or communication between the Leo's Loo Products and the Smarty Pear App to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 24:**

All Documents Concerning the structure, function, and operation of the Smarty Pear App.

RESPONSE TO REQUEST NO. 24:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents Concerning all". Defendants further object to this request as requesting all information regarding the "Smarty Pear App" without regard to relevance to any issue in this case. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the structure, function, and operation of the Smarty Pear App to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 25**:

All Documents Concerning the structure, function, and operation of any and all components, including sensors, that are associated with the movement or the position of the chamber in the Leo's Loo Products, including, without limitation, software, source code, and source code revision histories, product manuals, data sheets, product specifications, technical manuals, training manuals, support information, Documents related to product upgrades, beta

27

testing Documents, Documents related to bug fixes, product road maps, drawings, schematics, block diagrams, sketches, notebooks, memoranda, notes, correspondence, status reports, modification reports, development reports, flow charts, patent disclosures, test results, test reports, and engineering reports.

RESPONSE TO REQUEST NO. 25:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents Concerning all". Defendants further object to this request as requesting all of the above technical information without regard to relevance to any issue in this case. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the structure, function, and operation of components in the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 26**:

All Documents Concerning the structure, function, and operation of any and all components that are associated with user control of the Leo's Loo Products including, without limitation, software, source code, and source code revision histories, product manuals, data sheets, product specifications, technical manuals, training manuals, support information, Documents related to product upgrades, beta testing Documents, Documents related to bug fixes, product road maps, drawings, schematics, block diagrams, sketches, notebooks, memoranda, notes, correspondence, status reports, modification reports, development reports, flow charts, patent disclosures, test results, test reports, and engineering reports.

RESPONSE TO REQUEST NO. 26:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents Concerning all". Defendants further object to this request as requesting all of the above technical information without regard to relevance to any issue in this case. Defendants further object to this request beyond providing information that does not include any information relevant to any patent that survives Defendants' motion to dismiss. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the structure, function, and operation of

any and all components that are associated with user control of the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 27**:

All Documents relating to the design, engineering, testing, or development of the Leo's Loo Products, including without limitation, software, source code, and source code revision histories, product manuals, data sheets, product specifications, technical manuals, training manuals, support information, Documents related to product upgrades, beta testing Documents, Documents related to bug fixes, product road maps, drawings, schematics, plans, block diagrams, sketches, notebooks, memoranda, notes, correspondence, status reports, modification reports, development reports, flow charts, patent disclosures, test results, test reports, and engineering reports.

RESPONSE TO REQUEST NO. 27:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents". Defendants further object to this request as requesting all of the above technical information without regard to relevance to any issue in this case. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss,

and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the design, engineering, testing, or development of the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 28**:

All Documents regarding any conception, design, research, experimental work, development, reduction to practice, inspection, testing, evaluation, reverse-engineering, or analysis conducted by any Person of any product, system, process, or method related to the Leo's Loo Products.

RESPONSE TO REQUEST NO. 28:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents". Defendants further object to this request as requesting all of the above technical information without regard to relevance to any issue in this case. Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss,

and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to an analysis conducted by any Person of any product, system, process, or method related to the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 29:**

All Documents relating to Defendants' purchasing, testing, analysis, review, reverse-engineering, and/or use of any product sold or offered for sale by Whisker, including without limitation the Litter-Robot Products.

RESPONSE TO REQUEST NO. 29:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents". Defendants further object to this request as requesting all of the above technical information without regard to relevance to any issue in this case. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to Defendants' purchasing, testing, analysis,

Defendants' Responses to Plaintiff's First Set of
Requests for Production (NUMBERS 1-45)
CASE NO. 3:22-CV-04261-VC

review, reverse- engineering, and/or use of any product sold or offered for sale by Whisker, including without limitation the Litter-Robot Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 30**:

Documents sufficient to show improvements, additions, new features, new functionality, updates, revisions, and alterations to the Leo's Loo Products in design, function, and/or operation, including the reasons, justification, analysis, and basis for any such improvements, additions, new features, new functionality, updates, revisions, and alterations and the associated research, testing, and development between the Leo's Loo Products and any previous versions.

RESPONSE TO REQUEST NO. 30:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to show". Defendants further object to this request as requesting all of the above technical information without regard to relevance to any issue in this case. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to improvements, additions, new features,

new functionality, updates, revisions, and alterations to the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 31**:

Provide a sample of the original packaging, instructions, user manual, and promotional literature for each of the Leo's Loo Products.

<u>RESPONSE TO REQUEST NO. 31</u>:

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce a sample of the original packaging, instructions, user manual, and promotional literature for each of the Leo's Loo Products to the extent such documents exist, can be located through a reasonably diligent search, and are proportional to the needs of the case.

