COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:     (310) 883-6400
Facsimile:      (310) 883-6500

ERIK MILCH *[Pro hac vice]*
(emilch@cooley.com)
11951 Freedom Drive, 14th Floor
Reston, VA 20190
Telephone:     (703) 456-8573
Facsimile:      (703) 456-8100

*[Full Listing on Signature Page]*

Attorneys for Plaintiff
Automated Pet Care Products, LLC d/b/a Whisker

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>                Plaintiff,<br><br>     v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>                Defendants. | Case No. 3:22-cv-04261-VC<br><br>**STIPULATED PROTECTIVE ORDER REGARDING PATENTS AND CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

Per the Court's Standing Order (¶19) and Patent L.R. 2-2, the parties based this proposed Stipulated Protective Order on the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Order"). Any and all deviations from the Model Order are identified in a redline comparison of the proposed Stipulated Protective Order and the Model Order attached as Exhibit B.

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to documents, portions of documents, answers to interrogatories, responses to requests for admissions, testimony from previous trials, deposition testimony, transcripts of depositions, and trial transcripts from previous trials, including data, summaries, and compilations derived therefrom.

The following is a non-exclusive list of categories of documents that may be designated as "CONFIDENTIAL":

1. Business agreements and contracts

2. Licensing negotiations and agreements

3. Communications with customers

4. Communications with suppliers, wholesalers, or retailers

5. Marketing plans or strategies

6. Third-party information covered by an obligation of confidentiality

7. As to drawings, details and other related documentation for unrelated present or future projects, the designation will be left to the discretion of the producing party.

8. Nothing, however, in any portion of this Protective Order should be considered an admission by either party that they will not contest the designation of the drawings or materials by the other party, whether as "Confidential" or "Highly Confidential-Attorney's Eyes Only." Nor does either party waive its right to object to the disclosure of any drawings or materials on any other ground, as allowed by the Rules.

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of, or otherwise affiliated with, a Party or of

a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor, or otherwise consult or become affiliated with a Party or a Party's competitor.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," if in the good faith believe of such Producing Party and its Counsel, the information qualifies for protection under Fed. R. Civ. P. 26(c) or the UTSA and/or disclosure of which to another Party or Non-Party would create a substantial risk of serious harm or prejudice to the Producing Party that could not be avoided by less restrictive means.

The following is a non-exclusive list of categories of documents that may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

1. Financial data, including but not limited to documents showing revenue, profit, cost, and margins

2. Costs of doing business

3. Customer lists

4. Trade secrets

5. Future marketing plans

6. Future business plans

7. Product design and development

8. Marketing analysis or strategy

9. Customer acquisition data and strategy

10. Source code (e.g. for an app)

2.8 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9　　House Counsel: attorneys, as well as their support staff, who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10　　Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11　　Outside Counsel of Record: attorneys, as well as their employees, who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12　　Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13　　Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14　　Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15　　Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16　　Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.　　SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order,

including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the

testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. Filing deposition transcripts under seal with the Court, however, does not affect how Protected Material is treated at trial. Specifically, deposition testimony offered in lieu of trial testimony need not necessarily be sealed simply because the deposition transcript was filed under seal. Rather, it is up to the discretion of the Court how Protected Material is treated at trial.**

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE"  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    The Parties recognize and agree that the wrongful disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL, especially given the fact that the Parties are direct competitors with each other, may be extremely prejudicial to the impacted Party's interest.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  The Parties agree that after two unsuccessful challenges by a Challenging Party (i.e., if both challenges are denied by the Court), the burden shall move to the Challenging Party to raise any challenges of designations to the Court instead of the Designating Party having to file a motion to retain confidentiality.  In such case, the burden of persuasion would remain on the Designating Party.

Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of

protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15.

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The Parties acknowledge that it may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel;

(e) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and/or Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (employees of a producing party shall be deemed to have possessed or knew of the producing parties' confidential information); and

(h) anyone so authorized by prior written consent of the party designating the material as Protected Material.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and/or Professional Vendors to whom disclosure is reasonably

necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (employees of a producing party shall be deemed to have possessed or knew of the producing parties' confidential information);

(f) during their depositions, witnesses in the action who are current employees or consultants of the Producing Party, or were employed by or consulting for the Producing Party at the time the document was created, unless otherwise agreed by the Designating Party or ordered by the court, and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) anyone so authorized by prior written consent of the party designating the material as Protected Material.

7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 5 must first make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, (5) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest, (6) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, and (7)

identifies each person or entity from whom the Expert has received compensation or funding for work in

his or her areas of expertise or to whom the expert has provided professional services, including in

connection with a litigation, at any time during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective

paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 days of

delivering the request, the Party receives a written objection from the Designating Party. Any such

objection must set forth in detail the grounds on which it is based. It is generally understood that if the

proposed Expert consults or works in the field of automated litter boxes or for a competitor of the Parties,

that is a valid basis for objection.

