MCCAULLEY LAW GROUP LLC

JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (pro hac vice)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

Attorneys for Defendants,

PURLIFE BRANDS, INC., d/b/a SMARTY PEAR,
and CHRIS MADEIRAS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>Defendants. | Case No. 3:22-cv-04261-VC<br><br>Defendants' Motion To Dismiss Second Amended Complaint As To 1st Cause of Action: '185 Patent<br><br>Hearing: June 29, 2023<br>Time: 1:00 p.m.<br>Courtroom: 4-17th Floor (Zoom Hearing)<br>Second Amended Complaint Filed: May 3, 2023 |

TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

I. INTRODUCTION.........................................................................................................1

    A. Procedural Background........................................................................................1

    B. Issue To Be Decided.............................................................................................2

II. THE FULLY ASSEMBLED LEO'S LOO AND LEO'S LOO TOO PRODUCTS DO NOT LEAVE ANY PORTION OF THE REAR OUTSIDE WALL OF THE CHAMBER UNCOVERED...................................................................................................2

    A. Whisker's Second Amended Complaint And Exhibits Conclusively Demonstrate That The Accused Products Do Not Include A "Bonnet" As Claimed....................2

III. CONCLUSION..............................................................................................................7

TABLE OF AUTHORITIES

*Atlas IP, LLC v. JEA,*
2017 U.S. Dist. LEXIS 96577, *21 (N.D. Ill. June 21, 2017)......................................................6 n.7

*Bartonfalls LLC v. Turner Broad. Sys., Inc.*,
2017 U.S. Dist. LEXIS 55068, *8 (E.D. Tex. Mar. 15, 2017)...........................................................4

*Digital Landscape Inc. v. Maui Jim USA, Inc.*,
2022 U.S. Dist. LEXIS 29791, *16 (C.D. Ill. Feb. 18, 2022) ...................................................7 n.7

*Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*,
2021 U.S. Dist. LEXIS 139224, *10 (N.D. Ga. July 23, 2021)........................................................3

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
870 F.3d 1320, 1331 (Fed. Cir. 2017)............................................................................................7

*Minnesota Min. Mfg. Co. v. Chemque, Inc.*,
303 F.3d 1294, 1300 (Fed. Cir. 2002)............................................................................................6

*Wright Medical Tech. v. Osteonics Corp.*,
122 F.3d 1440, 1444 (Fed. Cir. 1997)............................................................................................6

PLEASE TAKE NOTICE that on June 29, 2023, at 1:00 p.m., Defendants PurLife Brands, Inc. (d/b/a "Smarty Pear") and Chris Madeiras ("Madeiras"), hereby move to dismiss Plaintiff's, Automated Pet Care Products (d/b/a "Whisker"), "First Cause of Action" for "Infringement of U.S. Patent No. 9,433,185." Second Amended Complaint, Dkt. 58 at ¶¶ 70-92.

I.  INTRODUCTION

   A.  Procedural Background

Whisker filed an Amended Complaint (Dkt. 25) on September 22, 2022 and asserted as a "First Cause of Action", infringement of U.S. Patent No. 9,433,185 ("the '185 Patent"). Dkt. 25 at ¶¶ 73-96. Defendants moved to dismiss the Amended Complaint (Dkt. 29) on October 12, 2022 with respect to all ten causes of action asserted by Whisker.

On April 21, 2023, the Court ruled that:

> Whisker fails to state a patent infringement claim based on the '185 Patent (Count 1) because Whisker's own photos in the complaint belie any assertion that the Leo's Loo's "bonnet … extends over [a] portion of the chamber so that … a rear of the outside wall of the chamber remain[s] uncovered by the bonnet." See Dkt. No. 25 at 26–27 (reciting the elements of the '185 Patent); Dkt. No. 25-1 at 87 (depicting fully assembled Leo's Loo and Leo's Loo Too products seemingly with no portion of the rear of the chamber uncovered). Indeed, Whisker's attempt at demonstrating that a portion of the rear of the chamber remains uncovered by the bonnet consists of pointing to photos in its claim chart **disingenuously** depicting *disassembled* Leo's Loo products. Dkt. No. 25-1 at 94.

Dkt. 56, at p. 1 (bold and underlined emphasis added). Dismissal was granted with leave to amend as to Counts 1 (the '185 Patent) and 2 (the '889 Patent) within 21 days of the order. Dkt. 56 at p. 5.

On May 3, 2023, Whisker filed a Second Amended Complaint to reassert alleged infringement of the '185 Patent as a First Cause of Action. Dkt. 58 at ¶¶ 70-92.[1]

B.  Issue To Be Decided

The issue to be decided is whether Whisker's Second Amended Complaint overcomes its initial failure to plausibly allege that Smarty Pear infringes the '185 Patent. For the reasons set out below, Defendants respectfully submit that Whisker still fails to plausibly suggest an entitlement to relief as to the '185 Patent. Accordingly, Defendants' motion to dismiss the First Cause of Action in Whisker's Second Amended Complaint should be granted with prejudice.

