COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

ERIK MILCH [*Pro hac vice*]
(emilch@cooley.com)
11951 Freedom Drive, 14th Floor
Reston, VA 20190
Telephone: (703) 456-8573
Facsimile: (703) 456-8100

*[Full Listing on Signature Page]*

Attorneys for Plaintiff
Automated Pet Care Products, LLC d/b/a Whisker

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>Defendants. | Case No. 3:22-cv-04261-VC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AS TO 1ST CAUSE OF ACTION**<br><br>Hearing Date: June 29, 2023<br>Time: 10:00 am<br>Location: Courtroom 4, 17th Floor<br><br>Trial Date: Not yet set<br>Date Action Filed: July 22, 2022 |

**TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ..................................................................................... 1
II. ARGUMENT ............................................................................................................. 1
    A. Whisker's Allegation is Well-Pled and Plausible ..................................... 2
    B. Defendants' Premature Claim Construction Arguments Are Conclusory and Unsupported ........................................................................................ 5
III. CONCLUSION ....................................................................................................... 10

COOLEY LLP
ATTORNEYS AT LAW

**PLAINTIFF'S OPP. TO MOT. TO DISMISS SAC**
**Case No. 3:22-cv-04261-VC**

**Cases**

*American Automobile Assocation, Inc. v. Darba Enterprises Inc.*,
No. C 09-00510, 2009 WL 1542704 (N.D. Cal. June 2, 2009) .............................................. 10

*Aperture Net LLC v. Opengear, Inc.*,
No. 20-cv-03613, 2020 WL 11401699 (N.D. Cal. Dec. 10, 2020) ........................................... 2

*Bartonfalls LLC v. Turner Broadcasting Systems, Inc.*,
No. 2:16-cv-1127, 2017 WL 1375205 (E.D. Tex. Mar. 15, 2017) ............................................ 9

*Bush v. Liberty Life Assurance Company of Boston*,
130 F. Supp. 3d 1320 (N.D. Cal. 2015) ..................................................................... 9

*CCS Fitness, Inc. v. Brunswick Corp.*,
288 F.3d 1359 (Fed. Cir. 2002) ............................................................................. 5

*Comark Communications, Inc. v. Harris Corp.*,
156 F.3d 1182 (Fed. Cir. 1998) ............................................................................ 7

*Core Optical Technologies, LLC v. Juniper Networks Inc.*,
562 F. Supp. 3d 376 (N.D. Cal. 2021) ....................................................................... 5

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
888 F.3d 1256 (Fed. Cir. 2018) ........................................................................ 2, 5

*Fujitsu Ltd. v. Belkin International, Inc.*,
782 F. Supp. 2d 868 (N.D. Cal. 2011) ...................................................................... 8

*Gart v. Logitech, Inc.*,
254 F.3d 1334 (Fed. Cir. 2001) ............................................................................ 7

*Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*,
65 F.4th 667 (Fed. Cir. 2023) .............................................................................. 9

*Jackson v. Carey*,
353 F.3d 750 (9th Cir. 2003) .............................................................................. 10

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
358 F.3d 898 (Fed. Cir. 2004) ............................................................................. 7

*Lifetime Industries, Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017) ............................................................................ 5

*Morongo Band of Mission Indians v. Rose*,
893 F.2d 1074 (9th Cir. 1990) ............................................................................ 10

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) .......................................................................................... 1, 8

*Northpeak Wireless, LLC v. 3Com Corp.*,
   No. 09-cv-00602, 2015 Wl 5117020 (N.D. Cal. Aug. 28, 2015) ............................................ 7

*Northpeak Wireless, LLC v. 3Com Corp.*,
   674 F. App'x 982 (Fed. Cir. 2016) ........................................................................................ 7

*Renishaw PLC v. Marposs Societa' per Azioni*,
   158 F.3d 1243 (Fed. Cir. 1998) ............................................................................................. 5

*Rhine v. Casio, Inc.*,
   183 F.3d 1342 (Fed. Cir. 1999) ............................................................................................. 7

*R.N. Nehushtan Trust Ltd. v. Apple Inc.*,
   No. 22-cv-01832, 2022 WL 2479837 (N.D. Cal. July 6, 2022) ............................................ 8

*Teleflex, Inc. v. Ficosa North America Corp.*,
   299 F.3d 1313 (Fed. Cir. 2002) ............................................................................................. 6

*Uniloc USA, Inc. v. Apple Inc.*,
   No. C 18-00359, 2018 WL 2047553 (N.D. Cal. May 2, 2018) ............................................. 8

*VTT Technical Research Centre of Finland Ltd. v. SiTime Corporation*,
   No. 19-cv-01174, 2019 WL 2503658 (N.D. Cal. June 17, 2019) .......................................... 1

**Other Authorities**

Fed. R. Civ. P.

