MCCAULLEY LAW GROUP LLC

JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (pro hac vice)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

Attorneys for Defendants,

PURLIFE BRANDS, INC., d/b/a SMARTY PEAR,
and CHRIS MADEIRAS

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>   Plaintiff, Counter-Claim Defendant,<br><br> v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual, | Case No. 3:22-cv-04261-VC<br><br>Defendants' Reply In Support of Their Motion To Dismiss Second Amended Complaint As To 1st Cause of Action: '185 Patent<br><br>Hearing: June 28, 2023<br>Time: 1:00 PM<br>Courtroom: 4-17th Floor<br><br>Honorable Vince Chhabria<br><br>Second Amended Complaint Filed: May 23, 2023 |

# TABLE OF CONTENTS

**Page**

Table of Authorities ………………………………………………………………… ii

I. INTRODUCTION …………………………………………………………….. 1

II. ARGUMENT…....……………………………………………………….…… 2

    A. Whisker's Attached Claim Charts Have Twice Relied on Disassembled ………. 2
       Images of the Bonnet to Demonstrate Infringement of '185 Patent

    B. Smarty Pear and Whisker Agree – The Entirety of "The Rear Of The ………….. 3
       Outside Wall Of The Chamber" Is Covered When The Accused Products Are
       Assembled

    C. The Claim Language of the '185 Patent Requires an Assembled Product………. 5
       in Which the "The Rear Of The Outside Wall Of The Chamber **Remain[s]**
       Uncovered By The Bonnet"

    D. A "Rear Of The Outside Wall Of The Chamber" that Is Entirely Covered …..…. 6
       When Assembled, Does Not "Remain Uncovered" When The Bonnet Is
       Attached to the Support Base

III. CONCLUSION…....……………………………………………………….…… 9

# TABLE OF AUTHORITIES

*ALD Soc., LLC v. Verkada, Inc.*, No. 23-cv-00049-JSC,
   2023 U.S. Dist. LEXIS 20504 (N.D. Cal. Feb. 7, 2023) ....................................................... 7

*Anderson v. the Hain Celestial Group, Inc.*,
   87 F. Supp. 3d 1226 (N.D. Cal. 2015) ............................................................................... 4

*Aperture Net LLC v. Opengear, Inc.*, No. 20-cv-03613-SVK,
   2020 U.S. Dist. LEXIS 259072 (N.D. Cal. Dec. 10, 2020) ................................................. 8

*Renishaw PLC v. Marposs Societa' Azioni*,
   158 F.3d 1243 (Fed. Cir. 1998) ........................................................................................ 8

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ........................................................................................... 8

*CCS Fitness, Inc. v. Brunswick Corp.*,
   288 F.3d 1359 (Fed. Cir. 2002) ..................................................................................... 8-9

*Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*,
   65 F.4th 667 (Fed. Cir. 2023) ........................................................................................... 7

*Wright Medical Tech. v. Osteonics Corp.*,
   122 F.3d 1440 (Fed. Cir. 1997) ........................................................................................ 9

I.    INTRODUCTION

Whisker opposes Smarty Pear's second motion to dismiss the '185 patent relying on the very same implausible claim construction that failed to persuade the Court it had pleaded a plausible claim for patent infringement in the previously dismissed First Amended Complaint. Nothing in Whisker's expanded opposition to Smarty Pear's dismissal motion "moves the needle" in its favor.  Whisker does not present any new evidence to support its position.  Whisker does not argue that the Court's prior rejection of its implausible claim construction constitutes clear error or that there was some intervening change in the controlling law.  Simply put, the Court correctly determined that Whisker's FAC failed to state a plausible claim for infringement of the '185 patent and nothing in Whisker's SAC or its opposition to the pending motion to dismiss converts Whisker's prior implausible infringement allegation into a plausible one.  Accordingly, Smarty Pear's motion to dismiss should be granted with prejudice.

The parties agree that the specific claim language of the '185 Patent at issue is the following: A "bonnet. . . extends over the portion of the chamber so that a . . . rear of the outside wall of the chamber remain[s] uncovered by the bonnet[.]" Dkt. 69 at p. 2; Dkt. 74 at p. 6; Dkt. 58-1 at Col. 29, Lns. 58-62.  The parties' principle disagreement, as discussed in more detail below, appears to be whether "a rear of the outside wall of the chamber remains uncovered by the bonnet" even though the rear side of the outside wall is entirely covered once the bonnet is "attached" to the "support base" supporting the chamber. *Compare* Dkt. 69 at pp. 4-6 *with* Dkt. 74 at pp. 2-8.  As discussed below, because "the rear of the outside wall of the chamber" is entirely covered when the "bonnet" of the accused products is attached to create an assembled product, the '185 Patent cannot possibly be infringed.

