**MCCAULLEY LAW GROUP LLC**

JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (pro hac vice)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

Attorneys for Defendants, Counter-Claim Plaintiffs

PURLIFE BRANDS, INC., d/b/a SMARTY PEAR,
and CHRIS MADEIRAS

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>        Plaintiff, Counter-Claim Defendant,<br><br>v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>        Defendants, Counter-Claim Plaintiffs. | Case No. 3:22-cv-04261-VC<br><br>Defendants / Counter-Claim Plaintiffs' Opposition To Motion To Dismiss Counterclaims<br><br>Hearing: July 13, 2023<br>Time: 10:00 AM<br>Courtroom: 4-17th Floor<br>Judge: Hon. Vince Chhabria |

## TABLE OF CONTENTS

**Page**

Table of Authorities ……………………………………………………………… ii

I.     INTRODUCTION ……………………………………………………… 1

II.    LEGAL STANDARD …………………………………………………… 2

    A.    Legal Standard for Dismissal Under Rule 12(b)(6) ………………………… 2

    B.    Rule 9(b)'s Heightened Pleading Requirements…..………………………… 3

III.   ARGUMENT…..………………………………………………………..……4

    A.    Defendants State Plausible Defamation Claims (Counts Nine and Ten) …..……4

    B.    Defendants State Plausible Claims for Declaratory Judgment Of Non-Infringement and Invalidity Of The '502 Patent (Counts Seven and Eight)…. 6

    C.    Defendants State Plausible Claims For Tortious Interference With Contract (Count Five) & Intentional Interference With Prospective Economic Relations (Count Six) …………………………………………………….. ………8

    D.    Defendants State Plausible State-Law Counterclaims For False Advertising And Unfair Competition In Violation Of California Statutes And Common Law (Counts Two – Four)…………………………..……………………………10

    E.    Defendants State A Plausible Counterclaim For Violation Of The Lanham Act, 15 U.S.C. §1125 (Count One)…………..………………………………13

IV.   CONCLUSION…..………………………………………………………..…. 15

## TABLE OF AUTHORITIES

15 U.S.C. §1125 .................................................................................................. 13

Cal. Bus. & Prof. Code at §17500 ....................................................................... 10

Cal. Bus. & Prof. Code §17200 ........................................................................... 10

*23andMe, Inc. v. Ancestry.com DNA, LLC*,
    356 F. Supp. 3d 889 (N.D. Cal. 2018) ........................................................... 14

*AlterG, Inc. v. Boost Treadmills LLC, No. 18-cv-07568-EMC*,
    2019 U.S. Dist. LEXIS 151688 (N.D. Cal. Sept. 5, 2019) ............................... 9

*Am. Bullion, Inc. v. Regal Assets, LLC, No. CV 14-01873 DDP*,
    2014 U.S. Dist. LEXIS 96851 (C.D. Cal. July 15, 2014) ................................. 15

*Am. Soc'y of Anesthesiologists v. BevMD, LLC, No. 15-CV- 600-BAS*
    (JLB), 2016 WL 4257448 (S.D. Cal. Mar. 31, 2016) ..................................... 7-8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... 3

*Asustek Computer Inc. v. Aftg-TG LLC, NO. 5:CV 11-00192-EJD*,
    2011 U.S. Dist. LEXIS 149330 (N.D. Cal. Dec. 29, 2011) ............................. 7

*Baum v. J-B Weld Co., LLC, No. 19-cv-01718-EMC*,
    2019 U.S. Dist. LEXIS 216052 (N.D. Cal. Dec. 16, 2019) ............................. 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... 3

*Broadcom Corp. v. SiRF Tech., Inc., No. SACV 08-546 JVS*,
    2009 U.S. Dist. LEXIS 136015 (C.D. Cal. Dec. 16, 2009) ............................. 13

*Brown v. Wireless Networks, Inc., No. C 07-4301*
    (EDL), 2008 U.S. Dist. LEXIS 36472 (N.D. Cal. Apr. 24, 2008) ..................... 6

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,
    20 Cal.4th 163 (1999) ................................................................................... 11

*Cisco Sys. v. STMicroelectronics, No. C-14-03236-RMW*,
    2015 U.S. Dist. LEXIS 71958 (C.D. Cal. June 2, 2015) ................................. 10

