COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:   (310) 883-6400
Facsimile:    (310) 883-6500

ERIK MILCH [*Pro hac vice*]
(emilch@cooley.com)
11951 Freedom Drive, 14th Floor
Reston, VA 20190
Telephone:   (703) 456-8573
Facsimile:    (703) 456-8100

*[Full Listing on Signature Page]*

Attorneys for Plaintiff
Automated Pet Care Products, LLC d/b/a Whisker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>            Defendants. | Case No. 3:22-cv-04261-VC (SK)<br><br>**WHISKER'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**<br><br>Hearing Date: July 13, 2023<br>Time: 10:00 a.m.<br>Courtroom: 4, 17th Floor<br>Judge: Hon. Vince Chhabria<br><br>Counterclaims Filed: May 13, 2023 |
| PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>            Counterclaim-Plaintiffs,<br><br>      v.<br><br>Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>            Counterclaim-Defendant. | |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................................ 1

II. ALL OF DEFENDANTS' COUNTERCLAIMS AGAINST WHISKER SHOULD BE DISMISSED ........ 2

    A. The CC Fails to Adequately Plead False Advertising and Unfair Competition (Counts 1-4). ................................................................................... 2

    B. The CC Fails to Adequately Plead Tortious Interference (Counts 5-6). ................. 5

    C. The CC Fails to Adequately Plead Declaratory Judgment (Counts 7-8). ............... 7

    D. The CC Fails to Adequately Plead Libel and Slander (Counts 9-10). .................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alert Enter., Inc. v. Rana*,
  2023 WL 2541353 (N.D. Cal. Mar. 16, 2023) .................................................................... 6

*AlterG, Inc. v. Boost Treadmills LLC*,
  2019 WL 4221599 (N.D. Cal. Sept. 5, 2019) ..................................................................... 6

*Am. Bullions, Inc. v. Regal Assets, LLC*,
  2014 WL 6453783 (C.D. Cal. Nov. 17, 2014) .................................................................... 3

*Am. Soc'y of Anesthesiologists v. BevMD, LLC*,
  2016 WL 4257448 (S.D. Cal. Mar. 31, 2016) .................................................................... 7

*ASUSTeK Computer Inc. v. AFTG-TG LLC*,
  2011 WL 6845791 (N.D. Cal. Dec. 29, 2011) ............................................................... 7, 8

*BHRS Grp. LLC v. Brio Water Tech., Inc.*,
  553 F. Supp. 3d 793 (C.D. Cal. 2021) ................................................................................ 4

*Brown v. Wireless Networks, Inc.*,
  2008 WL 1859990 (N.D. Cal. Apr. 24, 2008) .................................................................. 10

*Cisco Sys., Inc. v. STMicroelectronics, Inc.*,
  2015 WL 3488923 (N.D. Cal. June 2, 2015) ...................................................................... 6

*Cloudera, Inc. v. Databricks, Inc.*,
  2021 WL 3856697 (N.D. Cal. Aug. 30, 2021) .................................................................... 3

*Desfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011) ............................................................................................... 3

*Ely Holdings Ltd. v. O'Keeffe's, Inc.*,
  2019 WL 4071028 (N.D. Cal. Mar. 5, 2019) ................................................................. 7, 8

*Grasshopper House, LLC v. Clean and Sober Media, LLC*,
  2018 WL 6118440 (C.D. Cal. July 18, 2018) ..................................................................... 3

*hiQ Labs, Inc. v. LinkedIn Corp.*,
  2022 WL 18399982 (N.D. Cal. Nov. 4, 2022) .................................................................... 9

*Indiaweekly.com, LLC v. Nehaflix.com, Inc.*,
  2011 WL 13228167 (D. Conn. Jan. 19, 2011) .................................................................... 4

*Infectolab Ams., LLC v. ArminLabs GmbH*,
  2021 WL 292182 (N.D. Cal. Jan. 28, 2021) ........................................................................ 7

# TABLE OF AUTHORITIES
### (Continued)

Page(s)

*Infineon Techs. AG v. Volterra Semiconductor Corp.*,
 2013 WL 12174301 (N.D. Cal. Feb. 7, 2013) .................................................................................. 7

*J&K IP Assets, LLC v. Armaspec, Inc.*,
 2018 WL 3428757 (N.D. Cal. July 16, 2018) ............................................................................. 7, 8

