COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:      (310) 883-6400
Facsimile:       (310) 883-6500

*[Full Listing on Signature Page]*

Attorneys for Plaintiff
Automated Pet Care Products, LLC d/b/a Whisker

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>Defendants. | Case No. 3:22-cv-04261-VC (SK)<br><br>**WHISKER'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Judge: Hon. Vince Chhabria<br>Date:  August 17, 2023<br>Time:  10:00 a.m.<br>Courtroom: 4 – 17th floor |
| PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>Counterclaim-Defendant. | |

1    **I.    INTRODUCTION**

2             Pursuant to Federal Rule of Civil Procedure Rule 15(a) and the Court's Scheduling Order,

3    Plaintiff / Counterclaim-Defendant Automated Pet Care Products, LLC d/b/a Whisker ("Whisker"),

4    moves the Court for leave to file a proposed Third Amended Complaint ("TAC"), filed concurrently

5    with this motion as **Exhibit A,** to address new, willful trademark infringement by Defendants of

6    Whisker's corporate tagline.   This infringement further exposes Defendants PurLife Brands'

7    (Smarty Pear) and its owner Chris Madeiras' plan and practice to copy Whisker's products,

8    branding, website, and advertising.   Whisker's TAC is timely, does not cause prejudice to

9    Defendants, and should be permitted.

10   **II.   PROCEDURAL BACKGROUND**

11            Whisker filed this lawsuit on July 22, 2022 for *inter alia*, patent infringement, trademark

12   infringement of its LITTER-ROBOT® mark, and false advertising relating to the deceptive way

13   that Defendants promoted their automated litter box product. Dkt. 1. With Defendants' permission,

14   Whisker amended its complaint on September 22, 2022 to add a patent claim based on a recently-

15   issued patent. Dkt. 23.  On October 12, 2022, Defendants moved to dismiss all of the claims.  Dkt.

16   29.  After hearing oral argument, the Court issued two orders.[1]  As to the trademark claims, the

17   Court held that the likelihood of confusion factors "weigh decidedly in Whisker's favor," and

18   denied Defendants' motion to dismiss the trademark, false designation of origin, and unfair

19   competition claims based on Defendants' alleged uses of Whisker's marks.  Dkt. 55 at 9.  At the

20   Initial Case Management Conference, the Court addressed Defendants' trademark infringement,

21   remarking on the "obvious sort of intent" to "mislead the public by using these terms like Litter-

22   Robot."  CMC Hr'g Tr. at 4:-4-6 (May 12, 2023).  The Court set a case schedule, initially with a

23   July 10, 2023 deadline to amend pleadings.  Dkt. 65 (ordering adoption of Whisker's proposed

24   schedule, with proposed order to be submitted to Court); Dkt. 60 at 15. The parties stipulated to

25   move that deadline to July 24, 2023, which the Court granted.  Dkt. 91.

26

27   ---
[1] Following the Court's ruling relating to one of its patent claims, Whisker also amended its
Complaint to address the Court's concerns.  Dkt. 56 at 5.

28

1                                                       **[PROPOSED] ORDER GRANTING LEAVE TO
                                                         FILE THIRD AM. COMPLAINT
                                                         CASE NO. 3:22-CV-04261-VC (SK)**

1    Whisker now seeks an order permitting it to file the proposed TAC.

2    **III.    ARGUMENT**

3         **A.    Legal Standard**

4         Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be

5    freely given when justice so requires." The U.S. Supreme Court, the Ninth Circuit, and this Court

6    have reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs,*

7    *Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *Foman v. Davis*, 371 U.S.

8    178, 182 (1962) (leave to amend should be freely given); *see also Eminence Capital, LLC v.*

9    *Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). The primary factors relied upon by the Supreme

10   Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay,

11   prejudice to the opposing party, and futility of the amendment." *DCD Programs*, 833 F. 2d at 186.

12   None of those factors are present here.

13        **B.    Nature of Amendment**

14        As the Court observed in its denial of Defendants' motion to dismiss Whisker's trademark

15   infringement claims, Defendants' intent to trade off of Whisker's goodwill appears "transparent."

