UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATED PET CARE PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PURLIFE BRANDS, INC. D/B/A SMARTY PEAR, A DELAWARE CORPORATION, et al.,<br><br>Defendants. | Case No.  22-cv-04261-VC<br><br>**ORDER GRANTING SMARTY PEAR'S MOTION TO DISMISS WHISKER'S PATENT INFRINGEMENT CLAIM AND GRANTING WHISKER'S MOTION TO DISMISS SMARTY PEAR'S COUNTERCLAIMS**<br><br>Re: Dkt. Nos. 69, 82 |

For the reasons discussed at the hearing, Whisker's motion to dismiss Smarty Pear's counterclaims is granted. *See* Dkt. No. 82. Dismissal is with leave to amend. If Smarty Pear believes in good faith it can allege the counterclaims with adequate specificity, it must file amended counterclaims within 14 days of this order.

Smarty Pear's motion to dismiss Whisker's patent infringement claim based on the '185 patent is granted. *See* Dkt. No. 69. As to this claim, Whisker's Second Amended Complaint suffers from the same deficiency the Court noted in its prior order—the photos in the complaint belie the assertion that any portion of the rear of the chamber remains uncovered in the Leo's Loo products. *See* Dkt. No. 56 at 1; *see also* Dkt. No. 58 at 11, 31. Last time, Whisker tried to overcome this problem by depicting the Leo's Loo products in disassembled form in its claim chart. *See* Dkt. No. 56 at 1; Dkt. No. 25-1 at 94. This time, Whisker concedes the product must infringe the patent in its assembled form but argues that the patent requires only that a portion of the rear of the chamber remain uncovered *by the bonnet*, even if that same portion is covered by

some other part, such that no portion of the rear of the chamber in fact remains uncovered. Dkt. No. 74 at 5–7.

On Whisker's reading, the patent claim would seem to capture a device whose front is fully covered too—so long as it is not fully covered *by the bonnet*. *See* Dkt. No. 58-1 at 29 (describing "a bonnet, which … extends over the portion of the chamber so that *a front and a rear* of the outside wall of the chamber remain uncovered by the bonnet[.]") (emphasis added). One wonders how a pet would ever make its way into such a device. *See id.* (besides the bonnet, describing only a "support base"—without any opening through which a pet might enter—and a "chamber" with "an entry opening" that, according to Whisker's reading, could be fully sealed upon placement of the bonnet on the support base). In any event, the drawings in the patent itself—which is attached as an exhibit to the operative complaint—make clear that the claim language means what it sounds like: a "band-like shape[d]" bonnet extends over the chamber, attaching to the support base on either side of the chamber, leaving the front and the back of the chamber uncovered. *See* Dkt. No. 58-1 at 4–5.

This is not a matter of claim construction, as Whisker insists. Whisker's reading of the claim elements is simply implausible on its face, and so its patent infringement claim must be dismissed. Given that Whisker's own images and claim charts demonstrate that no portion of the rear of the chambers in the Leo's Loo products remains uncovered when the product is fully assembled, further amendment would be futile, and so dismissal of this claim is with prejudice.

**IT IS SO ORDERED.**

Dated: July 17, 2023

_____

VINCE CHHABRIA
United States District Judge