**MCCAULLEY LAW GROUP LLC**

JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (pro hac vice)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

Attorneys for Defendants

PURLIFE BRANDS, INC., d/b/a SMARTY PEAR,
and CHRIS MADEIRAS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>        Plaintiff,<br>    v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>        Defendants. | Case No. 3:22-cv-04261-VC<br><br>Defendants' Opposition To Whisker's Motion For Leave To File Proposed Third Amended Complaint<br><br>Hearing: August 17, 2023<br>Time: 10:00 AM<br>Courtroom: 4-17th Floor<br>Judge: Hon. Vince Chhabria |

Defendants Smarty Pear and Chris Madeiras (collectively referred to as "Smarty Pear") oppose Plaintiff Whisker's motion for leave to file the proposed Third Amended Complaint (Dkt. No. 93-2) unless the repeated allegations relating to the previously dismissed '185 patent and the non-actionable statements alleged to support Whisker's false advertising claims are removed prior to filing. To the extent Whisker's insists on filing a Third Amended Complaint that reasserts allegations and claims which are no longer pertinent to nor part of this case as a result of this Court's prior rulings, Smarty Pear objects.

More specifically, Smarty Pear objects to paragraphs 22, 23, 24, 25's reference to the '185 patent, 37, 38, 39, 40, 55, and 71 through 93 of the proposed pleading because they relate solely to Whisker's infringement claim against Smarty Pear based on the '185 Patent.[1] *See* Dkt. No. 93-2. This Court granted Smarty Pear's motion to dismiss (Dkt. No. 69) Whisker's patent infringement claim based on the '185 patent with prejudice. *See* Dkt. No. 95.

Smarty Pear additionally objects to paragraphs 33, 34, 35, 36, 48, 66, 67 and 68 because they contain allegations based on statements that are non-actionable. *See* Dkt. No. 93-2. This Court previously granted in part Smarty Pear's motion to dismiss (Dkt. No. 29) with respect to some of Whisker's false advertising allegations. *See* Dkt. No. 56 at 3. Specifically, the Court ruled that "Whisker's false advertising claims (Counts 6 and 7) survive on the basis of some but not all of the allegedly false statements." *Id.*

As examples of Whisker's allegations deemed insufficient to support its false advertising claims, the Court cited to statements like "[w]e've packed Leo's Loo with features that make it one

---

[1] Additionally, the reference to "Leo's Loo" being an infringement of Whisker's patents should be deleted from the third sentence of the second paragraph of the "INTRODUCTION" section of the proposed TAC. *See* Dkt. No. 93-2 at p.2, lines 19-21.

of the most convenient self-cleaning litter boxes available" and "[w]e designed Leo's Loo with kitty safety in mind...so our feline friends are always safe when they step inside". *Id.* The Court characterized these statements as "classic, non-actionable puffery." *Id.* The Court also found that Whisker's allegations regarding supposedly falsifiable statements that likely mislead consumers into believing that Smarty Pear's products are made in California when they are manufactured in China is "strained and unconvincing". *Id.* Turning to Whisker's allegations based on the content of Smarty Pear's website video, the Court ruled that the description of the Leo's Loo Too as "the smartest self-cleaning litter box" constituted "classic puffery" and that "the context here reinforces the conclusion that the statement is not actionable." *Id.*

The objectionable paragraphs in Whisker's Third Amended Complaint attempt once again to support its claims for false advertising in part by repeating allegations linked to statements which this Court has previously concluded and ruled are non-actionable. Specifically:

<u>Paragraphs 33, 34, 35, 36</u> - Whisker's allegations include: *"[w]e designed Leo's Loo with kitty safety in mind."* (emphasis added)*; Similarly, Smarty Pear's website states, "we've packed the Leo's Loo with features that make it one of the most convenient self-cleaning litter box [sic] available."* (emphasis added); alleging statements constitute false advertising because they intended to create the impression that Leo's Loo was designed and manufactured in California by Smarty Pear.

<u>Paragraph 48</u> - Whisker alleges: *Smarty Pear and Madeiras produced a "How It Works" video for Leo's Loo that is nearly identical in script to Whisker's video for the LITTER-ROBOT product.* (emphasis added).

Paragraph 66 - Whisker's allegations include: *Smarty Pear and Madeiras assert in the initial press release that Leo's Loo Too is the "first ever" app connected self-cleaning litter box.* (emphasis added).

