COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:   (310) 883-6400
Facsimile:    (310) 883-6500

BETH SHRIEVES *[Pro hac vice]*
(eshrieves@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone:   (202) 728-7148
Facsimile:    (202) 842-7899

Attorneys for Plaintiff
Automated Pet Care Products, LLC d/b/a Whisker

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>Defendants. | Case No. 3:22-cv-04261-VC (SK)<br><br>**WHISKER'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Judge: Hon. Vince Chhabria<br>Date:  August 17, 2023<br>Time:  10:00 a.m.<br>Courtroom: 4 – 17th floor |
| PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>Counterclaim-Defendant. | |

Whisker's Motion for Leave to File the Third Amended Complaint ("Motion") sought the Court's permission to add a claim to address new, brazen infringement by Defendants of yet another one of Whisker's registered trademarks – this time, the NEVER SCOOP AGAIN® trademark, a mark Whisker has used for over 10 years and registered before Defendants were in business. In Opposition, Defendants avoid the merits of the motion: there is no discussion of Rule 15, argument that the amendment is futile, or any discussion of delay or prejudice that Defendants might suffer if amendment were allowed. In fact, there is no discussion of the proposed amendment at all. Effectively, Defendants concede Whisker's Motion on the merits.

Instead, the focus of Defendants' Opposition is on allegations in the proposed Third Amended Complaint ("TAC") that relate to the '185 patent claim the Court dismissed *after* Whisker filed the Motion and proposed TAC.[1] Rather than filing an opposition to Whisker's Motion to Amend, the simpler course would have been for Defendants not to answer those portions of the TAC – citing the Court's Order. Whisker even offered to lodge a TAC that added a footnote indicating that the Court's Order dismissed the '185 claim. *See* Exhibit 1 (email correspondence). Defendants said they would consider that option, but as of the time of this filing, had not responded further. Regardless, the TAC's inclusion of the later-dismissed '185 patent claim is not a basis to deny Whisker's Motion.[2]

Defendants' Opposition also points to Paragraphs 33, 34, 35, 36, 48, 66, 67 and 68 of the proposed TAC (ECF 104 at 1–3), but those gripes – essentially an untimely motion to strike that fails to address the relevant standard – are hardly a reason to oppose Whisker's proposed amendment. As an initial matter, these cited allegations provide relevant background and context regarding Defendants' course of conduct, regardless of whether they might support a standalone

---

[1] In terms of chronology: on July 12, Whisker filed the Motion, attaching the proposed TAC (ECF 93). At that time, although Defendant's Motion to Dismiss Second Amended Complaint as to 1st Cause of Action: '185 Patent (ECF 69) ("Motion to Dismiss") was fully briefed, the Court had not yet issued any ruling. Thus, the '185 patent was then in the case and the proposed TAC simply included the previously pled cause of action for patent infringement. Five days later, on July 17, the Court issued its Order dismissing the '185 infringement claim.

[2] Separately, Paragraphs 38–40 of the proposed TAC contain allegations relating to Whisker's initial April 14, 2021 cease-and-desist letter to Smarty Pear and Smarty Pear's response and activities thereafter. These paragraphs lay the groundwork for the instant action and have relevance beyond supporting the dismissed patent claim.

false advertising claim. For instance, Paragraph 48 alleges that the script in a video describing Smarty Pear's Leo's Loo product is nearly identical to Whisker's video describing its LITTER-ROBOT® product, which is relevant to Whisker's unfair competition and false association claims, as well as Defendants' willfulness and credibility. Second, Defendants' position is not well-taken given that they *already answered these same allegations* **after** the Court's April 21, 2023 Order Granting in Part and Denying Part Motion to Dismiss (ECF 56) ("April 21 Order"). (*See* ECF 68 at 13–17, 22, 31–33.) Defendants could have moved to strike these allegations after the Second Amended Complaint was filed but did not. Instead, it is now improperly taking advantage of Whisker's Motion, intended for a different purpose, to ask that these relevant allegations are withdrawn after the fact. As another example of an overreach, Defendants "object" to Paragraph 66 of the proposed TAC, which relates to Defendants' claim that the Leo's Loo Too product is the "first ever" app connected self-cleaning litter box. However, the Court held that Whisker adequately alleged false advertising based on this claim. (*See* ECF 56 at 3.)

Defendants' concern that members of the public will see the TAC and be confused about the nature and scope of Whisker's claims against them is groundless. Defendants point to an uncorroborated example from ten months ago where a Whisker employee allegedly pointed a trade show attendee to the docket in this case for more information regarding Whisker's patent infringement claims against Smarty Pear. Hardly a "pattern of behavior" that might justify its concerns, if Defendants really believe that people are pulling the docket from this case and reviewing selected pleadings, those same people have access to earlier-filed complaints, the Court's orders, and Defendants' answer. There is no indication that an unsophisticated member of the public viewing the online court files would read a "Third Amended Complaint" as opposed to the original Complaint, or reach conclusions based solely on that reading – and those who might are also likely to read the other materials in the case file, including the Court's July 17 and April 21 Orders.

In summary, Defendants offer no basis to deny Whisker's Motion. Whisker has no objection to Defendants declining to answer allegations relating to the '185 patent. If the Court would prefer, Whisker would file a revised version of the proposed TAC that removes those

allegations but, to preserve its rights, include a footnote indicating, ""Whisker previously asserted infringement of U.S. Patent No. 9,433,185 ("'185 patent"). (See D.I. 58.) On July 17, 2023, the Court granted Defendant's motion to dismiss the '185 patent. (D.I. 95.) Plaintiff respectfully disagrees with the Court's Order, maintains that the '185 patent is infringed, and necessarily reserves all rights to appeal the Court's Order dismissing the '185 patent at the appropriate time." But Whisker should not be required to remove the other allegations raised in the Opposition, including those contained in Paragraphs 33–36, 38–40, 48, 66, 67 and 68.

For the foregoing reasons, Whisker respectfully asks the Court to grant the Motion and allow it to file the proposed TAC.

Respectfully Submitted,

Dated: August 2, 2023           COOLEY LLP

By: */s/ Bobby Ghajar*
    Bobby A. Ghajar
    Colette Ghazarian
    Beth Shrieves

*Attorneys for Plaintiff*
Automated Pet Care Products, LLC d/b/a Whisker

289298907