**MCCAULLEY LAW GROUP LLC**
JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

Attorneys for Defendants, Counterclaim-Plaintiffs

PURLIFE BRANDS, INC., d/b/a SMARTY PEAR,
and CHRISTOPHER MADEIRAS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>　　　　Plaintiff and Counterclaim-Defendant,<br><br>　　v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>　　　　Defendants and Counterclaim-Plaintiffs | Case No. 5:22-cv-04261-PCP<br><br>Defendants' Request<br>for Judicial Notice re<br>Defendants' Motion for Judgment<br>On the Pleadings<br><br>Hearing: October 12, 2023<br><br>Time: 10:00 AM<br>Courtroom 8, 4th Floor<br>Judge: Hon. P. Casey Pitts |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 12, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled court located 280 South 1st Street, San Jose, California 95113, in connection with the hearing on the motion for Judgment on the Pleadings, Defendants PurLife Brands, Inc. and Chris Madeiras (collectively, "Smarty Pear") will and hereby do request, pursuant to Rule 201 of the Federal Rules of Evidence, that the Court take judicial notice of the following:

1. U.S. Patent No. 6,463,881, incorporated by reference into the asserted '502 patent at Column 1, Lines 25-29, which was downloaded from the United States Patent and Trademark Office's official website at https://ppubs.uspto.gov/pubwebapp/static/pages/ppubsbasic.html. *See* McCaulley Declaration ¶ 2.

2. U.S. Patent No. 8,757,094, incorporated by reference into the asserted '502 patent at Column 1, Lines 25-29, which was downloaded from the United States Patent and Trademark Office's official website at https://ppubs.uspto.gov/pubwebapp/static/pages/ppubsbasic.html. *See* McCaulley Declaration ¶ 3.

A court considering a motion may take judicial notice of undisputed matters of public record. Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). "Under the incorporation by reference doctrine, courts may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in original); ("Even if a document is not attached to a

complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). The court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) and no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under 12(b)(6).'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

The patent documents referenced above are incorporated by reference in the Background section of the asserted '502 Patent: "Examples of some automated litter boxes which may be particularly beneficial may be found in U.S. Pat. Nos. 6,463,881; 8,757,094; and 9,433,185 and U.S. Provisional Application No. 62/837,965 which are incorporated by reference herein in their entirety for all purposes." '502 Patent at 1:25-29. The cited information is central to Whiskers' claims at least because whether the '502 patent claims include any nonconventional elements depends on the prior art patents that are incorporated by reference. Moreover, neither Whisker nor Smarty Pear can question the authenticity of these issued patents. *See, e.g.*, *X One, Inc. v. Uber Techs., Inc.*, 239 F. Supp. 3d 1174, 1182 n.1 (N.D. Cal. 2017) (granting "judicial notice of two patents that are listed in the specification of the X One Patents" attached to the Complaint, and noting that "Patents are 'matter[s] of public record and the proper subject of judicial notice'" (quoting *Sebastian Brown Prods. LLC v. Muzooka Inc.*, 2016 U.S. Dist. LEXIS 33483, 2016 WL 949004, at *5 (N.D. Cal. Mar. 14, 2016)).

Accordingly, the Court may consider the above-listed documents and information in ruling on Smarty Pear's Motion for Judgment on the Pleadings.

Dated: August 31, 2023          **MCCAULLEY LAW GROUP LLC**

By: /s/ Richard T. McCaulley
RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105


JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

Attorneys for Defendants, Counterclaim-Plaintiffs

PURLIFE BRANDS, INC., d/b/a SMARTY PEAR, and CHRISTOPHER MADEIRAS