**REQUEST NO. 32**:

All Documents regarding the use of the Leo's Loo Products, including but not limited to user manuals, installation manuals, technical manuals, technical drawings, product specification, best practices, recommended uses, instructional web pages, and other Documents relating to information regarding instructions, recommendations, best practices, instructional presentations, instructional web pages, instructional videos, technical support, or any other support provided by Defendants for use of the Leo's Loo Products.

<u>RESPONSE TO REQUEST NO. 32</u>:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents". Additionally, Defendants object to this Request on the grounds that it is duplicative

of other Requests. Defendants further object to this Request on the grounds that it seeks the

production of documents and things that are protected from disclosure by the attorney-client

privilege, work product privilege, and/or any other privilege, immunity, or protection.

Defendants further object to this Request to the extent it seeks information or documents that are

not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as

follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope

of this request to be held after the District Court rules on Defendants' pending motion to dismiss,

and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant,

non-cumulative, non-privileged documents relating use of the Leo's Loo Products to the extent

such documents exist, can be located through a reasonably diligent search pursuant to agreed

search terms, and are proportional to the needs of the case.

**REQUEST NO. 33**:

Videos sufficient to demonstrate the use of the Leo's Loo Products.


RESPONSE TO REQUEST NO. 33:

In addition to its General Objections (which are incorporated herein in their entirety),

Defendants object to this Request as being vague and unduly burdensome as it requests "Videos

sufficient to demonstrate". Defendants further object to this Request to the extent it seeks

information or documents that are not relevant to any party's claim or defense, nor proportional

to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as

follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope

of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce a relevant, non-cumulative, non-privileged video demonstrating the use of the Leo's Loo Products to the extent such a video exists, can be located through a reasonably diligent search, and is proportional to the needs of the case.

**REQUEST NO. 34**:

Documents sufficient to identify the first date of Your use, sale and offer for sale of the Leo's Loo Products.

RESPONSE TO REQUEST NO. 34:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to identify". Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the first date of Defendants' use, sale and offer for sale of the Leo's Loo Products to the extent such documents exist, can be located

36

through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 35**:

All Documents Concerning all settlement agreements (including covenants not to sue and the like) to which You are a party Concerning or covering automated litter boxes, or any similar products or functionality.

<u>RESPONSE TO REQUEST NO. 35</u>:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents Concerning all". Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to settlement agreements to which Defendants are a party dealing with automated litter boxes to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 36**:

All Documents Concerning any license, covenant not to sue, or settlement agreement that

You consider comparable to, or that would bear in any way upon, the license that would have been negotiated at the hypothetical negotiation in this Litigation.

RESPONSE TO REQUEST NO. 36:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "All Documents Concerning any". Additionally, Defendants object to this Request on the grounds that it is duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to any license, covenant not to sue, or settlement agreement that Defendants consider comparable to, or that would bear in any way upon, the license that would have been negotiated at the hypothetical negotiation in this litigation to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 37**:

All Documents or Communications by or with You Concerning the licensing or potential licensing of any technology related to the Leo's Loo Products.

<u>RESPONSE TO REQUEST NO. 37</u>:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents or Communications." Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative documents relating to the licensing or potential licensing of any technology related to the Leo's Loo Products to the extent that such documents are in their possession, custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 38**:

Documents sufficient to show Your awareness of the Patents-in-Suit prior to the filing of the Litigation.

<u>RESPONSE TO REQUEST NO. 38</u>:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests

"Documents sufficient to show". Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection. Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents establishing Defendants' awareness of the Patents-in-Suit prior to the filing of the Litigation to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 39**:

Documents sufficient to show the circumstances under which You first became aware of the existence of the Patents-in-Suit.

RESPONSE TO REQUEST NO. 39:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being vague and unduly burdensome as it requests "Documents sufficient to show". Additionally, Defendants object to this request as duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection.

Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative, non-privileged documents relating to the circumstances of Defendants' first awareness of the Patents-in-Suit prior to the filing of the Litigation to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 40**:

All Documents relating to Your contention, if any, that You have not willfully or deliberately infringed the Patents-in-Suit.

RESPONSE TO REQUEST NO. 40:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents." Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable timing for providing a response to this request to be held after the District Court rules

on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative documents relating to the facts demonstrating that Defendants have not willfully or deliberately infringed the Patents-in-Suit.

**REQUEST NO. 41**:

All Documents relating to any and all efforts by You, upon becoming aware of the Patents- in-Suit, to investigate the scope of the Patents-in-Suit and to form a good-faith belief that the Patents-in-Suit were invalid, not infringed, or not enforceable.

RESPONSE TO REQUEST NO. 41:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents." Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable timing for providing a response to this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative documents relating to the facts demonstrating that Defendants have a good-faith belief that the Patents-in-Suit were invalid, not infringed, or not enforceable.