(c) A Party that receives a timely written objection must meet and confer with the Designating

Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days

of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert

may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

applicable) seeking permission from the court to do so. Any such motion must describe the circumstances

with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary,

assess the risk of harm that the disclosure would entail, and suggest any additional means that could be

used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration

describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the

meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its

refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of

proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs

the Receiving Party's need to disclose the Protected Material to its Expert.

8.      PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications

13

relating to the subject matter of the patents-in-suit or the field of automated self-cleaning litter box products on behalf of the Receiving Party or its acquirer successor, predecessor, or other affiliate during the pendency of this Action and for two years after its conclusion, including without limitation the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).

9.     <u>SOURCE CODE</u>

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Section 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Sections 7.3 and 7.4.

(c)     Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may

visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Section (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1       1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the

2  information requested is subject to a confidentiality agreement with a Non-Party;

3       2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this

4  litigation, the relevant discovery request(s), and a reasonably specific description of the information

5  requested; and

6       3.      make the information requested available for inspection by the Non-Party.

7       (c)      If the Non-Party fails to object or seek a protective order from this court within 14

8  days of receiving the notice and accompanying information, the Receiving Party may produce the

9  Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

10  seeks a protective order, the Receiving Party shall not produce any information in its possession

11  or control that is subject to the confidentiality agreement with the Non-Party before a

12  determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

13  burden and expense of seeking protection in this court of its Protected Material.

14  12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

16  to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving

17  Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

18  its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

19  persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such

20  person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto

21  as Exhibit A.

22  13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

23

24      When a Producing Party gives notice to Receiving Parties that certain inadvertently

25  produced material is subject to a claim of privilege or other protection, the obligations of the

26  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

27  provision is not intended to modify whatever procedure may be established in an e-discovery

28  order that provides for production without prior privilege review.  Pursuant to Federal Rule of

Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

14.4    Nothing in this Order shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material, provided that the contents of the information shall not be disclosed except as is permitted by this Order.

14.5    This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Protected Material.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

14.6    Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence or the right of any party to be present throughout the trial.

14.7    The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Protected Material; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public

knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the Receiving Party's legitimate knowledge independently of the production by the Producing Party. Prior knowledge must be established by preproduction documentation.

14.8    The restrictions and obligations herein shall not be deemed to prohibit discussions of any Protected Material with anyone if that person already has or obtains legitimate possession thereof.

14.9    Transmission by email or facsimile is acceptable for all notification purposes herein.

14.10   This Order may be modified by written agreement of the parties, subject to approval by the Court.

14.11   The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

14.12   Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.13   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving

Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

15.    FINAL DISPOSITION

15.1    After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Protected Material for enforcement of the provisions of this Order following termination of this litigation.

15.2    Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Any returned Protected Material should be sent to Counsel for the Producing Party. If any of the Protected Materials are destroyed, Counsel for the Receiving Party shall provide a certificate of destruction to the Producing Party. Protected Material stored electronically (e.g., document productions) shall be deleted; provided, however, this obligation shall be satisfied so long as reasonable measures have been taken in good faith to delete the electronically-stored Protected Material. Counsel for the Receiving Party shall provide a certificate of deletion to the Producing Party.

Notwithstanding this provision, Counsel for the parties are entitled to retain an archival copy of discovery responses, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4. Document management systems and backup tapes need not be purged to eliminate Protected Material. This Paragraph applies to any Protected Material circulated to independent Experts described above, and Counsel for the party or parties receiving Protected Material shall obtain written confirmation from such independent Experts to whom they have circulated Protected Material that all such Protected Material and all copies thereof have been

20

returned to such Counsel or destroyed, and that reasonable measures have been taken in good faith to delete all such Protected Material stored electronically, as provided for in this Paragraph.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 12, 2023                                    COOLEY LLP

By: */s/  Bobby Ghajar*
          Bobby Ghajar
          Erik Milch
          Ari Lipsitz
          Allison Elkman

*Attorneys for Plaintiff*
Automated Pet Care Products, LLC d/b/a Whisker

*[Full Counsel List]*
ARI LIPSITZ *[Pro hac vice]*
(alipsitz@cooley.com)
55 Hudson Yards
New York, NY 10001
Telephone:      (212) 479-6692
Facsimile:      (212) 479-6275

ALLISON ELKMAN *[Pro hac vice]*
(aelkman@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone:      (202) 776-2196
Facsimile:      (202) 842-7899

Attorneys for Plaintiff
Automated Pet Care Products, LLC d/b/a Whisker


Dated: May 12, 2023                                    MCCAULLEY LAW GROUP LLC

By: */s/  Richard T. McCaulley*
          Richard T. McCaulley

*Attorneys for Defendants*
PurLife Brands, Inc. d/b/a Smarty Pear, Chris Madeiras


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:   May 12, 2023

Honorable Sallie Kim
United States Magistrate Judge

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 10, 2023

COOLEY LLP

By: */s/ Bobby Ghajar*
Bobby Ghajar

*Attorneys for Plaintiff*
Automated Pet Care Products, LLC d/b/a Whisker

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of Automated Pet Care Products, LLC

d/b/a Whisker v. PurLife Brands, Inc. d/b/a Smarty Pear et al., Case No. 3:22-cv-04261-VC.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____