II. THE FULLY ASSEMBLED LEO'S LOO AND LEO'S LOO TOO PRODUCTS DO NOT LEAVE ANY PORTION OF THE REAR OUTSIDE WALL OF THE CHAMBER UNCOVERED

For sake of brevity and to avoid burdening the Court with unnecessary background, this motion assumes the Court's familiarity with the factual allegations in the Second Amended Complaint, the relevant legal standards, and the prior arguments made by the parties regarding the '185 Patent in their briefing on Defendants' motion to dismiss the Amended Complaint.

A.  Whisker's Second Amended Complaint And Exhibits Conclusively Demonstrate That The Accused Products Do Not Include A "Bonnet" As Claimed

Whisker's First Cause of Action in the Second Amended Complaint accuses Smarty Pear of infringing U.S. Patent No. 9,433,185 ("the '185 Patent"). Dkt. 58 at ¶¶70-92. The '185 Patent includes two independent claims, Claims 1 and 13. Ex. 1 at 29:36-32:20.[2] Whisker alleges

---

[1] Whisker did not reassert alleged infringement of the '889 Patent in its Second Amended Complaint.
[2] References to Exhibits to the Second Amended Complaint (Dkt. 58) are to the Exhibit Number (e.g., Ex. 1, Ex. 2, etc.), which were filed as separate ECF filings under Dkt. 58-1 through 58-6. References to the specification of asserted patent (Dkt. 58-1, Ex. 1) is by column number and line number.

infringement of Claim 1 in its Second Amended Complaint and an attached claim chart (Ex. 3), but does not allege infringement of Claim 13. See Dkt. 58 at ¶¶70-92; Dkt. 58-3, Ex. 3 at pp. 1-24 (charting only claims 1, 3, 4, 6, 7, and 11).

As with Whisker's Amended Complaint, its Second Amended Complaint still fails to plausibly allege that the accused products include a "bonnet" as claimed by the '185 Patent. As claimed, the "bonnet. . . extends over the portion of the chamber so that a . . . rear of the outside wall of the chamber remain[s] uncovered by the bonnet[.]" Dkt. 58-1, Ex. 1 at 29:58-62.[3] According to Whisker's Second Amended Complaint and claim chart, the "bonnet" of the accused products[4] is the upper-most housing portion, while the "chamber" of the accused products is the oval-shaped component between the "bonnet" and the housing support base. See Dkt. 58 at ¶84 (identifying the oval component as the "chamber"); Dkt. 58-3, Ex. 3 at pp. 12-15 (identifying the upper housing component as the purported "bonnet"). It is not plausible that the purported bonnet in the Smarty Pear products "...extends over the portion of the chamber so that a . . . rear of the outside wall of the chamber remain[s] uncovered by the bonnet[.]" That the rear of the outside wall of the purported chamber, the portion over which the alleged bonnet extends, is in fact entirely covered by the purported bonnet is conclusively demonstrated by a plethora of images of the assembled Smarty Pear products depicted throughout Whisker's Complaint and claim chart. See Dkt. 58 at ¶¶34, 45, 52, 74, 77, 78, 79, 81, 84, (similar); Dkt. 58-3, Ex. 3 at pp. 1, 2, 3, 4, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 23, 24 (similar).

---

[3] Notably, the claimed bonnet is "band-shaped". Although not directly at issue here, this emphasizes the fact that the Smarty Pear component that Whisker refers to as a "bonnet" is in fact a conventional cover that performs the core function of covering the entire chamber except for the front entry point.

[4] Although two products – Leo's Loo and Leo's Loo Too – are accused of infringement, Whisker does not allege any material differences relevant to any of the patent issues in this motion.

Defendants' Motion To Dismiss
                                                                                             SA Complaint 1st Cause Of Action
                                                                                             Case No. 3:22-cv-04261-VC

In view of these images, it is not plausible to allege that the "rear of the outside wall of the chamber remain[s] uncovered by the bonnet" as required for claim 1. *See, e.g.*, *Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*, 2021 U.S. Dist. LEXIS 139224, *10 (N.D. Ga. July 23, 2021) (holding that "the exhibit controls" over "more general allegations" where it "directly refutes these allegations"); *Bartonfalls LLC v. Turner Broad. Sys., Inc.*, 2017 U.S. Dist. LEXIS 55068, *8 (E.D. Tex. Mar. 15, 2017) (adopted at 2017 U.S. Dist. LEXIS 54233) (concluding that "plaintiff's infringement allegations are implausible on their face" in view of "plain and ordinary meaning" of claim term).