    12(b)(6) ............................................................................................................................ 1, 8
    12(g)(2) ................................................................................................................................. 9

Plaintiff Automated Pet Care Products, LLC d/b/a Whisker ("Whisker") files the following Opposition to Defendants PurLife Brands, Inc. d/b/a Smarty Pear's and Chris Madeiras' (collectively, "Defendants") Motion to Dismiss Whisker's Second Amended Complaint ("SAC") (Dkt. 69 (hereinafter "Motion")) as to the First Cause of Action. Defendants' Motion relies on claim construction arguments that are premature and incorrect on their face. Defendants fully comprehend and are on notice of Whisker's allegations, and are now inappropriately using a motion to dismiss to launch a wholesale attack on the merits. Their Motion should be denied on this basis alone. *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (the "plausibility standard 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support plaintiff's allegations.") (citation omitted); *VTT Tech. Rsch. Centre of Finland Ltd. v. SiTime Corp.*, No. 19-cv-01174, 2019 WL 2503658, at *1-*2 (N.D. Cal. June 17, 2019) ("motion prematurely attacks the merits of plaintiff's claims which, at a minimum, counsel should understand is not appropriate for a Rule 12 motion.").

## I. FACTUAL BACKGROUND

Defendants moved to dismiss on October 12, 2022. (Dkt. 29 ("Original Motion").) The Court dismissed Count 1 with leave to amend on April 21, 2023. (Dkt. 56 at 1.) Whisker filed its SAC on May 3, 2023 (Dkt. 58), setting forth its revised infringement allegations regarding the '185 Patent in over 10 pages of the 50-page complaint and a claim chart (Dkt. 58-3) totaling 24 pages (7 of which are dedicated to the bonnet limitation at issue). Following the Case Management Conference and Court's acceptance of the proposed schedule, Defendants filed their renewed Motion on May 17, 2023, fully aware that they would soon be receiving Whisker's detailed infringement contentions a mere 8 days later.

## II. ARGUMENT

Whisker's SAC and '185 claim chart go above and beyond the pleading standard, providing detailed analysis, explanation, and graphic depiction regarding Defendants' infringement. Separate and aside from Defendants' misuse of the Motion, Whisker's SAC satisfies Rule 12(b)(6). Indeed, Defendants' Motion confirms their understanding of Whisker's allegations and thus their

plausibility.  For example, Defendants accurately describe Whisker's argument "that the portion of the rear outside wall of the chamber, which is covered by the support base, nevertheless remains uncovered by the bonnet," even as they try to dismiss it as a "fallacious argument" and "semantic gamesmanship."  (Mot. at 6; *see also id.* at 4.)  Defendants' Motion falls flat, premised on their flawed and premature construction of the bonnet limitation.  Defendants mere *disagreement* of Whisker's allegation is not a basis for dismissal.

Whisker maintains there is no pleading deficiency, and is confident that its recently served infringement contentions would resolve any potential concerns that the Court might have.

### A. Whisker's SAC is Well-Pled

Whisker's allegation regarding the bonnet limitation is consistent with the claim language as written and pleads facts from which it can be plausibly inferred that the accused products perform each element of every Asserted Claim.  Indeed, the claim chart (Dkt. 58-3 ("'185 Claim Chart")) accompanying Whisker's SAC further supports the inappropriateness of Defendants' Motion.  *See Aperture Net LLC v. Opengear, Inc.*, No. 20-cv-03613, 2020 WL 11401699, at *3 (N.D. Cal. Dec. 10, 2020) (motion to dismiss is not "the appropriate time for the Court to evaluate the sufficiency of the proffered claim charts as infringement contentions in satisfaction of Patent Local Rule 3-1.").  Whisker's SAC and '185 Claim Chart exceed the pleading requirements for a patent infringement complaint.  (*See* SAC, ¶¶70-92 and '185 Claim Chart (setting forth each element of the representative claims, making specific factual allegations regarding how each element is met by the accused devices, and providing factual support for these allegations); *see also Aperture*, 2020 WL 11401699, at *3 (infringement charts provided with a complaint are "sufficient to give Defendants fair notice of the infringement claims and the grounds on which they are brought, which is all that is required to meet the *Iqbal* and *Twombly* plausibility standards." (citing *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018))).)