## II. ARGUMENT

A. <u>Whisker's Attached Claim Charts Have Twice Relied on Disassembled Images of the Bonnet to Demonstrate Infringement of '185 Patent</u>

As discussed in Smarty Pear's Motion, the Court previously dismissed Whisker's claim related to the '185 Patent, *inter alia*, because "Whisker's attempt at demonstrating that a portion of the rear of the chamber remains uncovered by the bonnet consists of pointing to photos in its claim chart disingenuously depicting disassembled Leo's Loo products." Dkt. 56, at p. 1. It is Smarty Pear's understanding is that the Court was referring to the following images from claim charts attached to Whisker's First Amended Complaint:


rear of outside wall of chamber uncovered


rear of outside wall of chamber uncovered

Dkt. 25-1, Exhibit 4 at p. 16 (red annotations from Whisker in claim chart).

Whisker's latest claim chart once again relies upon images of disassembled products – except this time, rather than the accused bonnet levitating above the accused support base, the accused support base is removed entirely:




Photograph of Leo's Loo          Photograph of Leo's Loo Too

Dkt. 58-3, p. 15; *see also* Dkt. 69 pp. 4-6 (discussing above disassembled images). In the above images, the green component is the accused chamber, the blue component is the accused bonnet, and the accused support base is not shown. Dkt. 58-3, pp. 14-15.

B.     <u>Smarty Pear and Whisker Agree – The Entirety of "The Rear Of The Outside Wall Of The Chamber" Is Covered When The Accused Products Are Assembled</u>

Smarty Pear's Motion summarized one of its understandings of Whisker's arguments in its SAC and claim charts as follows: "According to Whisker's argument, even though the entirety of the outside wall of the chamber may be covered (i.e., no portion of the rear wall remains uncovered when the device is assembled), the claim is still infringed." Dkt. 69 at p. 6. Thus, Smarty Pear summarized Whisker's SAC and claim chart as taking the position that a "portion of the rear outside wall of the chamber, which is covered by the support base, nevertheless remains uncovered by the bonnet[.]" *Id.* As Smarty Pear explained, this interpretation effectively "read[s] out the essential element requiring a rear of the outside wall of the chamber to remain uncovered by the bonnet[.]"[1] *Id.*

---

[1] Whisker argues that "Defendants also copied verbatim sentences, case law, and arguments from their Original Motion, suggesting they did not meaningfully engage with Whisker's SAC and '185

3
Defendants' Reply ISO MTD
SA Complaint 1st Cause Of Action
Case No. 3:22-cv-04261-VC

While Whisker disagrees with Smarty Pear's conclusion of non-infringement (discussed *infra*), Whisker does agree with this characterization of its own allegations. For example, Whisker argues that "[b]ecause the claim only requires that a front and a rear of the chamber be uncovered 'by the bonnet,' it is immaterial whether the fully assembled products leave the entire rear of the chamber uncovered." Dkt. 74 at p. 6. Whisker similarly contends that the claims "do[] not require that a front and a rear of the outside wall of the chamber must 'remain uncovered' by all of the device's other components—only uncovered 'by the bonnet.'" *Id.* at p. 3.

Whisker then creates new images not in its Amended Complaint or claim chart to purportedly show infringement.[2] As an initial matter, creating yet another infringement allegation at this stage is improper.[3] If Whisker had adequately pleaded these elements in its SAC or attached claim chart, it should include images from the SAC and claim chart, not create new images and annotations from whole cloth. In any event, even Whisker's new infringement allegations in its opposition show that the entirety of "the rear of the outside wall of the chamber" is covered when the product is assembled. Dkt. 74 at p. 4.

---

Claim Chart. (Compare Original Mot. at 1-4 with Mot. at 2, 4, 6-7.)" To the contrary, Smarty Pear cited to the SAC and claim chart, included images from the claim chart, and fully addressed Whisker's argument that the accused support base "covers" the rear of the chamber. The fact is that the SAC's allegations for the '185 Patent fail for the same reasons as the FAC – the images of the SAC and claim charts conclusively show claim elements are not embodied in the accused products, and Whisker's claim interpretations eviscerate the essential claim terms at issue.

[2] *Compare* Dkt. 58 at ¶ 77, Dkt. 58-3 at pp. 7, 9, and 21-23 (purported source of image in Whisker's opposition, as indicated at footnote 1, only showing profile views of products) *with* Dkt. 74 n. 1 and p. 4 (new annotations providing infringement allegations not provided in Second Amended Complaint or claim chart).