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir. 1997) ......................................................................... 3

*Edwards v. Marin Park, Inc.*,
    356 F.3d 1058 (9th Cir. 2004) ....................................................................... 2

*Giacalone Elec. Servs. v. Wesco Distrib., No. C 03-04100 JW*,
    2004 U.S. Dist. LEXIS 33639 (N.D. Cal. March 17, 2004) ............................. 5

*Grasshopper House., LLC v. Clean & Sober Media, LLC, No. 2:18-cv-00923-SVW-RAO*,

2018 U.S. Dist. LEXIS 228190 (C.D. Cal. July 18, 2018) .................................................. 15

*Herbalife Int'l of Am., Inc. v. Ford, No. CV 07-2529 GAF*,
2007 U.S. Dist. LEXIS 105953 (C.D. Cal. Sept. 28, 2007) ............................................. 10

*Ileto v. Glock, Inc.*,
349 F.3d 1191 (9th Cir. 2003) ........................................................................................... 2

*In re GlenFed, Inc. Secs. Litig.*,
42 F.3d 1541 (9th Cir. 1994) (en banc) .......................................................................... 3-4

*Inter-Mark USA, Inc. v. Intuit, Inc., No. C-07- 04178 JCS*,
2008 WL 552482 (N.D. Cal. Feb. 27, 2008) .................................................................. 12

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .............................................................................. 3, 11, 12

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) (en banc) .......................................................................... 3

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008) ........................................................................................... 3

*McDonald v. Smith*,
472 U.S. 479 (1985) ........................................................................................................... 6

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
521 F.3d 1097 (9th Cir. 2008) ........................................................................................... 2

*MIS Scis. Corp. v. Rpost Commc'ns Ltd., No. 14-CV- 00376-VC*,
2016 WL 2931659 (N.D. Cal. May 19, 2016) .................................................................. 7

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) ......................................................................................... 3, 12

*Oracle Am., Inc. v. TERiX Computer Co., No.: 5:13-cv-03385-PSG*,
2014 U.S. Dist. LEXIS 561 (N.D. Cal. Jan. 3, 2014) ..................................................... 10

*Pax Water Techs., Inc. v. Medora Corp., No. LA CV 18-09143 JAK*,
2019 U.S. Dist. LEXIS 163183 (C.D. Cal. Aug. 5, 2019) ............................................. 13

*RingCentral, Inc. v. Nextiva, Inc., No. 19-cv-02626-NC*
2020 U.S. Dist. LEXIS 127401 (N.D. Cal. July 17, 2020) ............................................. 15

*Ronconi v. Larkin*,
253 F.3d 423 & n.6 (9th Cir. 2001) .................................................................................. 4

*Silicon Knights v. Crystal Dynamics*,
983 F. Supp. 1303 (N.D. Cal. 1997) ................................................................................. 5

*United Mine Workers of America v. Pennington*,
381 U.S. 657 (1965) ........................................................................................................... 5

*Vess v. Ciba-Geigy Corp.*,
   317 F.3d 1097 (9th Cir. 2003) ...................................................... 12, 14

*Williams v. Gerber Products Co.*,
   552 F.3d 934 (9th Cir. 2008) ...................................................... 10-11

*Wilner v. Sunset Life Ins. Co.*,
   78 Cal. App. 4th 952 (2000) ...................................................... 11, 12

*XpandOrtho, Inc. v. Zimmer Biomet Holdings, Inc., No.: 3:21-cv-00105-BEN*,
   2022 U.S. Dist. LEXIS 46698 *25-26 (S.D. Cal. Mar. 15, 2022) ........................................................ 9

## I.  INTRODUCTION

Absent some enforceable IP rights, Whisker is not the only company that gets to sell litter boxes with automated cleaning mechanisms. Here, the Court has already dismissed two of Whisker's three asserted patents, and any remaining patent claims should quickly be dispensed with when Whisker's creative and overbroad infringement allegations encounter the prior art. Although trademark claims remain, they are weak and are practically limited to a couple of instances of hashtag usage from over a year ago. And the remaining false advertising claims that survived dismissal are vigorously disputed by Smarty Pear. In short, Whisker IP rights will not stop new entrants such as Smarty Pear.