*Left Field Holdings v. Google LLC*,
 2022 WL 17072948 (N.D. Cal. Nov. 18, 2022) .............................................................................. 2

*Luxpro Corp. v. Apple Inc.*,
 2011 WL 1086027 (N.D. Cal. Mar. 24, 2011) .............................................................................. 10

*MIS Sci. Corp. v. RPOST Commc'ns Ltd.*,
 2016 WL 2931659 (N.D. Cal. May 19, 2016) ................................................................................ 7

*Neo4J, Inc. v. PureThink, LLC*,
 2023 WL 122402 (N.D. Cal. Jan. 6, 2023) ..................................................................................... 6

*PageMelding, Inc. v. ESPN, Inc.*,
 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) .............................................................................. 7, 8

*PAX Water Techs., Inc. v. Medora Corp.*,
 2019 WL 4390567 (C.D. Cal. Aug. 5, 2019) .................................................................................. 3

*Qarbon.com Inc. v. eHelp Corp.*,
 315 F. Supp. 2d 1046 (N.D. Cal. 2004) .......................................................................................... 7

*Resnick v. Hyundai Motor Am., Inc.*,
 2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ................................................................................ 2

*RingCentral, Inc. v. Nextiva, Inc.*,
 2020 WL 4039322 (N.D. Cal. July 17, 2020) ................................................................................ 3

*Schrader Cellars, LLC v. Roach*,
 2021 WL 9816545 (N.D. Cal. June 10, 2021) ................................................................................ 9

*Sharper Image Corp. v. Target Corp*,
 425 F. Supp. 2d 1056 (N.D. Cal. 2006) .......................................................................................... 9

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
 983 F. Supp. 1303 (N.D. Cal. 1997) ............................................................................................... 9

*So v. HP, Inc.*,
 2022 WL 16925965 (N.D. Cal. Nov. 14, 2022) .............................................................................. 5

COOLEY LLP
ATTORNEYS AT LAW

iii

WHISKER'S REPLY ISO
MOTION TO DISMISS COUNTERCLAIMS
CASE NO. 3:22-CV-04261-VC (SK)

# TABLE OF AUTHORITIES
## (Continued)

Page(s)

*Sumer v. Carrier Corp.*,
   2015 WL 3630972 (N.D. Cal. June 10, 2015) .......................................................................... 5

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
   2011 WL 3206686 (N.D. Cal. July 27, 2011) ...................................................................... 7, 8

**Statutes**

35 U.S.C.
   § 101 ........................................................................................................................................ 8
   § 112(1) ................................................................................................................................... 8

**Other Authorities**

N.D. Cal. Patent L.R. 3-3(d) ........................................................................................................... 8

Fed. R. Civ. P. 9(b) ........................................................................................................... 1, 2, 3, 4

## I. INTRODUCTION

Whisker has a 23-year track record of fair play, award-winning products, and innovation. ECF 58 ("SAC") ¶¶ 11-20. It filed suit against Defendants to protect its intellectual property from blatant infringement and to protect consumers from false advertising, much of which is ongoing.[1] Caught red-handed, and after their efforts to dismiss the claims failed, Defendants now deflect from their trademark infringement (*see* ECF 55) by arguing it was "practically limited to a couple of instances of hashtag usage from over a year ago"—as they sought to get a foothold in the market. ECF 88 ("Opp.") at 1. But Defendants' infringement has not stopped: Whisker recently discovered that Smarty Pear is infringing Whisker's federally-registered company tagline NEVER SCOOP AGAIN® in its advertising. Whisker will soon amend its complaint to address this brazen infringement, demonstrating that Defendants' continued actions belie their words.