16   Dkt. 55 at 8-9. Caught red-handed, and after reaping the benefits of its false association with

17   Whisker, Defendants now brush aside that infringement, even while admitting that at least a tenth

18   of all its social media marketing copied Whisker's LITTER-ROBOT® mark and that Defendants'

19   use was intended to invoke Whisker's product. These excuses are contrary to arguments

20   Defendants made in motion to dismiss (which suggested that their use was "descriptive").

21        Defendants' conduct—copying Whisker's website, marketing, products, and trademarks—

22   has been calculated, intentional, and part of a larger pattern to freeride on Whisker's goodwill and

23   reputation. Unfortunately, Defendants' infringement did not stop at Whisker's well-known

24   LITTER-ROBOT® trademark. In recent months, Defendants have begun infringing Whisker's

25   federally-registered NEVER SCOOP AGAIN® trademark, which Whisker has used in advertising

26   for the last decade in print, digital, and broadcast advertising and is part of the core Whisker brand.

27   *See* Ex. A ¶¶ 28-29 (alleging registration, common law use and advertising); Ex. 7 (attaching

28   registration). Indeed, that trademark was registered with the USPTO before Defendant Smarty Pear

was even in business.  Defendants have used Whisker's trademark in online advertising of its competing automated litter box product.  For example, as shown in the proposed TAC, Defendants display Whisker's NEVER SCOOP AGAIN® trademark in search engine advertisements linking to Smarty Pear's website, including in response to keyword searches for Whisker's products.  *See* Ex. A ¶¶ 28, 29, 49.  This is not a coincidence: Defendants are intentionally trying to confuse relevant consumers into believing that Smarty Pear has an association with Whisker or its LITTER-ROBOT® product line.  As shown below, one of Defendants' online advertisements leads with "Smarty Pear" followed by Whisker's registered NEVER SCOOP AGAIN mark, along with a link



to Smarty Pear's website, and appears *against* a search for Whisker's Litter-Robot 4 product: *Id.* ¶ 49.  This misleading and confusing use of Whisker's trademark creates the impression that Defendants' products are related to, affiliated with, or sponsored by Whisker (they are not), in violation of Whisker's rights under common law, state, and federal trademark and unfair competition law (Counts 3-4, 8-9).  *See id.* ¶¶ 113-134, 159-169.  The proposed TAC addresses Defendants' latest and ongoing acts of infringement and unfair competition.

### C.    Amendment Should be Permitted Here

Whisker's TAC is timely, should be allowed, and will not cause undue prejudice.  First, amendment is within the time to amend pleadings.  Dkt. 65; Dkt. 91.  Moreover, this case is still months away from the close of fact discovery.  Defendants have barely served discovery relating to Whisker's trademark claims (*e.g.*, a single request for documents that "evidence, support, refer, or relate" to Whisker's allegation of consumer confusion, *see* Dkt. 58 ¶ 49); instead, Defendants' discovery relates almost exclusively to their purported Counterclaims.  Should they choose to do so, Defendants have ample time to seek discovery on these new allegations, although it is worth noting that information relating to Defendants' latest trademark infringement is in *their* possession.

Second, Whisker promptly filed this motion within a reasonable time after learning of the

new facts alleged in the TAC, and within the deadline set by the Court to seek leave to amend. There could be no argument that Whisker somehow engaged in "undue delay" in seeking this amendment—especially as the parties continue to litigate the scope of the existing pleadings.  Dkt. 69 (Defendants' motion to dismiss Count 1); Dkt. 82 (Whisker's motion to dismiss all counterclaims).  Nor can Defendants show any bad faith or futility, given that the new alleged use of Whisker's federally-registered trademark is consistent with prior allegations of trademark infringement that this Court already found plausible.  *See* Dkt. 55.

        For the foregoing reasons, Whisker respectfully requests leave of this Court to file the proposed TAC.

                                        Respectfully Submitted,


Dated:  July 12, 2023                   COOLEY LLP



                                        By: */s/ Bobby Ghajar*
                                        _____
                                            Bobby A. Ghajar
                                            Ari Lipsitz
                                            Beth Shrieves

                                        *Attorneys for Plaintiff*
                                        Automated Pet Care Products, LLC d/b/a
                                        Whisker



*[Full Counsel List]*

ARI LIPSITZ *[Pro hac vice]*
(alipsitz@cooley.com)
55 Hudson Yards
New York, NY 10001
Telephone:     (212) 479-6692
Facsimile:     (212) 479-6275

BETH SHRIEVES *[Pro hac vice]*
(eshrieves@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone:     (202) 728-7148
Facsimile:     (202) 842-7899

Attorneys for Plaintiff

Automated Pet Care Products, LLC d/b/a Whisker