Paragraph 67 - Whisker's allegations include: *Smarty Pear's website* [states] *that Leo's Loo Too is "The Smartest Self-Cleaning Litter Box." In this context, the word "smartest" specifically refers to a subset of features touted by Smarty Pear and Madeiras. For example, the Leo's Loo Too webpage features a video stating "Say Hello to the Smartest Self-Cleaning Litter Box"; the video identifies the following features of Leo's Loo Too: (1) self-cleaning; (2) voice controls; (3) app connection; (4) pet sensing; and (5) post-exit cleaning.* (emphasis added).

Paragraph 68 - Whisker's allegations include: *Thus, consumers may plausibly understand "smartest" to refer to the fact that each of the above features is present in Leo's Loo Too. The necessary implication of "smartest" is that other products in the market lack those features.*; *Accordingly, Smarty Pear and Madeiras's factual representation that Leo's Loo Too is the "smartest self-cleaning litter box" is false and misleading.* (emphasis added).

Consequently, the paragraphs relating to the dismissed '185 patent and the paragraphs repeating non-actionable statements to support false advertising claims, to which Smarty Pear objects, constitute immaterial and/or impertinent matter in Whisker's proposed Third Amended Complaint.[2] As such, the Court may strike those paragraphs from Whisker's proposed pleading

---

[2] After entry of the Court's order dismissing the '185 patent infringement claim with prejudice, Smarty Pear's counsel advised Whisker's counsel that Defendants' opposition to the motion for leave to file the proposed Third Amended Complaint was limited to certain objectionable paragraphs: 22-24, 33-40, 48, 55, 66 and 68. Smarty Pear's counsel indicated that Defendants would not oppose the motion if Whisker would withdraw those particular paragraphs. Whisker's counsel declined to do so.

and Smarty Pear respectfully submits that the Court should do so pursuant to Federal Rule of Civil Procedure 12(f)(1).

Smarty Pear is particularly sensitive to this issue because Whisker has in the past advised inquiring third parties of its lawsuit against Smarty Pear and referred such third parties to Whisker's publicly available federal complaint for specific information about Smarty Pear's allegedly illegal activities. One example of such conduct occurred during the CatCon Convention held at the Pasadena Convention Center in California during October 1-2, 2022. At that trade show, a Whisker employee at Whisker's booth responded to an attendee's questions about Whisker's and Smarty Pear's products by stating that Whisker had sued Smarty Pear for patent infringement and that more information about that litigation could be found online in the court file. It is, therefore, essential that Whisker's publicly available court filings against Smarty Pear accurately reflect the true nature and scope of Whisker's claims in order to ensure that unsophisticated members of the public who are invited to and might examine Whisker's Third Amended Complaint are not mislead.

For the foregoing reasons, Whisker's Motion for Leave to file the proposed Third Amended Complaint should be denied as to the proposed paragraphs Smarty Pear opposes and has objected to, namely one sentence in the "INTRODUCTION" section, and the following paragraphs 22-24, 25's reference to the '185 patent, 33-40, 48, 55, 66, 67, 68, 71 through 93. A proposed order is attached hereto.

Dated: July 26, 2023                **MCCAULLEY LAW GROUP LLC**

                                    By: */s/ Richard T. McCaulley*
                                    RICHARD T. MCCAULLEY (*pro hac vice*)
                                    E-Mail: richard@mccaulleylawgroup.com
                                    180 N. Wabash Avenue, Suite 601
                                    Chicago, Illinois 60601
                                    Telephone: (312) 330-8105

JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

# **[PROPOSED] ORDER**

**IT IS SO ORDERED** that Plaintiff is granted leave to file the Third Amended Complaint attached to Whisker's Motion (Dkt. No. 93) as Exhibit A (Dkt. No. 93-2), except that (1) the reference to "Leo's Loo" being an infringement of Whisker's patents should be deleted from the third sentence of the second paragraph of the "INTRODUCTION" section of the proposed TAC *See* Dkt. No. 93-2 at p.2, lines 19-21; (2) proposed paragraph 25's reference to the '185 patent should be deleted; and (3) proposed paragraphs 22-24, 33-40, 48, 55, 66, 67, 68 and 71 through 93 shall all be deleted in their entirety from the proposed pleading which Whisker is granted leave to file pursuant to this Order.

Dated: _____, 2023

_____
Hon. Vince Chhabria
United States District Judge