**REQUEST NO. 42**:

All Documents relating to Your efforts, if any, to investigate Your infringement or alleged infringement of the Patents-in-Suit and the validity of the Patents-in-Suit, and all Documents relating to the results of any investigations.

<u>RESPONSE TO REQUEST NO. 42</u>:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents." Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work product privilege, and/or any other privilege, immunity, or protection.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable timing for providing a response to this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative documents relating to an investigation of the Patents-in-Suit the results of which showed that the patents were not infringed and/or are invalid.

**REQUEST NO. 43**:

All Documents relating to Your decision to continue to develop, make, use, sell, offer for sale, or import the Leo's Loo Products after becoming aware of the Patents-in-Suit.

<u>RESPONSE TO REQUEST NO. 43</u>:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents." Defendants further object to this Request on the grounds that it seeks the production of documents and things that are protected from disclosure by the attorney-client privilege, work

product privilege, and/or any other privilege, immunity, or protection.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable timing for providing a response to this request to be held after the District Court rules on Defendants' pending motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant, non-cumulative documents relating to Defendants' decision to continue to develop, make, use, sell, offer for sale, or import the Leo's Loo Products after becoming aware of the Patents-in-Suit to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 44**:

All Documents and Communications Concerning whether You need a license to the Patents-in-Suit or whether You may have liability with respect to the Patents-in-Suit.

RESPONSE TO REQUEST NO. 44:

In addition to its General Objections (which are incorporated herein in their entirety), Defendants object to this Request as being overly broad and unduly burdensome as it seeks more information than is relevant to this dispute, particularly as it requests "All Documents or Communications." Defendants further object to this Request to the extent it seeks information or documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope of this request to be held after the District Court rules on Defendants' pending

motion to dismiss, and entry of an appropriate Protective Order and ESI Protocol, Defendants

will produce relevant, non-cumulative documents relating to whether Defendants need a license

to the Patents-in-Suit to the extent that such documents are in their possession, custody, or

control, and to the extent such documents exist, can be located through a reasonably diligent

search pursuant to agreed search terms, and are proportional to the needs of the case.

**REQUEST NO. 45**:

Documents sufficient to show whether You had access to Plaintiff's products, patents,
publications, design Documents, presentations, or other technical information in conjunction
with the conception, design, and development of the Leo's Loo Products.

RESPONSE TO REQUEST NO. 45:

In addition to its General Objections (which are incorporated herein in their entirety),

Defendants object to this Request as being vague and unduly burdensome as it requests

"Documents sufficient to show". Defendants further object to this Request on the grounds that it

seeks the production of documents and things that are protected from disclosure by the attorney-

client privilege, work product privilege, and/or any other privilege, immunity, or protection.

Defendants further object to this Request to the extent it seeks information or documents that are

not relevant to any party's claim or defense, nor proportional to the needs of the case.

Subject to and without waiving the foregoing general objections, Defendants respond as

follows: following a meet and confer conference with Plaintiff to ascertain the reasonable scope

of this request to be held after the District Court rules on Defendants' pending motion to dismiss,

and entry of an appropriate Protective Order and ESI Protocol, Defendants will produce relevant,

non-cumulative, non-privileged documents relating to their access, if any, to Plaintiff's products,

patents, publications, design documents, presentations, or other technical information in

conjunction with Leo's Loo Products to the extent that such documents are in their possession,

custody, or control, and to the extent such documents exist, can be located through a reasonably diligent search pursuant to agreed search terms, and are proportional to the needs of the case.

Dated: April 13, 2023        **MCCAULLEY LAW GROUP LLC**

By: _/s/ Joshua Van Hoven_____
JOSHUA V. VAN HOVEN (CSB No. 262815)
McCaulley Law Group LLC
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (*pro hac vice*)
McCaulley Law Group LLC
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

## CERTIFICATE OF SERVICE

I hereby certify that I am an attorney of the law firm of McCaulley Law Group LLC, with an address of 3001 Bishop Drive, Suite 300, San Ramon, CA 94583. I am over the age of eighteen years and not a party to this action. On April 13, 2023, I caused a true and correct copy of DEFENDANTS' SMARTY PEAR AND CHRIS MADEIRAS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NUMBERS 1- 45), to be served as a pdf via e-mail to the following counsel of record for Plaintiff:

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

ERIK MILCH
(emilch@cooley.com)
11951 Freedom Drive, 14th Floor
Reston, VA 20190
Telephone: (703) 456-8573
Facsimile: (703) 456-8100

ARI LIPSITZ
(alipsitz@cooley.com)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6692
Facsimile: (212) 479-6275

ALLISON ELKMAN
(aelkman@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone: (202) 776-2196
Facsimile: (202) 842-7899

/s/ *Joshua Van Hoven*
Joshua Van Hoven