Whisker's Second Amended Complaint introduces a new theory as to how the limitations of the claimed "bonnet" are supposedly met in the Smarty Pear products. Dkt. 58 at ¶ 84. Whisker argues that because a "portion of the rear of the chamber is covered by the support base, *not* by the bonnet", the claimed requirement that "a rear of the outside wall of the chamber remain uncovered by the bonnet" is met. This argument is pure sophistry. As required by the claim, there is "a chamber, located **on** the support base (emphasis added)" and the bonnet attaches to the support base. That a portion of the chamber is located "on" the support base, even a rear part of the chamber, does not change the fact that the bonnet covers the entirety of the rear of the chamber.

For example, in yet another set of disassembled images, Whisker shows a blue colored purported bonnet of the Leo's Loo and Leo's Loo Too over the purported chamber:



(Dkt. 58-3, p. 14)

But even in these disassembled images, because of the orientation of the components with the purported bonnet above the purported chamber, the entirety of the rear of the chamber (even those below the physical bonnet) is "covered" by the bonnet, which sits above the entirety of the rear of the chamber. This is even more clear when the components of the Leo's Loo and Leo's Loo Too are assembled.



(Dkt. 58-3, p. 1)

The plain and ordinary meaning of the claim language in the '185 Patent requires that a rear of the outside wall of the chamber, over which the bonnet extends, remains uncovered by the bonnet.[5] In other words, the claimed bonnet only partially covers the outside wall of the chamber such that some portion of the chamber's rear wall remains uncovered.[6] Whisker's fallacious argument that the portion of the rear outside wall of the chamber, which is covered by the support base, nevertheless remains uncovered by the bonnet, is nothing more than semantic gamesmanship. According to Whisker's argument, even though the entirety of the outside wall of the chamber may be covered (i.e., no portion of the rear wall remains uncovered when the device is assembled), the claim is still infringed. Accepting this argument would essentially re-write the claims of the '185 patent by reading out the essential element requiring a rear of the outside wall of the chamber to remain uncovered by the bonnet. *See Wright Medical Tech. v. Osteonics Corp.*, 122 F.3d 1440, 1444 (Fed. Cir. 1997)(discussing the evisceration of claim terms).

Because Whisker's Second Amended Complaint and claim chart conclusively demonstrate that it cannot prove infringement of a key element of any asserted independent claim, all claims related to the '185 Patent must be dismissed.[7] *See, e.g.*, *Minnesota Min. Mfg.*

---

[5] Whisker apparently recognized this was the plain meaning of the claim language because in the claim chart submitted to support the allegations of its Amended Complaint, Whisker presented pictures of Smarty Pear's product disassembled attempting to show that the upper housing portion no longer "covers" the rear of the outside wall of the purported chamber. Dkt. 25-1, Ex. 4 at p. 16.

[6] As is depicted in FIGS. 2, 3A, 3B, 4, and 7 of the '185 Patent, the bonnet 80 of the '185 Patent does not cover the rear of the chamber 20. Dkt. 58-1, Ex. 1. Indeed, the '185 Patent does not contain any example or figures illustrating an embodiment where the entire rear of the outside wall of the chamber is covered when the bonnet is attached to the support base.

[7] Other than in boilerplate in the Second Amended Complaint, Whisker fails to identify any purported equivalents. See Dkt. 58 at ¶¶ 71, 94; Dkt. 58-3, Ex. 3 (no equivalents for '185 Patent). *See Atlas IP, LLC v. JEA,* 2017 U.S. Dist. LEXIS 96577, *21 (N.D. Ill. June 21, 2017) (holding

*Co. v. Chemque, Inc.*, 303 F.3d 1294, 1300 (Fed. Cir. 2002) ( "The law is clear that if an independent claim . . . is not infringed, claims dependent on that independent claim . . . cannot be found to be infringed."); *Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed. Cir. 2017) (noting that "a finding of direct infringement is predicate to any finding of indirect infringement").

II.  CONCLUSION

For the foregoing reasons, Whisker's First Cause of Action in the Second Amended Complaint for alleged infringement of the '185 Patent should be dismissed with prejudice.

Dated: May 17, 2023                                 **MCCAULLEY LAW GROUP LLC**


By: */s/ Richard T. McCaulley*
RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

---

"there is no claim for infringement under the doctrine of equivalents" where, the patent owner "points to no equivalent that might satisfy any of the above described Limitations"); *Digital Landscape Inc. v. Maui Jim USA, Inc.*, 2022 U.S. Dist. LEXIS 29791, *16 (C.D. Ill. Feb. 18, 2022) (similar holding).