While Whisker maintains that claim construction is improper at this juncture, Whisker's construction of the relevant claim limitation is in-line with its plain and ordinary meaning, whereas Defendants' constructions are unavailing.  The claim language at issue states that a "bonnet . . . extends over the portion of the chamber so that a front and a rear of the outside wall of the chamber

remain uncovered by the bonnet[.]" ('185 Patent, 29:58-62.) Applying plain and ordinary meaning and reading the claim language as written, the limitation only requires that the bonnet (1) extends over a portion of the chamber, and (2) does not cover a front and a rear of the exterior of the chamber. It does not require that a front and a rear of the outside wall of the chamber must "remain uncovered" by all of the device's other components—only uncovered **"by the bonnet**." In addition to devoting over 35 pages to spelling out its infringement allegations regarding the '185 Patent (consisting of over 100 images and extensive explanation in the SAC and '185 Claim Chart) Whisker provides the below annotated images that further illustrate from a profile perspective, with the accused products fully assembled, (1) all of the portions of the chamber that the bonnet does not cover and (2) the rear portion of the chamber that the bonnet does not cover.[1]

///

///

///

---

[1] The images below are color-coded versions of images included in the SAC and '185 Claim Chart. (*See* SAC, ¶ 77; '185 Claim Chart at 7, 9, 21-23.)

| Leo's Loo[2] | Leo's Loo Too[3] |
|---|---|
|  |  |
| The above image illustrates the portions of the chamber (i.e., a front and a rear) (annotated in green) that the bonnet does not cover. | The above image illustrates the portions of the chamber (i.e., a front and a rear) (annotated in green) that the bonnet does not cover. |
|  |  |
| The above image illustrates that the bonnet does not cover a rear portion of the chamber. | The above image illustrates that the bonnet does not cover a rear portion of the chamber. |

Whisker's SAC and '185 Claim Chart provide substantive explanations and detailed annotated illustrations demonstrating how the accused products meet this limitation. (SAC, ¶¶81-86; '185 Claim Chart, at 12-19.)

The limitation at-issue does not require a front and a rear of the exterior of the chamber be fully uncovered (i.e., that neither the bonnet nor the base can cover a front and a rear of the exterior of the chamber). And the specification and claims fully support Whisker's understanding of the claim language. ('185 Patent, Fig. 8, 3:47-48 ("illustrates an exploded view of one possible

---

[2] Image of Leo's Loo, https://smartypear.com/products/leo-s-loo.
[3] Image of Leo's Loo Too, https://smartypear.com/products/leo-s-loo-too.

bonnet"), 21:8-20 ("Preferably, the bonnet covers both the track and the waste opening at all times so that a pinch condition is not created when the chamber rotates."), 22:3-15.)

Whisker's allegation goes above and beyond the pleading standard necessary to allege patent infringement.[4] *Disc Disease*, 888 F.3d at 1260 (pleading standard satisfied where patentee identified accused products, attached photos of such products, and alleged generally that the products met each and every element of at least one claim of the patent either literally or equivalently); *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (infringement allegation pleading who, where, when, and why was sufficient); *Core Optical Techs., LLC v. Juniper Networks Inc.*, 562 F. Supp. 3d 376, 381-82 (N.D. Cal. 2021) (general direct and indirect infringement allegations without factual support satisfied pleading standard).

### B. Defendants' Premature Claim Construction Arguments Are Conclusory and Unsupported

Against Whisker's plausible allegation, Defendants resort to contradictory and inconsistent arguments that distort the language of the claims and Whisker's allegation. They are unavailing in any case.

First, Defendants assert that the claim requires only that the "rear of the outside wall of the chamber remain uncovered," strategically shortening the claim language to exclude the last portion: "**by the bonnet**." This is used to support their argument that, as displayed in Whisker's SAC and '185 Claim Chart, the "fully assembled Leo's Loo and Leo's Loo Too products do not leave any portion of the rear outside wall of the chamber uncovered." (Mot. at 2.)