[3] Whisker is improperly relying on material from outside of the SAC. *See, e.g., Anderson v. the Hain Celestial Group, Inc.*, 87 F. Supp. 3d 1226, 1231 (N.D. Cal. 2015) ("When deciding whether to grant a motion to dismiss, the court generally 'may not consider any material beyond the pleadings'" other than "material submitted as part of the complaint or relied upon in the complaint" or "material subject to judicial notice" (internal citation omitted)).

C. <u>The Claim Language of the '185 Patent Requires an Assembled Product in Which the "The Rear Of The Outside Wall Of The Chamber **Remain[s]** Uncovered By The Bonnet"</u>

In short, the parties' dispute is whether it is plausible to conclude that an accused product in which the entirety of the rear of the chamber is covered, can nonetheless satisfy the claim's requirement of a "bonnet [that] . . . extends over the portion of the chamber so that a . . . rear of the outside wall of the chamber remain[s] uncovered by the bonnet" -- because a portion of the rear chamber is simultaneously "covered" (according to Whisker's allegations/interpretations) by the accused support base while being "uncovered" by the bonnet. The entirety of claim 1 is repeated below with the language at issue in **bold**, and related language <u>underlined</u>:

    1. A device comprising:

    (a) a support base;

    (b) <u>a chamber, located on the support base</u>, which includes:

        (i) an entry opening so that an animal can enter and exit the chamber;

        (ii) a screen and/or septum located at a back of the chamber, opposite the entry opening;

        (iii) a single axis of rotation that forms an angle of between about 80 degrees and about 55 degrees with a vertical plane;

        (iv) a track, which encircles an outside wall of the chamber and lies in one plane defining a track plane which forms an angle between about 10 degrees and 35 degrees with the vertical plane, for rotating the chamber around the single axis of rotation;

        (v) a single waste opening, located entirely on one side of the track plane in a wall of the chamber and on an opposite side of the track plane as the entry opening; and

        (vi) two chamber halves separated by the track plane;

    (c) **a bonnet**, which has a band-like shape and substantially a same contour as a portion of the outside wall of the chamber, **extends over the portion of the chamber so that** a front and **a rear of the outside wall of the chamber** <u>**remain**</u> **uncovered by the**

> **bonnet**, <u>is attached to the support base on two sides of the chamber</u>, and at least partially covers the track and the single waste opening so that during rotation of the chamber a pinch condition is prevented between the track, the single waste opening, or both and the support base;
>
> wherein during rotation of the chamber, the single axis of rotation funnels clumps, waste, or both towards and then out of the single waste opening.

Dkt. 58-1, at Col. 29, ln. 37 – Col. 30, ln 3.

D.  <u>A "Rear Of The Outside Wall Of The Chamber" that Is Entirely Covered When Assembled, Does Not "Remain Uncovered" When The Bonnet Is Attached to the Support Base</u>

As can be seen from the above claim language, the chamber is necessarily "located on the support base" and the bonnet "is attached to the support base on two sides of the chamber." *See* Dkt. 69 at p. 4.[4] With the claimed "attachment" of the bonnet to the support base, and with the claimed requirement of a "a chamber, located on the support base[,]" the "rear of the outside wall of the chamber **remain[s]** uncovered by the bonnet." *See* Dkt. 69 at p. 6.[5]

Whisker's argument thus reads the word "remains" out of claim 1. Put another way, even if one accepts Whisker's argument that the rear of the chamber is uncovered when an unassembled bonnet sits on top of the chamber as illustrated in the green and blue image *supra*, the language of the claim requires that the rear of the chamber "remains" uncovered by the bonnet when "attached" to the support base. In Smarty Pear's products, however, the rear outside wall of the chamber is covered entirely when attached. Whisker nonetheless argues that the claims permit an entirely

---

[4] "As required by the claim, there is 'a chamber, located **on** the support base (emphasis added)' and the bonnet attaches to the support base." Dkt. 69 at p. 4.

[5] "According to Whisker's argument, even though the entirety of the outside wall of the chamber may be covered (i.e., no portion of the rear wall remains uncovered when the device is assembled), the claim is still infringed. Accepting this argument would essentially re-write the claims of the '185 patent by reading out the essential element requiring "a rear of the outside wall of the chamber to remain uncovered by the bonnet." Dkt. 69 at p. 6.

covered rear of the chamber so long as portions of the rear of the chamber are only "covered" by components other than bonnet, such as the accused support base. Dkt. 74 at p. 4 ("The limitation at-issue does not require . . . a rear of the exterior of the chamber be fully uncovered (i.e., that neither the bonnet nor the base can cover . . . a rear of the exterior of the chamber).").