Thus, Whisker has engaged in an intentional, wide-ranging and persistent scheme designed to destroy Smarty Pear and Chris Madeiras' reputations and their ability to compete in the business of selling automated self-cleaning litter box products to consumers. Whisker's unlawful scheme included deploying a multifaceted attack involving disseminating advertising and other marketing materials to Defendants' potential and actual customers, influencers, and content creators that made false and/or deceptive statements about Defendants and the Leo's Loo products. Whisker also disseminated false and derogatory reviews on the internet about Leo's Loo products, as well as posting reviews falsifying and misrepresenting the performance of Whisker's own Litter Robot products. Whisker also carried out its scheme by using third-party sponsored websites where Whisker or the sponsor falsely and misleadingly purported to present an objective and unbiased comparison of the products offered by Whisker and Smarty Pear. Another tactic employed by Whisker was the deliberate and successful effort to interfere with and significantly disrupt Smarty Pear's existing contracts with Chewy and Great Pet Media. Whisker also intentionally and successfully interfered with Smarty Pear's prospective economic relations with Radio Systems and

numerous influencers / content creators. Whisker's all-out offensive against Smarty Pear and Chris Madeiras went so far as waging a smear campaign built upon defamatory statements about Smarty Pear practices and viability as an ongoing business. Whisker also made defamatory statements to non-parties falsely accusing Chris Madeiras personally of copying Whisker's product and misappropriating Whisker's confidential information and business plans for Litter Robot.

Defendants' Counterclaims are based on and detail the above actions and present sufficient factual allegations to support plausible claims against Whisker for false advertising, unfair competition, tortious interference, patent invalidity and non-infringement, and defamation. Accordingly, Whisker's motion to dismiss the Counterclaim should be denied.

## II.    LEGAL STANDARD

### A.    Legal Standard for Dismissal Under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a pleading for failing to state a claim upon which relief can be granted under Rule 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the pleading, but does not reach its merits or decide the truth of factual allegations. *See Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal of a claim under this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim for relief may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a claim for relief, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

**B.**     Rule 9(b)'s Heightened Pleading Requirements

Rule 9(b) heightens pleading requirements for all claims that expressly allege fraud, "sound in fraud" or are "grounded in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "[The Ninth Circuit] has interpreted Rule 9(b) to require that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quotation marks and citation omitted). In general, a fraud claim must state the "who, what, when, where, and how" of the alleged conduct, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false or misleading," *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541,

1548 (9th Cir. 1994) (en banc), superseded by statute on other grounds as stated in *Ronconi v. Larkin*, 253 F.3d 423, 429 & n.6 (9th Cir. 2001). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## III.   ARGUMENT

### A.   Defendants State Plausible Defamation Claims (Counts Nine and Ten)

Regarding Counts Nine and Ten, Whisker first argues that Defendants "fail to specifically identify any alleged statement[.]" Dkt. 82 at p. 14. Quoting solely to the allegations of ¶¶ 89 and 93 of the Counts themselves, Whisker argues that the statements are "nothing but generalities." *Id.* However, these allegations in the Counts refer back to specific, detailed, allegations of specific statements discussed in the Counterclaims' General Allegations. CC ¶¶ 85, 90 ("incorporat[ing] by reference the allegations set forth in paragraphs 1-43"). These statements include that: (1) a representative of Whisker told Jennifer Dean, the owner of floppycats.com, that Smarty Pear had stolen Whisker's intellectual property and product design, that Chris Madeiras was personally responsible for stealing Whisker's intellectual property and product design, and that Smarty Pear would not be in the market for long (Dkt. 68 at ¶23); (2) Whisker's CEO, Jacob Zuppke causing posting of fake and false reviews for Smarty Pear products, confirmed by causing a written threat to "flood the social media platforms with all my little [redacted] minions and destroy the smartypear brand" (*id.* at ¶¶ 26, 28); (3) Whisker made numerous false and/or misleading statements to numerous influencers / content creators, asserting that Smarty Pear's product was a cheap Chinese knock off, that Smarty Pear violated Whisker's patents and Chris Madeiras, Smarty Pear's CEO, stole company secrets, that Smarty Pear pretended to be an American company, that Smarty Pear was not likely to be in business long, that Smarty Pear was not likely to be able to provide quality customer support, and that the story of Leo was fabricated (*id.* at ¶29); (4) Whisker