As Whisker's Motion explained, Defendants' Counterclaim ("CC") weaves a tale of baseless innuendo and speculation, and their Opposition brief continues where the CC leaves off. Stripped of hyperbole, the claims are not only false; they fail as a matter of law. Defendants' claims for false advertising, unfair competition, and interference all sound in fraud, yet the CC comes nowhere close to meeting Rule 9(b)'s particularity standard. Repeatedly using the load-bearing word "induced," Defendants try to impute to Whisker the conduct of Defendants' own retailers, publishers, and customers, without any plausible facts suggesting *Whisker* was behind, for example, a massive retailer's "delayed" product sales, or a spate of negative reviews (none of which appear in the CC). For example, the Opposition brief references a "multifaceted attack involving disseminating advertising and other marketing materials to Defendants' potential and actual customers, influencers, and content creators." Opp. at 1. If Defendants were aware of actual advertising and marketing materials that unlawfully "attacked" Smarty Pear, ***they would appear in the CC***—and they do not. Similarly, if Defendants had a good faith basis to allege that ***Whisker*** "disseminated false and derogatory reviews on the internet about Leo's Loo products, as well as

---

[1] In discovery, Defendants have admitted their false advertising, including the falsity of the "half a million" statement they previously defended (ECF 29), and that they did not perform any tests before promoting a UV feature as "99.9% effective at eliminating bacteria, parasites, and viruses" in their product.

posting reviews falsifying and misrepresenting the performance of Whisker's own Litter Robot products," *id.*, they would identify a single example of the alleged false reviews—and they do not. Without plausible facts to support their claims, Defendants rely on speculation and mudslinging to attack Whisker's decades-long reputation. The Court is urged to stop Defendants' implausible fishing expedition and efforts to deflect from their infringement and consumer deception.

## II. ALL OF DEFENDANTS' COUNTERCLAIMS AGAINST WHISKER SHOULD BE DISMISSED

### A. The CC Fails to Adequately Plead False Advertising and Unfair Competition (Counts 1-4).

In defending their Lanham Act, False Advertising Law, Unfair Competition Law, and common law unfair competition claims (the latter which requires proof of passing off (Mot. at 7, n.2), which Defendants fail to rebut), Defendants limit themselves to three sets of allegations: (1) product review "manipulation," (2) a statement to be the "Highest Rated Litter Machine," and (3) undisclosed paid relationships with publishers. Opp. at 11-15. Defendants ignore, and thereby concede, Whisker's arguments as to the CC's other allegations, including the failure to plead the necessary elements as to statements claiming to be a "small business," "made in the USA," and the grab-bag of purported statements made to unspecified "influencers / content creators about Smarty Pear's products." Mot. at 4-6 (citing CC ¶¶ 18, 20, 29). Whisker's Motion as to those allegations must be granted. *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) (waiver due to failure to oppose argument). Whisker addresses the remaining arguments.

As a threshold point, Defendants assert—without citation—that Rule 9(b) does not apply to their Lanham Act claim because it "involves third party customers," as opposed to Defendants' own reliance. Opp. at 14. Yet this Court applied Rule 9(b) to Lanham Act allegations involving customers. *See Left Field Holdings v. Google LLC*, 2022 WL 17072948, at *1 (N.D. Cal. Nov. 18, 2022). They do not even try to explain why Rule 9(b) doesn't apply to other claims. Opp. at 9 (trying to distinguish "intentional wrongful acts" without explaining why interference allegations are not fraudulent), 12 (failing to explain which allegations qualify as "non-fraudulent conduct").

Alleged review "manipulation." Without any factual basis, Defendants speculate that Whisker's CEO "caused the posting of false reviews." CC ¶ 16. This is predicated *entirely* on an

implausible inference that Whisker, on some unspecified "single day," received 20 positive reviews on Chewy.com (a retailer's website over which Whisker is not alleged to exercise any control) for an unspecified product or products, while Smarty Pear, over an unspecified period of time, and on an unspecified website, received an unspecified number of negative reviews (none of them described in the CC) for an unspecified product or products. *Id.* ¶ 17. Whisker's Motion explained in detail the logical leaps absent from this theory, as well as the impropriety of conflating both "Whisker" and its CEO for purposes of Rule 9(b). Mot. at 8; *see also Desfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming dismissal of "'everyone did everything' allegations"). Defendants ignore this entirely, merely insisting that the inference is plausible on its face, and that only *Whisker* knows the "specific means" of the alleged conduct. Opp. at 12. But the deficiencies highlighted in Whisker's Motion are not attributable to Defendants' supposed lack of information. *See Cloudera, Inc. v. Databricks, Inc.*, 2021 WL 3856697, at *6 (N.D. Cal. Aug. 30, 2021) ("Although courts may consider whether facts are peculiarly within the possession and control of the defendant, such latitude does not mean that conclusory allegations are permitted.").