There are two basic defects with this argument. First, as noted above, it is essentially a claim construction argument. Defendants' reading contravenes numerous canons of claim construction, including deference to plain and ordinary meaning and giving meaning/effect to every word in a claim. *See Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir. 1998) (claim construction "begins and ends" with the actual words of the claims); *CCS Fitness,*

---

[4] Contrary to Defendants' argument, Whisker's SAC did not "introduce[] a new theory as to how the limitations of the claimed 'bonnet' are supposedly met in the Smarty Pear products." (Mot. at 4.) Rather, Whisker provided detail normally reserved for infringement contentions to clear up any potential ambiguity or points of confusion.

*Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002) (terms in claims bear heavy presumption that they mean what they say and have ordinary meaning attributed to words by a POSA); *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002) (same). Contrary to Defendants' construction, nowhere in the specification or claims of the '185 Patent is there additional narrowing language indicating that the portions of the chamber not covered by the bonnet need be covered or uncovered by another component. Neither the limitation nor intrinsic evidence imply or require that the rear portion of the chamber be completely exposed (i.e., uncovered)—the requirement that **the bonnet** not cover the rear portion leaves open the possibility that some other covering may cover that portion of the chamber. Because the claim only requires that a front and a rear of the chamber be uncovered "by the bonnet," it is immaterial whether the fully assembled products leave the entire rear of the chamber uncovered.[5]

Second, Defendants' argument is not supported by Whisker's SAC and '185 Claim Chart. For example, Defendants provide a lengthy string cite to Whisker's SAC and '185 Claim Chart to "conclusively demonstrate[]" that the chamber is entirely covered by the bonnet without any further explanation. (Mot. at 3.) In fact, Whisker's SAC and '185 Claim Chart, particularly the images cited by Defendants, offer substantive explanations to the contrary, describing and illustrating the opposite—that the front and rear of the chamber are **not** entirely covered by the bonnet. (SAC, ¶¶81-84; '185 Claim Chart at 13-16.)

The remaining arguments are variations on this theme. Despite asserting they are keeping with the plain and ordinary meaning of the limitation, Defendants take a grammatical hacksaw to the claim:

~~a bonnet, ... extends over a portion of the chamber so that a front and~~ a rear of the outside wall of the chamber ~~remain~~, over which the bonnet extends, remains uncovered by the bonnet

(*Compare* Mot. at 6 ("a rear of the outside wall of the chamber, over which the bonnet extends, remains uncovered by the bonnet.") *with* '185 Patent, 29:58-62 ("a bonnet, … extends over the portion of the chamber so that a front and a rear of the outside wall of the chamber remain uncovered

---

[5] Defendants mischaracterize Whisker's FAC allegations (Mot. at 6 n.5)—at no point in time did Whisker allege, assert, or believe that the accused products infringed when disassembled. Defendants misconstrued, intentionally or otherwise, Whisker's use of exploded or disassembled views of the accused products, which were included for clarity to depict as much of a particular component as possible as well as its relationship to other components.

by the bonnet").) Defendants entirely rewrite/reorganize the claim language, obfuscating its meaning in support of their position. But such an interpretation is not supported by the '185 Patent and, in fact, is contradictory.[6] The patent does not require that the rear of the chamber to be both covered and uncovered by the bonnet at the same time, which would be contradictory.[7] By comparison, Whisker's treatment of the limitation is in keeping with plain and ordinary meaning: a bonnet that "extends over the portion of the chamber so that a … rear of the outside wall of the chamber remain[s] uncovered by the bonnet."

Going full circle, Defendants return to their erroneous reading of the limitation that requires the portion of the rear of the chamber that is uncovered *remain uncovered by anything*, not just the bonnet. (Mot. at 6 ("the claimed bonnet only partially covers the outside wall of the chamber such that some portion of the chamber's rear wall remains uncovered.").) Defendants' reading is entirely unsupported—the claim language only mentions a lack of coverage by the bonnet.[8] And Defendants' reliance on 5 figures in the '185 Patent to support a requirement that "uncovered by the bonnet" requires complete absence of coverage of that rear portion of the chamber is an impermissible attempt to narrow the plain and ordinary meaning of the claim.[9] Moreover,

---

[6] To the extent Defendants are suggesting the claim language is contradictory, such construction is directly at odds with the principle that claims should be construed to uphold their validity. *Rhine v. Casio, Inc.*, 183 F.3d 1342, 1345 (Fed. Cir. 1999); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 911 (Fed. Cir. 2004).

[7] If the bonnet extends over a rear portion of the chamber, the chamber would be covered by the bonnet at that rear portion.