Contrary to Whisker's de facto rewriting of its patent claim, the actual wording claims a "chamber" already "located on the support base." Dkt. 58-1 at Col. 29, ln. 39. Thus, Whisker's argument that "the claim language only mentions a lack of coverage by the bonnet" (Dkt. 74 at p. 7) contradicts the plain meaning of the claim language. Taking Whisker's "support base" argument to its logical conclusion, that part of the outside wall of the "chamber" that is "located on the support base" is already "covered" by the support base, and thus the bonnet has no ability to completely "cover" the chamber no matter how it is shaped or attached. Thus, Smarty Pear is not asking the Court to engage in claim construction, but rather, to require a plausible allegation that a specific claim element is not eviscerated by Whisker's alleged constructions. Dkt. 69 at p. 4.[6] Because the claim recites a chamber already "covered" by the support base irrespective of whether the bonnet is "attached" or not, Whisker's application of the claim terms ignores the claim element requiring "a front and rear the rear of the outside wall of the chamber remains uncovered by the bonnet", rendering that language superfluous. *See ALD Soc., LLC v. Verkada, Inc.*, No. 23-

---

[6] Although the *Healthier Choices* case was overturned on other grounds, the Federal Circuit affirmed that "if a plaintiff's complaint contains only a conclusory allegation that is directly contradicted by more concrete statements in an attachment to the complaint, the statements in the attachment will control." *Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*, 65 F.4th 667, 674 (Fed. Cir. 2023). Here, there is no dispute that Whisker is relying on the more "concrete" allegations of its claim charts discussed in Smarty Pear's Motion. Dkt. 74 at p. 10 (discussing "meticulous revisions and annotations in the SAC and '185 Claim Chart which unambiguously lay out Whisker's infringement allegation"); *id.* at p.2 (arguing that "the claim chart (Dkt. 58-3 ("'185 Claim Chart")) accompanying Whisker's SAC further supports" its opposition).

cv-00049-JSC, 2023 U.S. Dist. LEXIS 20504, at *13 (N.D. Cal. Feb. 7, 2023) (holding that a patent Plaintiff "pleaded itself out of court" with detailed claim charts that "either pleads an implausible construction" or "a potentially plausible construction . . . inconsistent with infringement").

Whisker's cited cases are not to the contrary. First, Whisker admits that it is required to "pleads facts from which it can be plausibly inferred that the accused products perform each element of every Asserted Claim." Dkt. 74 at p. 2; *see, e.g., See also Aperture Net LLC v. Opengear, Inc.,* No. 20-cv-03613-SVK, 2020 U.S. Dist. LEXIS 259072, at *4-5 (N.D. Cal. Dec. 10, 2020) ("As a result, a direct infringement claim does not satisfy the standards of Twombly and Iqbal where it does not at least contain factual allegations that the accused product practices every element of at least one exemplary claim."). To the extent that Whisker is attempting to argue that element-by-element pleading is not required, there still "must be some factual allegations that, **when taken as true**, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (emphasis added). As discussed above, Whisker's "support base covers the rear of the chamber" argument is not plausible even when taken as true.

*CCS Fitness* and *Teleflex* both support dismissal,[7] since Whisker's argument that an entirely covered rear of the chamber satisfies claim 1 reads both "a chamber, located on the support base" and "a rear of the outside wall of the chamber remain uncovered by the bonnet" out of claim 1. As Whisker described *CCS Fitness*, "terms in claims bear heavy presumption that they mean

---

[7] *Renishaw* discusses claim construction of a disputed term, not allegations that, even taken as true, eviscerate patent terms entirely. *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243 (Fed. Cir. 1998).

what they say and have ordinary meaning attributed to words by a POSA [Person of Ordinary Skill in the Art]." *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002). Accepting Whisker's "covering" argument as correct, the "support base" already "covers" the "chamber" by virtue of "a chamber, located on the support base." There is simply no point, under Whisker's approach, for the claims to further require "a front and a rear of the outside wall of the chamber [to] *remain* uncovered by the bonnet" if they are already "covered" by the support base. *Wright Medical Tech. v. Osteonics Corp.*, 122 F.3d 1440, 1444 (Fed. Cir. 1997) (discussing the evisceration of claim terms).

## III. CONCLUSION

For the foregoing reasons, Whisker's First Cause of Action in the Second Amended Complaint for alleged infringement of the '185 Patent should be dismissed with prejudice.

Dated: June 7, 2023

**MCCAULLEY LAW GROUP LLC**

By: */s/ Richard T. McCaulley*
RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941