made a false statement of fact to Chewy that Smarty Pear would no longer be in business (*id.* at ¶37); and (5) Kyle Ashley (Whisker VP) communicated untrue information to Chewy creating the false impression that something bad was happening to Smarty Pear and that the company would not be in business anymore (*id.* at ¶38). In sum, this is not a case where "the substance of the defamatory statement" is not alleged, and further, Smarty Pear has alleged the relevant context such as the speaker (*e.g.*, Whisker or specific individuals at Whisker) and recipients. *See, e.g.*, *Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303 (N.D. Cal. 1997) ("While the exact words or circumstances of the slander need not be alleged to state a claim for defamation, the substance of the defamatory statement must be alleged."); *Giacalone Elec. Servs. v. Wesco Distrib.*, No. C 03-04100 JW, 2004 U.S. Dist. LEXIS 33639, *16 (N.D. Cal. March 17, 2004) (denying motion to dismiss defamation claim based on statements of defendant entity that provide "adequate notice of the alleged defamatory statement(s)").

Whisker implicitly admits to making statements to Chewy and others alleging that Defendants engaged in a "pattern of IP theft and misconduct." Dkt. 82 at p. 15. However, Whisker claims that Defendants' defamation counterclaims are barred because Whisker's slander and libel are immunized by the *Noerr-Pennington* doctrine. *Id.* Whisker is incorrect. The *Noerr-Pennington* doctrine stems from a Supreme Court opinion holding that parties who petition the government for governmental action favorable to themselves cannot be sued under the Sherman Anti-Trust Act, even though their actions are motivated by anti-competitive intent. *United Mine Workers of America v. Pennington*, 381 U.S. 657, 670 (1965). This case is distinguishable. Counts Nine and Ten of the Defendants' Counterclaim are not directed toward Whisker's attempt to influence governmental decision making. Instead, Smarty Pear and Chris Madeiras take issue with Whisker's defamatory conduct that occurred during that petitioning. "The right to petition is

guaranteed; the right to commit libel with impunity is not." *McDonald v. Smith*, 472 U.S. 479, 485 (1985).

Defendants' defamation counterclaims are based upon the alleged slanderous and/or libelous statements made by Whisker to third parties. Whisker does not assert that any of these statements were made in the context of suggesting the possibility of a lawsuit, potential litigation, or mentioning the enforcement of any intellectual property rights against Defendants. Whisker's defamatory statements were not "incidental to the prosecution of a lawsuit" and therefore, Whisker is not entitled to immunity under the *Noerr-Pennington* doctrine. *See Luxpro Corporation v. Apple Inc.,* No. C 10-03058 JSW at 10 (N.D. Cal. Mar. 24, 2011); *c.f.*, *Brown v. Wireless Networks, Inc.*, No. C 07-4301 (EDL), 2008 U.S. Dist. LEXIS 36472, at *9 (N.D. Cal. Apr. 24, 2008) ("That is to say, the communicative act - be it a document filed with the court, a letter between counsel or an oral statement - must function as a necessary or useful step in the litigation process and must serve its purposes" to be exempt from defamation liability.).

    B.    <u>Defendants State Plausible Claims for Declaratory Judgment Of Non-Infringement and Invalidity Of The '502 Patent (Counts Seven and Eight)</u>

This case is subject to the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California. Patent L.R. 1-2. As an initial matter, Whisker is required to provide a disclosure of asserted claims and infringement contentions and supporting documentation. Patent L.R. 3-1, 3-2. Defendants are required to provide a disclosure of their invalidity contentions following Whisker's disclosure of its infringement contentions. Patent L.R. 3-3, 3-4. At the Initial Case Management Conference, the Court adopted Whisker's proposed schedule. Dkt. 65. Pursuant to that Schedule, Whisker's disclosure of its infringement contentions was provided on May 26, 2023 and Defendants' disclosure of their invalidity contentions is due

on July 10, 2023. Defendants will disclose their theories and supporting facts to rebut Whisker's infringement contentions, and to support their non-infringement and invalidity counterclaim, during the pre-trial phases of this case in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the courts in this District, the Local Rules of Practice for Patent Cases before the courts in this District, the Standing Order for Civil Cases Before Judge Vince Chhabria, and the Schedule set by the Court for this matter.