Unlike in the cases they cite,[2] Defendants fail to articulate or attach a single false or misleading statement by Whisker.[3] Defendants therefore "shift the focus to the alleged broader scheme," but fail to plausibly allege any facts why a purported one-day jump in customer reviews—or the unspecified, supposedly "negative" reviews—are attributable to Whisker or its CEO. Defendants do not (or cannot) explain any characteristics of the alleged reviews, much less facts supporting Whisker's control over Chewy that could support an inference that they were "caused"

---

[2] *See Grasshopper House, LLC v. Clean and Sober Media, LLC*, 2018 WL 6118440, at *2 (C.D. Cal. July 18, 2018) (reviewer falsely claimed it was unbiased, when it was wholly owned by the plaintiff's competitor); *PAX Water Techs., Inc. v. Medora Corp.*, 2019 WL 4390567, at *9 (C.D. Cal. Aug. 5, 2019) (complaint "identifie[d] the precise misrepresentations at issue"); *Am. Bullions, Inc. v. Regal Assets, LLC*, 2014 WL 6453783, at *4 (C.D. Cal. Nov. 17, 2014) (allegations that "Defendants' websites" falsely claimed plaintiff was sued for fraud); *RingCentral, Inc. v. Nextiva, Inc.*, 2020 WL 4039322, at *3 (N.D. Cal. July 17, 2020) (allegation of false price comparison).

[3] Perhaps to distract from the lack of a single example of an allegedly false statement by Whisker, Defendants overplay an email allegedly sent to Smarty Pear by a third party who Defendants speculate is the "best friend" of Whisker's CEO. CC ¶ 26. Implausibly, the Opposition goes further, straining to tie that email to *six* claims on the basis that Whisker's CEO somehow "induced" it. Opp. at 4 (email "confirmed" defamatory reviews), 12 ("substantiated" unfair competition"); 15 ("substantiated" false advertising"). Although Whisker can readily prove that it was not involved in the email, that email does not convert Defendants' speculation into any plausible claim.

by Whisker's CEO.  *See BHRS Grp. LLC v. Brio Water Tech., Inc.*, 553 F. Supp. 3d 793, 801 (C.D. Cal. 2021) (dismissing Lanham Act and UCL claims based on alleged Amazon review manipulation where plaintiff did "not allege facts plausibly to show that any of the individual reviewers were controlled or paid by Brio, or otherwise acting on behalf of Brio").  Thus, these allegations do not state a claim.

"Highest Rated Litter Machine."  Whisker's Motion raised deficiencies—most ignored—regarding Defendants' allegation that Whisker falsely claimed "for an [unspecified] extended period" to sell the "Highest Rated Litter Machine."  Mot. at 4-5 (citing CC ¶ 19).  The CC (and Opposition) fail to allege plausible facts as to why this accused statement is a false, measurable statement of fact, much less how or why it is materially false.  There are no plausible allegations suggesting that at *all* relevant times, there were competitive products in every category, on every website, with "higher ratings" that would make the accused statement false.[4]  Indeed, the CC doesn't allege anything of the sort.  Both Whisker's Complaint and Defendants' CC *corroborate* this statement.  *See*, *e.g.*, SAC ¶¶ 19-20 (alleging Whisker's products have received best-in-class awards from many publishers and include the "best-reviewed self-cleaning litter box on Amazon"); CC ¶ 19 (conceding that at one point, Whisker's ratings exceeded Smarty Pear's).  As Whisker's Motion explained, the CC fails to allege materiality, commercial context, or injury.  Mot. at 6.  In Opposition, Defendants focus only on the element of falsity—arguing that "prior to [Whisker's] manipulation of Chewy's ratings Smarty Pear's ratings were significantly higher."  Opp. at 11.  Ratings where?  For what?  Was this statement in relation to *Chewy* product rankings or some *other* rankings?  *Compare* CC ¶ 17, *with id.* ¶ 19.  And if this allegation relates to some rating on Chewy's website, Defendants do not allege that the "Highest Rated" claim occurred *before* the rating of an unspecified product fell from 4.6 stars (which it apparently argues is "significantly higher" than Whisker's alleged 4.5 stars).  Especially under Rule 9(b), the CC fails to adequately put Whisker on notice of the claim, including: **(1)** what ratings, exactly? **(2)** What is "highest" rated? **(3)** Was