[8] No intrinsic evidence supports Defendants' reading, but to the extent Defendants argue the specification does, their reading of limitations into the claims from the specification is improper. *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186-87 (Fed. Cir. 1998) ("fine line between [properly] reading a claim in light of the specification, and [improperly] reading a limitation into the claim from the specification.").

[9] "While claims must be read in light of the specification, it is 'improper[] [to] add a limitation appearing in the specification and the drawings, but not appearing in the unambiguous language of the claim.'" *Northpeak Wireless, LLC v. 3Com Corp.*, No. 9-cv-00602, 2015 WL 5117020, at *12 (N.D. Cal. Aug. 28, 2015) (citing *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1343 (Fed. Cir. 2001)), *aff'd*, 674 F. App'x 982 (Fed. Cir. 2016). Further, Defendants cherry-pick statements from the specification and figures, ignoring that these are examples of embodiments of the invention, and therefore do not limit the broader claim language. For example, Defendants cite to Figs. 2, 3A, 3B, and 4 (Mot. at 6 n.6) which all refer back to and incorporate Fig. 1 which illustrates "a front view of **one possible** litter device[.]" ('185 Patent, 3:36 (emphasis added).)

Defendants' arguments are further evidence of their pattern of inappropriately using a 12(b)(6) Motion to argue noninfringement, claim construction, and summary judgement positions.

Defendants also argue incoherently that "the entirety of the rear of the chamber (even those below the physical bonnet) is 'covered' by the bonnet, which sits above the entirety of the rear of the chamber." (Mot. at 5.) To the extent Plaintiff follows this point, Defendants appear to argue—and in doing so, contradict their first argument—that the bonnet covers the entirety of the rear of the chamber after all (i.e., like a roof covers a house). Regardless, Defendants' argument is unsupported by and at odds with the intrinsic record.[10] The clear issues of claim construction between the Parties further necessitate denial of the Motion. *See, e.g., Nalco*, 883 F.3d at 1349 (claim construction disputes are "not suitable for resolution on a motion to dismiss"); *Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00359, 2018 WL 2047553, at *3-4 (N.D. Cal. May 2, 2018) (claim construction dispute precluded dismissal); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 889-90 (N.D. Cal. 2011) (improper to initiate claim construction); *R.N. Nehushtan Trust Ltd. v. Apple Inc.*, No. 22-cv-01832, 2022 WL 2479837, at *4 (N.D. Cal. July 6, 2022) ("Whether these elements are in fact met will depend on the construction of the claims at issue and any evidence that the parties ultimately proffer. That will occur at a later stage of litigation.").

That Defendants fully comprehend Whisker's allegation is undeniable in light of their Motion and ability to argue and engage on the merits of Count 1, putting forth noninfringement and claim construction arguments in full. Indeed, Defendants repeatedly expressed a concern with and

---

[10] And Defendants' argument ignores the canon of claim construction that different words in claims should be given different meanings, essentially equating the terms "extend over" and "cover" despite the fact that different words were used. Extends as it appears in the specification and claims describes the non-physical type of coverage Defendants ascribe to cover. (*See, e.g.*, '185 Patent, 15:38-41 ("The entry opening plane may extend along the entry opening (e.g., along a surface that extends from the top of the entry opening to the bottom of the entry opening)."), 15:56-58 ("More preferably, a primary axis of the opening extends substantially in the direction of the vertical plane."), 16:36-40, 23:8-10, 24:45-48.) By contrast, cover in the specification describes a traditional casing. (*See, e.g.*, '185 Patent, 5:11-13 ("The control panel may include one main covering over all of the buttons so that any liquids and/or solids do not damage the controls."), 5:25-27 ("The one or more components may include a cover that seals and/or substantially seals the electronic components in the one or more compartments."), 5:39-41 ("The port may extend through a cover, a wall, a base portion, a gap, or a combination thereof in the support base."), 15:5-7 ("Preferably, the chamber includes a liner that covers the chamber and the liner directly contacts the chamber."), 18:43-47, 25:17-20 ("The shield 50 is attached to the chamber 20 via a retainer 52 that is covered by a holder cover 60 on the outside of the chamber 20.").)

desire to remove the '185 Patent from this litigation, voicing their belief that the '185 Patent should not be asserted and indicating they might move to dismiss again well before receipt of the SAC and consideration of Whisker's allegations, and mentioning their concern several times during the Case Management Conference. (*See e.g.*, Email from Counsel for Defendants Re Joint Discovery Letter, dated May 2, 2023 ("Whisker has been trying to assert the '185 patent for years, and failing on the same basis"); Dkt. 71 (CMC Hr'g Tr.) at 6:11-14 ("The '185 Patent that was reasserted we feel doesn't -- it doesn't solve the problems identified by the Court's order, so we intend to move to dismiss that claim again for the same reasons…"); 11:17-12:2 ("We'd like to get those allegations out of the complaint….").) Defendants' mere *belief* that the accused products do not infringe the '185 Patent and that Whisker's allegation will fail is not a basis for a motion to dismiss.