Accordingly, even after *Twombly* and *Iqbal*, courts have upheld pleadings as sufficient which contain allegations that list the statutory provisions which place the patent owner on notice of the failure to satisfy conditions of patentability and the grounds of the invalidity claims. *See Asustek Computer Inc. v. Aftg-TG LLC,* NO. 5:CV 11-00192-EJD, 2011 U.S. Dist. LEXIS 149330, *38 (N.D. Cal. Dec. 29, 2011). Requiring a heightened pleading of invalidity is unnecessary and would circumvent this Court's Patent Local Rules which require detailed disclosures as to invalidity contentions in this case by July 10, 2023. *Id.* "By requiring the party claiming invalidity to flesh out and support its invalidity contentions early on, the Patent Local Rules fulfill the function of *Twombly* and *Iqbal*." *Id.* at *39.

Additionally, numerous California district courts have found general denials of infringement sufficient to sustain declaratory judgment claims for patent non-infringement at the pleading stage. *See MIS Scis. Corp. v. Rpost Commc'ns Ltd.*, No. 14-CV- 00376-VC, 2016 WL 2931659, at *1 (N.D. Cal. May 19, 2016) (finding non-infringement claims sufficiently pleaded where the accusing party "described in general terms the accused products," and the accused party broadly denied those allegations, because the accuser "should typically already be on notice of the patent infringement questions posed by the lawsuit"); *Am. Soc'y of Anesthesiologists v. BevMD, LLC*, No. 15-CV- 600-BAS(JLB), 2016 WL 4257448, at *4 (S.D. Cal. Mar. 31, 2016) (finding

adequate a "scantly" alleged claim that the accused product did "not infringe, has not infringed directly, indirectly, willfully, or otherwise" any claim of the asserted patent).

Defendants' non-infringement and invalidity counterclaims will provide enough detail to put Whisker on notice of Defendants' non-infringement and invalidity theories. Such is sufficient for Defendants' declaratory judgment counterclaims to survive beyond the pleading stage. Whisker's arguments for more specificity in the counterclaims is not warranted, especially considering Defendants' subsequent discovery disclosures (scheduled *before* the hearing on this motion) and the heightened discovery obligation applicable to patent cases pending before this Court. Whisker's motion to dismiss Defendants' patent declaratory judgment counterclaims (Counts Seven and Eight) should be denied.

C.      Defendants State Plausible Claims For Tortious Interference With Contract (Count Five) & Intentional Interference With Prospective Economic Relations (Count Six)

Whisker seeks dismissal of Counts Five and Six of Defendants' Counterclaims, which alleges that Whisker has tortiously interfered with Smarty Pear's contractual relationships and intentionally interfered with prospective economic relations. Whisker first selectively cites to paragraphs of the Counterclaim to argue that Smarty Pear has failed to allege "Whisker's knowledge" of the contracts or economic relationships or Whisker's "intent to disrupt those relationships." Dkt. 82 at p. 10. But Whisker ignores core allegations of the Counterclaim, which in addition to the cited general allegations, necessarily demonstrate both knowledge and intent, including Whisker inducing Chewy to delay the original launch of Smarty Pear Leo's Loo product, allowing Whisker to launch its own Litter Robot product months before Smarty Pear's product launch (Dkt. 68 at ¶¶33-34) and inducing Chewy to delay Smarty Pear's second product launch and to cease communication with Smarty Pear. *Id.* at ¶35. Simply put, absent knowledge of Smarty

Pear's contract or economic relationships with Chewy, why would Whisker interfere with Smarty Pear's product launches? *AlterG, Inc. v. Boost Treadmills LLC*, No. 18-cv-07568-EMC, 2019 U.S. Dist. LEXIS 151688 *42 (N.D. Cal. Sept. 5, 2019) (finding lack of knowledge "a strange argument to make" in view of circumstances of allegations).