---

[4] *Cf. Indiaweekly.com, LLC v. Nehaflix.com, Inc.*, 2011 WL 13228167, at *15 (D. Conn. Jan. 19, 2011) (claim that website was "best Indian website" on Brittanica.com in spite of 3 of out 5 star review was not actionable as false because there was no cited evidence that there was a higher ranked Indian website on Brittanica.com).

it a rating for customer support, product effectiveness, or price?  **(4)** Does it relate to the total number of product ratings?  **(5)** Where and on which website?  **(6)** When—for all time, for any time?  **(7)** How and why, exactly, was this language *material,* false and misleading? and **(8)** how did it injure Defendants?  This sparse allegation cannot support a claim for false advertising or unfair competition.

<u>Undisclosed paid relationships</u>.  Defendants allege that Whisker failed to disclose paid affiliations with publishers, and that it "induced" the creation of a video that it "promoted."  CC ¶¶ 21, 22, 24.  Defendants fail to explain how this is unfair competition; even Defendants contend *they* contracted with an affiliate to publish content in exchange for advertising.  *Id.* ¶ 39.  Regardless, Defendants do not allege that *Whisker* made any false statement of fact during the alleged "promotion," foreclosing any false advertising liability.  Mot. at 4; *see infra* n.2.  Nor do Defendants allege Whisker—rather than the publisher—was under any duty to disclose any paid affiliation, which this Court has stated (and which Defendants ignore) dooms a UCL claim based on fraud by omission.  Mot. at 9 (citing *Sumer v. Carrier Corp.*, 2015 WL 3630972, at *1 (N.D. Cal. June 10, 2015)).  Accordingly, Defendants' UCL claim fails to allege any "unlawful" conduct (*i.e.*, false advertising), "fraudulent" conduct, or separately identified "unfair" conduct.  Mot. at 7 (citing *So v. HP, Inc.*, 2022 WL 16925965, at *5 (N.D. Cal. Nov. 14, 2022)).  For these reasons, Whisker's Motion should be granted based on these disjointed and speculative allegations, *see* CC ¶¶ 16-17, 19, 21-22, 24, 26, as well as the allegations waived in Defendants' Opposition, *see* Mot. at 4 (seeking dismissal relating to CC ¶¶ 18, 20, 29).

**B.    The CC Fails to Adequately Plead Tortious Interference (Counts 5-6).**

The CC does not plead plausible allegations in support of Defendants' interference claims, which are all based on alleged conduct *by third parties*—**not** Whisker.  To impute Chewy's alleged business decisions to Whisker, Defendants rely entirely on the conclusory term "induced."  CC ¶¶ 34 ("inducing Chewy to delay the original launch of Smarty Pear product"); 35 ("induced Chewy to delay smarty Pear's second product launch and to cease communications with Whisker"); 36 ("induced Chewy to disclose Smarty Pear's proprietary information to Whisker").  But "induced" is a conclusion, not a fact, and Defendants have failed to articulate any basis for concluding it was

Whisker—not Chewy—that was responsible for these decisions. That is especially so given that Chewy is a major company **not alleged to be controlled by Whisker**. *See Alert Enter., Inc. v. Rana*, 2023 WL 2541353, at *5 (N.D. Cal. Mar. 16, 2023) (dismissing interference claim with "no specific allegations to back up" theory that defendant "induced" third party's actions).[5] Tellingly, Defendants *concede* that they still have an ongoing relationship with Chewy, which continues to sell their products. But notwithstanding their argument that alleged disruption need not "cause Chewy to outright repudiate" its contract, Opp. at 9, the basic defect is that they do not plausibly allege any facts showing that Whisker was the party that caused any impairment to the alleged contract at all. Mot. at 9-10 (citing *Neo4J, Inc. v. PureThink, LLC*, 2023 WL 122402, at *6 (N.D. Cal. Jan. 6, 2023) (dismissing "barebones allegations" that "provided no basis for the Court to even infer that the supposed disruption was caused by Plaintiffs")).[6] Elsewhere, Defendants ignore that their speculation regarding a "relationship" between Whisker and Great Pet Media does not amount to a plausible allegation that Whisker somehow caused termination of Defendants' "advertising contract." Mot. at 12 (citing CC ¶ 41). And Defendants fail to address, and concede, Whisker's Motion directed to their entirely conclusory allegations regarding an "industry investor," "Radio Systems," and "various influencers / content creators." *Id.* (citing CC ¶¶ 43, 70-72).