Defendants also copied verbatim sentences, case law, and arguments from their Original Motion, suggesting they did not meaningfully engage with Whisker's SAC and '185 Claim Chart. (*Compare* Original Mot. at 1-4 *with* Mot. at 2, 4, 6-7.) Defendants word-for-word rehashing of and citation to case law from their Original Motion is similarly unavailing. Again, they cite an out-of-circuit District Court case dismissing a complaint based on seeming contradictions in an exhibit, but ignore that the Federal Circuit *reversed* the decision and found the allegations sufficient. *See Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*, 65 F.4th 667, 672-675 (Fed. Cir. 2023) (allegations sufficient despite exhibit contradicting pleading, noting the exhibit was a self-report by defendants). Defendants' repeated citation to *Bartonfalls LLC v. Turner Broadcasting Systems, Inc.* is also misplaced. No. 2:16-cv-1127, 2017 WL 1375205, at *2 (E.D. Tex. Mar. 15, 2017) (claims, specification, court's experience, and common sense all weighed against treating a URL as a "TV channel"). Whisker's allegations do not necessitate an apples to oranges construction that is implausible on its face; this is a dispute over degree, not kind.

Defendants were seemingly going to move to dismiss regardless of the content or quality of Whisker's SAC simply because they *disagree* with Count 1.[11] In fact, Defendants ignore Whisker's

---

[11] Defendants' misuse of this Motion is further compounded by their use of footnotes as a vehicle to raise arguments they could have, but failed to, raise in their initial Motion. (*See, e.g.*, Mot. at nn.3-5, n.7.) Defendants have waived all such arguments. Fed. R. Civ. P. 12(g)(2); *see also Bush v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1325-26 (N.D. Cal. 2015) (declining

meticulous revisions and annotations in the SAC and '185 Claim Chart which unambiguously lay out Whisker's infringement allegation. (*See* SAC ¶¶ 74, 81, 84; '185 Claim Chart at 12-16.) Ultimately, disagreement is not a basis for a motion to dismiss, and plausibility is not subjective. Defendants' kitchen-sink approach to try to knock the '185 Patent out of this litigation demonstrates that their Motion is nothing more than a premature motion for summary judgment. As such it must be denied.

### III. CONCLUSION

For the above reasons, Whisker respectfully requests that Defendants' Motion be denied in its entirety. If the Court is inclined to grant the Motion, Whisker respectfully requests permission to amend the complaint to address any issues identified by the Court. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (policy favoring leave to amend with "extreme liberality"); *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (preference for granting leave to amend unless clear deficiencies cannot be cured in complaint).

Dated: May 31, 2023

COOLEY LLP

By: /s/ Bobby A. Ghajar
Bobby A. Ghajar
Erik Milch
Ari Lipsitz
Allison Elkman

*Attorneys for Plaintiff*
Automated Pet Care Products, LLC d/b/a Whisker

*[Full Counsel List]*

ARI LIPSITZ *[Pro hac vice]*
(alipsitz@cooley.com)
55 Hudson Yards
New York, NY 10001
Telephone:    (212) 479-6692
Facsimile:    (212) 479-6275

ALLISON ELKMAN *[Pro hac vice]*
(aelkman@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone:    (202) 776-2196
Facsimile:    (202) 842-7899

Attorneys for Plaintiff
Automated Pet Care Products, LLC d/b/a Whisker

---

to consider grounds for dismissal that could have properly been raised in original motion to dismiss); *Am. Auto. Ass'n, Inc. v. Darba Enters. Inc.*, No. C 09-00510, 2009 WL 1542704, at *1 (N.D. Cal. June 2, 2009).

COOLEY LLP
ATTORNEYS AT LAW

- 10 -

PLAINTIFF'S OPP. TO MOT. TO DISMISS SAC
Case No. 3:22-cv-04261-VC