Whisker next asks the Court to ignore these specific interfering activities, arguing that so long as Chewy still sells Smarty Pear products Whisker could not have engaged in wrongful acts, or that the allegations of Whisker's inducements to delay Smarty Pear product launches are implausible because Chewy is "a massive online retailer." Dkt. 84 at p. 11. To the contrary, it is not necessary that Whisker cause Chewy to outright repudiate its agreements with Smarty Pear to state a claim; it is enough to allege that Whisker has interfered with Chewy's performance of its agreements with Smarty Pear. *See XpandOrtho, Inc. v. Zimmer Biomet Holdings, Inc.*, No.: 3:21-cv-00105-BEN, 2022 U.S. Dist. LEXIS 46698 *25-26 (S.D. Cal. Mar. 15, 2022) (finding allegations of delayed transactions and thwarted exclusive relationship satisfied pleading standards).

Whisker next argues, without citation of authority, that the "statements of fact" relevant to these claims are subject to Rule 9(b) pleading standards. Dkt. 84 at p. 11. In doing so, Whisker selectively cites to certain paragraphs of the Counterclaim alleging false statements (¶¶37-38) while ignoring other allegations (*e.g.*, ¶¶33-36 and 40-41) not sounding in fraud but alleging intentional wrongful acts, such as inducing Chewy to delay Smarty Pear launches and disclose proprietary information to Whisker, causing Great Pet Media to terminate a contract with Smarty Pear and delete content, and disrupt a relationship with a prominent industry investor. "While Rule 9(b) might apply to an interference claim presented **entirely** on conduct fraudulent conduct or conduct sounding in fraud, [the alleged] interference claim relies on several instances of

misconduct . . . that do neither." *Oracle Am., Inc. v. TERiX Computer Co.*, No.: 5:13-cv-03385-PSG, 2014 U.S. Dist. LEXIS 561 *39 (N.D. Cal. Jan. 3, 2014) (emphasis added); *see also Herbalife Int'l of Am., Inc. v. Ford*, No. CV 07-2529 GAF, 2007 U.S. Dist. LEXIS 105953, *27 (C.D. Cal. Sept. 28, 2007) (noting that "the failure to identify distributors by name is not fatal to this claim" as long "as the allegations are sufficiently specific to place Defendants on notice of the contractual relationship at issue").

Whisker's final argument is a rehashing of its second applied to different claim elements, *i.e.*, that delaying product launches, disclosure of confidential information, disrupting a potential investment, and causing termination of an advertising agreement do not rise to disruption of contracts or relationships, for example, because Smarty Pear has "not allege[d] that Chewy terminated the contract to sell their products[.]" Dkt. 84 at p. 12. But the types of interference alleged are actionable even if the underlying agreements were not completely repudiated, and the potential damage from delayed launches, loss of prominent advertising opportunities, and lost investors are self-evident. *See Cisco Sys. v. STMicroelectronics*, No. C-14-03236-RMW, 2015 U.S. Dist. LEXIS 71958, *20 (C.D. Cal. June 2, 2015) (having alleged agreements, "disruptions" causing "cancellations of existing orders," "inability to" perform acts under agreements, and "extra financial burdens" plead a claim for interference with those agreements).

D.   <u>Defendants State Plausible State-Law Counterclaims For False Advertising And Unfair Competition In Violation Of California Statutes And Common Law (Counts Two – Four)</u>

California's Unfair Competition Law prohibits "unlawful, unfair or fraudulent" business practices. Cal. Bus. & Prof. Code §17200. California's false advertising law makes it unlawful to make "untrue or misleading" statements. *Id.* at §17500. The basic inquiry with respect to both statutes is the same: Would Whisker's marketing likely mislead a reasonable consumer? *Williams*

*v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Smarty Pear and Madeiras need only assert in their counterclaim an unfair, unlawful **or** fraudulent practice to make a claim under §17200. *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). "Each prong of the UCL is a separate and distinct theory of liability." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). To state a claim under the "unfair" prong, plaintiff must show that the challenged business practice "offends an established public policy" or that "the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Wilner v. Sunset Life Ins. Co.*, 78 Cal. App. 4th 952, 965 (2000) (quotation omitted). "[I]n brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Id.*