Further, Defendants fail to defend their conclusory allegations of Whisker's knowledge and intent to interfere, which is also fatal to these claims. CC ¶¶ 32, 65, 71. In a remarkable display of circular reasoning, Defendants assert that they need not allege facts supporting Whisker's knowledge or intent because, "absent knowledge," "why would Whisker interfere with Smarty Pear's product launches?" Opp. at 8-9. They cite no cases for the proposition that merely alleging disruption is sufficient to allege knowledge of a contract (Chewy's, let alone any of the others) or

---

[5] This case is therefore distinct from *AlterG, Inc. v. Boost Treadmills LLC*, 2019 WL 4221599, at *13 (N.D. Cal. Sept. 5, 2019), where the plaintiff alleged exactly *how* it believed the defendant induced interference of a confidentiality agreement.

[6] Defendants also ignore their failure to allege that their contract with Chewy for the sale of products incorporated some purported obligation related to product launches or confidentiality. And, unlike the case Defendants cite, the CC alleges no interference with actual sales. *See Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 2015 WL 3488923, at *6 (N.D. Cal. June 2, 2015) ("large backlog of orders" allegedly caused by interference). Perhaps knowing this, Defendants expand their arguments to "Smarty Pear's contract or economic relationships with Chewy," but that is not reflected in the pleading. Opp. at 8-9; CC ¶¶ 70-72.

intent to disrupt. *See* Mot. at 9 (citing *Infectolab Ams., LLC v. ArminLabs GmbH*, 2021 WL 292182, at *4-5 (N.D. Cal. Jan. 28, 2021)) (dismissing "entirely conclusory" allegations of knowledge and intent).

Finally, Defendants ignore (and leave unopposed) Whisker's arguments relating to the inconsistency of the alleged contract with Chewy (and the absence of any allegations that it encompassed product launches or a duty of confidentiality), the inadequacies of the allegations regarding "statements" to Chewy under Rule 9(b), and the failure to allege any acts causing the termination of the Great Pet Media contract. Mot. at 10-12 (citing CC ¶¶ 14, 30, 32-38, 40-41, 43). For these reasons, Whisker's Motion should be granted.

### C. The CC Fails to Adequately Plead Declaratory Judgment (Counts 7-8).

To justify their tacked-on and conclusory declaratory judgment counterclaims for non-infringement and invalidity, Defendants simply repeat their recitation of the forthcoming deadline to serve invalidity contentions and cite three inapposite cases. *See* CC ¶¶ 77, 84; Opp. at 6-8. Defendants rely on cases in which the *complaint* sought declaratory judgments of non-infringement and/or invalidity, not *counterclaims*.[7] In fact, one of the cases cited by Defendants explicitly points to this distinction in explaining why it was not following court precedent where "a party's claim for patent non-infringement and invalidity were dismissed for failure to" state a plausible claim. *Am. Soc'y*, 2016 WL 4257448 at *3 (noting "these cases are distinguishable because they involve affirmative claims or counterclaims of direct patent infringement"). On the other hand, courts in this District have held on numerous occasions that conclusory *counterclaims* seeking declaratory judgment of non-infringement and/or invalidity should be dismissed.[8]

As to non-infringement, unlike the plaintiffs in the cases Defendants cite, Defendants were put on notice of Whisker's claims of infringement. *Compare ASUSTeK Comput.*, 2011 WL

---

[7] *See ASUSTeK Comput. Inc. v. AFTG-TG LLC*, 2011 WL 6845791 (N.D. Cal. Dec. 29, 2011); *MIS Sci. Corp. v. RPOST Commc'ns Ltd.*, 2016 WL 2931659 (N.D. Cal. May 19, 2016); *Am. Soc'y of Anesthesiologists v. BevMD, LLC*, 2016 WL 4257448 (S.D. Cal. Mar. 31, 2016).