Smarty Pear and Madeiras' Counterclaim alleges plausible violations of California's false advertising and unfair competition statutes. It tells a simple story: Whisker is making untrue or misleading statements in its marketing, promotion and sale of the Litter Robot products that has a tendency to deceive or confuse the public. Whisker's statements misrepresent the true nature, characteristics, and qualities of Whisker and its products. For example, Mr. Zuppke, Whisker's CEO and President, is alleged to have caused the posting of false reviews for Whisker and Smarty Pear products (Dkt. 68 at ¶16), as demonstrated by an immediate posting of 15% of Whisker reviews on Chewy in a single day, all with five stars to substantially boost its rating, while Smarty Pear systematically received numerous one-star reviews to substantially drop its rating from 4.6 to 4.0. *Id.* at ¶17. It incorrectly claimed to have the "Highest Rated Litter Machine" (*id.* at ¶ 19), despite the fact that prior to its manipulation of Chewy's ratings Smarty Pear's ratings were significantly higher. *Id.* at ¶17 (prior to ratings manipulation, Smarty Pear ratings were 4.6 while whisker was 4.4-4.5). Whisker actively promoted a Tech Reviewer video that positioned Leo's

Loo as a poor alternative, while failing to disclose a sponsorship, paid relationship, or affiliate relationship with the reviewer. *Id.* at ¶21. Similarly, it is alleged to have paid another reviewer who posed as an unbiased reviewer. *Id.* at ¶22. Whisker's involvement in manipulating online content is substantiated by the Whisker CEO's best friend threatening to "flood the social media platforms with all my little [redacted] minions and destroy the smartypear brand[.]" *Id.* at ¶26.

Perhaps recognizing that these allegations clearly describe conduct that is injurious to consumers, Whisker argues that that Smarty Pear has failed to satisfy the heightened pleading standards of Rule 9(b). Contrary to Whisker's argument, Rule 9(b) does not apply per se to the California statutory unfair competition and false advertising counterclaims. *See Inter-Mark USA, Inc. v. Intuit, Inc.*, No. C-07- 04178 JCS, 2008 WL 552482, at *9 (N.D. Cal. Feb. 27, 2008) ("The degree of particularity required in pleading a [FAL] claim depends on the nature of the allegations in the claim."). As an initial matter, the Ninth Circuit has explained that fraud is not an essential element of a claim under sections 17200 (the UCL) and 17500 (the FAL). *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1105 (9th Cir. 2003). However, if a UCL claim either expressly alleges "fraud" or alleges facts that necessarily constitute fraud, only then will Rule 9(b)'s heightened pleading standards apply. *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009); *see also Vess*, 317 F.3d at 1105. In short, allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8, which Defendants have met here.

Assuming arguendo that Smarty Pear is required to satisfy rule 9(b), it has done so here. "[T]he general rule that allegations of fraud based on information and belief do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). In this case, the specific means that Whisker used to manipulate reviews and the specific manner of compensating purported objective reviewers are

uniquely within the knowledge of Whisker. Smarty Pear need only provide plausible allegations of the factual basis for its belief, such as the massive unexplained changes in product rankings and Whisker's active promotion of videos alleged here. *See Pax Water Techs., Inc. v. Medora Corp.*, No. LA CV18-09143 JAK, 2019 U.S. Dist. LEXIS 163183, at *28 (C.D. Cal. Aug. 5, 2019) ("[I]nformation about the particular employees of Defendant who disseminated the [materials], and the names of the potential customers to which it was provided, are 'peculiarly within the opposing party's knowledge' and therefore can be alleged based upon information and belief where the complaint identifies 'the facts upon which the belief is founded.'"); *Broadcom Corp. v. SiRF Tech., Inc.*, No. SACV 08-546 JVS, 2009 U.S. Dist. LEXIS 136015, at *12 (C.D. Cal. Dec. 16, 2009) ("An allegation that '[a defendant] claims X, but the reality is Y' is sufficient under Rule 9(b), especially where X and Y are measurable quantities and are clearly inconsistent."); *Baum v. J-B Weld Co., LLC*, No. 19-cv-01718-EMC, 2019 U.S. Dist. LEXIS 216052, at *23 (N.D. Cal. Dec. 16, 2019) ("Although [numerical details pleaded] differ, Plaintiff has relied on the facts available to him and made reasonable inferences that permit him allege with meaningful specificity the information relevant to a statutory violation.") .