[8] *See, e.g.*, *Ely Holdings Ltd. v. O'Keeffe's, Inc.*, 2019 WL 4071028, at *1 (N.D. Cal. Mar. 5, 2019); *J&K IP Assets, LLC v. Armaspec, Inc.*, 2018 WL 3428757, at *1 (N.D. Cal. July 16, 2018); *Infineon Techs. AG v. Volterra Semiconductor Corp.*, 2013 WL 12174301, at *1 (N.D. Cal. Feb. 7, 2013); *PageMelding, Inc. v. ESPN, Inc.*, 2012 WL 3877686, at *2 (N.D. Cal. Sept. 6, 2012); *Xilinx, Inc. v. Invention Inv. Fund I LP*, 2011 WL 3206686, at *6-7 (N.D. Cal. July 27, 2011); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 2004).

6845791, at *13 (recognizing a plaintiff seeking declaratory judgment of non-infringement may not be aware of many facts regarding alleged infringement past the products at-issue), *with* SAC (over 100 pages of detailed infringement allegations regarding Smarty Pear's accused products to which Defendants plead no facts in response). As such, Defendants' conclusory statement that they "have not directly or indirectly infringed" fails to provide Whisker with notice of the "true nature" of their claims. *Xilinx*, 2011 WL 3206686, at *6-7.

Defendants' invalidity counterclaims are equally deficient. The District's Patent Local Rules do not permit Defendants to relax the *Iqbal* pleading standard, as courts in this District have held. For example, in *Ely Holdings*, the Court held that "Supreme Court and Ninth Circuit precedent nevertheless requires applying the *Iqbal* pleading standard to 'civil actions generally,' including invalidity counterclaims." 2019 WL 4071028 at *1; *see also Xilinx*, 2011 WL 3206686 at *6 (same). Although accused infringers are permitted to serve invalidity contentions shortly after the pleading period, that does not absolve them from the pleading requirements. *See id.* (dismissal appropriate due to lack of factual allegations of invalidity); *see also J&K*, 2018 WL 3428757 at *2 (dismissing invalidity counterclaims that merely recite the applicable statutes); *PageMelding*, 2012 WL 3877686 at *2 (lack of factual details in invalidity counterclaim was fatal). For this reason, even if Defendants do serve invalidity contentions in the coming weeks, it does not cure their conclusory pleadings—which, notably, are broader than the scope of the invalidity contentions. *Compare* N.D. Cal. Patent L.R. 3-3(d) (requiring disclosure of invalidity based on 35 U.S.C. § 101, 112(1), or 112(2)), *with* CC ¶ 83 (alleging invalidity based on "one or more conditions for patentability" across entire Patent Act). Accordingly, Defendants' non-infringement and invalidity counterclaims are facially deficient and, in-line with this Court's precedent, should be dismissed.

**D.     The CC Fails to Adequately Plead Libel and Slander (Counts 9-10).**

Defendants argue that Whisker cherry-picked the six allegations identified in their slander and libel counts. Mot. at 11-12 (citing CC ¶¶ 89, 93). Not so. It is Defendants that cherry-picked and ignored many of those allegations in their Opposition. Opp. at 4-6 (ignoring, thus waiving, argument as to "slanderous statements to a major potential investor," "a disparaging email" sent to "all influencers," a "systematic approach to falsify unfavorable reviews," and "derogatory public

1  comments" made by a Whisker employee).  Meanwhile, Defendants allege generally that Whisker
2  (or its CEO) caused "false reviews," but do not identify even one statement by Whisker, allege any
3  particular "false review," or allege plausible facts that Whisker could be liable for any *third party's*
4  statement.  *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1314 (N.D. Cal.
5  1997) (dismissing "general allegations").  Defendants lean heavily on one or more alleged non-
6  contextualized, paraphrased, oral statements to Chewy—that "Whisker" supposedly stated an
7  *opinion* to "Chewy" that "Smarty Pear would no longer be in business," and/or that a Whisker
8  executive communicated unspecified "false information to Chewy creating the false impression
9  that something bad was happening to Smarty Pear[.]"  Opp. at 4-5; CC ¶¶ 37-38.  But these remain
10 insufficiently vague and internally inconsistent, as explained in Whisker's Motion.  Mot. at 14-15.
11 Defendants have no basis to assert that "Whisker or specific individuals at Whisker" amounts to
12 sufficient context to identify a speaker, especially absent any other facts.  Opp. at 5; *see* Mot. at 14-
13 15 (citing *Schrader Cellars, LLC v. Roach*, 2021 WL 9816545, at *5 (N.D. Cal. June 10, 2021)
14 (dismissing allegations without speakers, recipients, timing, and context)).