 E. <u>Defendants State A Plausible Counterclaim For Violation Of The Lanham Act, 15 U.S.C. §1125 (Count One)</u>

 Count One of Defendants' Counterclaim alleges Whisker has engaged in unfair competition and false advertising in violation of the Lanham Act (15 U.S.C. §1125). Dkt. 68 at ¶¶44-50. Whisker contends that a Lanham Act unfair competition and false advertising claim is a fraud claim. Accordingly, Whisker argues that Defendants' Lanham Act counterclaim (Count One) lacks specificity as required by the heightened pleading standard under Rule 9(b) and therefore

should be dismissed. The Ninth Circuit, however, has not addressed the extent to which Rule 9(b) applies to Lanham Act claims.

The pleading of a claim as a whole must satisfy the particularity requirement of Rule 9(b) only when the claim is said to be grounded in fraud or to sound in fraud. *See Vess*, 317 F.3d at 1103-04, 1106. In order for a claim to be grounded in fraud or to sound in fraud, the pleading needs to allege "a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim[.]" *Id.* Although there is some disagreement, the majority of district courts within the Ninth Circuit have extended the Ninth Circuit's application of Rule 9(b) pleading standards in *Kearns* and *Vess* to false advertising claims under the Lanham Act. *See 23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018) (holding that although the Ninth Circuit has not resolved the issue and district courts are divided, "the better reasoned authority is that, where a Lanham Act claim is predicated on the theory that the defendant engaged in a knowing and intentional misrepresentation, then Rule 9(b) is applicable").

Defendants submit that Rule 9(b) should not be applied to its Lanham Act counterclaim because it does not assert a course of conduct that is fraudulent because the reliance on Whisker's false and/or misleading statements made in its commercial advertising and promotion involves third party customers as opposed to alleging injury based on Defendants' reliance on Whisker's fraudulent conduct. Nevertheless, even if applicable, Defendants' Lanham Act counterclaim as pleaded satisfies the particularity requirements.

Specifically, as described for Counts Two through Four above, Defendants allege that Whisker disseminated marketing materials and communications to potential and actual customers, as well as to influencers / content creators, that make numerous false and misleading statements about both Litter Robot and Leo's Loo products. These statements are quantifiable (*e.g.*, the

14                Smarty Pear and Madeiras' Opposition
                 To Whisker's MTD Counterclaims
                 Case No. 3:22-cv-04261-VC

prompt change in Chewy rankings, false claims of Highest Rated, promotion of purportedly objective videos by compensated third parties) and substantiated by threats to "flood the social media platforms with all my little [redacted] minions and destroy the smartypear brand[.]"  This manipulation of online advertising channels has deceived and confused, and/or have the capacity to deceive and confuse, a substantial segment of Smarty Pear's current and potential customers. *See Am. Bullion, Inc. v. Regal Assets, LLC*, No. CV 14-01873 DDP, 2014 U.S. Dist. LEXIS 96851, at *6 (C.D. Cal. July 15, 2014) (finding Lanham Act claim adequately pled where "the Complaint clearly alleges that Defendants disseminate ostensibly independent reviews that promote Defendants' services"); *Grasshopper House., LLC v. Clean & Sober Media, LLC*, No. 2:18-cv-00923-SVW-RAO, 2018 U.S. Dist. LEXIS 228190, at *19 (C.D. Cal. July 18, 2018) (approving of Lanham Act claims based on "shill reviews" and "disseminat[ing] false or misleading information" purporting to have a "lack of bias"); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 U.S. Dist. LEXIS 127401, at *15 (N.D. Cal. July 17, 2020) (noting that "manipulating [a] review . . . could serve to establish [a party's] false advertising or intentional interference claims").

## IV.    CONCLUSION

For the foregoing reasons, Whisker's Motion to Dismiss Counterclaims should be denied.

Dated: June 28, 2023                    **MCCAULLEY LAW GROUP LLC**


By: _/s/ Richard T. McCaulley_
RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941