15     And *even if* certain of the alleged statements were well-pleaded (they are not), they are
16 protected by the California litigation privilege **and** *Noerr-Pennington* doctrine as a necessary
17 consequence of enforcement of intellectual property rights and seeking a permanent injunction
18 (ending Smarty Pear's infringing sales) in the present suit.  Mot. at 14-15 (citing CC ¶¶ 37, 38, 89).
19 Indeed, Defendants' Opposition totally ignores application of California's litigation privilege,
20 which is "broader."  *See hiQ Labs, Inc. v. LinkedIn Corp.*, 2022 WL 18399982, at *11 (N.D. Cal.
21 Nov. 4, 2022).  As Whisker explained, the litigation privilege protects statements with "some
22 connection or logical relation to the action," including communications to a defendant's business
23 partners putting them on notice of intellectual property infringement or other issues in suit.  *See*
24 *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1079 (N.D. Cal. 2006) (infringement
25 finding "would have significantly increased the legal liability of the letter recipients"); *Tuck*
26 *Beckstoffer Wines LLC v. Ultimate Distributors, Inc.*, 682 F. Supp. 2d 1003, 1019 (N.D. Cal. 2010)
27
28

(statement to buyers that the "quality" of defendant's product had "deteriorated" was privileged).[9] The accused defamatory statements are privileged because they effectively restate Whisker's IP claims, such as the purported statement that "Smarty Pear was a cheap Chinese knockoff." CC ¶ 29.[10]

In response, Defendants now assert a handful of *separate* allegations not reflected in Counts 9-10. Opp. at 4-5. It is hard to understand how this mix-and-match approach could put Whisker on notice of liability as to *any* claim. Regardless, these allegations do not state defamation claims either. For example, an alleged statement to a Smarty Pear affiliate, based on double hearsay, merely recites the basis of Whisker's intellectual property claims against Defendants in the present litigation to a business affiliate. CC ¶ 23. It, too, is privileged, as Whisker explained. Mot. at 15. A laundry list of alleged statements sent to unspecified "influencers / content creators" is too vague for the reasons discussed in Whisker's false advertising arguments, which Defendants avoid. Mot. at 4-6 (citing CC ¶ 29).

For these reasons and those stated in the Motion, Defendants' defamation claims should be dismissed—both as to the specific allegations that they failed to defend, *see* Mot. at 11-12 (citing CC ¶¶ 89, 93) and as to the newly argued deficient allegations, CC ¶¶ 23, 26, 28, 29, 37, 38.

Dated:  July 5, 2023                              COOLEY LLP

                                                  By: /s/ Bobby A. Ghajar
                                                      Bobby A. Ghajar
                                                      Ari Lipsitz
                                                      Beth Shrieves

                                                  *Attorneys for Plaintiff / Counterclaim-Defendant*
                                                  Automated Pet Care Products, LLC d/b/a Whisker

---

[9] For this reason, Defendants' cases are inapplicable. *See Luxpro Corp. v. Apple Inc.*, 2011 WL 1086027, at *6 (N.D. Cal. Mar. 24, 2011) (communications did not "mention any potential litigation or enforcement of intellectual property rights"); *Brown v. Wireless Networks, Inc.*, 2008 WL 1859990, at *4 (N.D. Cal. Apr. 24, 2008) (no relationship to issues in lawsuit).

[10] Discovery has shown that Defendants' product *is* based on the fundamental design of the imported product alleged in Whisker's Complaint.

1   *[Full Counsel List]*

2   ARI LIPSITZ *[Pro hac vice]*
    (alipsitz@cooley.com)
3   55 Hudson Yards
    New York, NY 10001
4   Telephone:   (212) 479-6692
    Facsimile:    (212) 479-6275

5   BETH SHRIEVES *[Pro hac vice]*
    (bshrieves@cooley.com)
6   1299 Pennsylvania Avenue, NW, Suite 700
    Washington, DC 20004
7   Telephone:   (202) 776-2196
    Facsimile:    (202) 842-7899

8

9   Attorneys for Plaintiff / Counterclaim-Defendant
    Automated Pet Care Products, LLC d/b/a Whisker