**MCCAULLEY LAW GROUP LLC**
JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

Attorneys for Defendants, Counterclaim-Plaintiffs

PURLIFE BRANDS, INC., d/b/a SMARTY PEAR,
and CHRISTOPHER MADEIRAS

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>       Defendants. | Case No. 5:22-cv-04261-PCP<br><br>Defendants Smarty Pear and Christopher Madeiras' Opposition to Motion to Dismiss Amended Counterclaims<br><br>Hearing: October 12, 2023<br>Time: 10:00 AM<br>Courtroom: 8-4th Floor<br>Judge: Hon. P. Casey Pitts |
| PurLife Brands, Inc. d/b/a Smarty Pear, and Chris Madeiras,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>Automated Pet Care Products, LLC d/b/a Whisker,<br><br>    Counterclaim-Defendant. | |

**TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION.................................................................................................1

II.   BACKGROUND................................................................................................2

III.  APPLICABLE LEGAL STANDARDS...............................................................2

      A.   Motion to Dismiss Standard....................................................................2

      B.   Rule 9(b) Heightened Pleading................................................................4

IV.   ARGUMENT......................................................................................................5

      A.   The ACC Sufficiently Pleads A Non-Infringement DJ Counterclaim....................5

      B.   The ACC States Plausible Defamation Counterclaims..........................................6

      C.   The ACC States Plausible Counterclaims For Tortious Interference With
           Contract & Intentional Interference With Prospective Economic Relations..........7

           1.  Smarty Pear Alleges Whisker Has
               Interfered With Certain Contracts........................................................7

           2.  Smarty Pear Alleges Whisker Has Interfered With Its Prospective
               Economic Relations and Opportunities.................................................8

      D.   The ACC States Plausible Counterclaims for Violating
           Federal And California Unfair Competition Statutes.............................................9

V.    CONCLUSION..................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>CASES</u>

*23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889 (N.D. Cal. 2018).......................12

*Alborzi v. Univ. of S. Cal.*, 55 Cal. App. 5th 155 (2020)....................................................14

*AnchorBank, FSB v. Hofer*, 649 F.3d 610 (7th Cir. 2011)...................................................5

*Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107 (9th Cir.2021).....................................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).............................................................................3

*Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*, 2009 WL 55178
    (N.D. Cal. Jan. 7, 2009)................................................................................................12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).........................................................2, 3

*Cafasso v. General Dynamics C4 Systems,* 637 F.3d 1047 (9th Cir. 2011)...................12

*Casper Sleep, Inc. v. Nectar Brand LLC*, 18 Civ. 4459 (PGG)
    (S.D.N.Y. Sep. 23, 2020)..............................................................................................11

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
    20 Cal. 4th 163, 180 (Cal. 1999)..................................................................................14

*Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623 (N.D. Cal. 2019)......................12

*Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997)...............................................................4

*Cytosport, Inc. v. Vital Pharms., Inc.*, 894 F.Supp.2d 1285 (E.D. Cal. 2012)..............................13

*Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992 (9th Cir. 2010)........................................4

*Dunn v. Castro*, 621 F.3d 1196 (9th Cir. 2010).................................................................3

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016)...........................................................3

*E & E Co., Ltd. v. Kam Hing Enterprises, Inc.*, 429 F.App'x 632 (9th Cir. 2011).........................5

*Freedline v. O Organics LLC*, 445 F. Supp. 3d 85 (N.D. Cal. 2020).................................1

*GOLO, LLC v. HighYa, LLC* , 310 F. Supp. 3d 499 (E.D. Pa. 2018)...............................10

*Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866 (9th Cir. 1977)................................4

*Heidingsfelder v. Ameriprise Auto & Home Ins*., No. 19-cv-08255-JD,
(N.D. Cal. Sep. 24, 2020)........................................................................4

*Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*,
66 F. Supp. 2d 1117 (C.D. Cal. 1999)........................................................6

*JHP Pharms., LLC v. Hospira, Inc.*, 52 F. Supp. 3d 992 (C.D. Cal. 2014)..................................12

*Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*,
536 F. Supp. 2d 1207 (E.D. Cal. 2008)......................................................15

*Kennedy Funding, Inc. v. Chapman*, 2010 WL 4509805
(N.D. Cal., November 3, 2010)................................................................6

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003)....................................8

*Kwikset Corp v. Superior Court*, 51 Cal. 4th 310 (Cal. 2011).......................................14

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852 (N.D. Cal. 2015).........................14

*Luxpro Corp. v. Apple Inc.*, 658 F. Supp. 2d 921 (W.D. Ark. 2009)....................................7, 8, 14

*Lynch v. City of New York*, 952 F.3d 67 (2d Cir. 2020)....................................................4

*Maponics, LLC v. Wahl*, No. 07-cv-5777,
2008 WL 2788282 (N.D. Cal. July 18, 2008)................................................6, 15

*McLellan v. Fitbit, Inc*., No. 3:16-CV-00036-JD,
2018 WL 2688781 (N.D. Cal. June 5, 2018)....................................................4

*Meyer v. Snyders Lance, Inc.,* No. 4:12-cv-215 CDL,
2012 WL 6913724 (M.D. Ga. Dec. 12, 2012)....................................................2

*Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968 (9th Cir. 1994).........................6

*Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020)................................................1, 14

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009)................................................3

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001)..........................................................2

*Nayab v. Capital One Bank*, 942 F.3d 480 (9th Cir. 2019)..................................................5

*Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993)........................................................4

*Pac. Gas Elec. Co. v. Bear Stearns Co.*, 50 Cal. 3d 1118 (1990)......................................................7

*Pegasystems, Inc. v. Appian Corp.*, 424 F.Supp.3d 214 (D. Mass. 2019).......................................11

*Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979 (9th Cir. 2015)....................................14

*R & A Synergy LLC v. Spanx, Inc.*, 2019 U.S. Dist. LEXIS 168266
(C.D. Cal. May 1, 2019)...............................................................................................................12

*Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985)..........................................................................13

*Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105 (9th Cir. 2012)...............................................9

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997)......................................10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)....................................................3

*United States v. United Healthcare Ins. Co.*, 848 F.3d 1161 (9th Cir. 2016)....................................4

*Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F.Supp.2d 1168 (N.D. Cal. 2007)................13

*Williams v. WMX Technologies, Inc.*,112 F.3d 175 (5th Cir. 1997)....................................................5

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012)......................................................14

*Xilinx Inc. v. Invention Inv. Fund I LP*, 2011 WL 3206686 (N.D. Cal. July 27, 2011).....................5

## STATUTES

15 U.S.C. § 1125(a)(1)(B).................................................................................................................9

Cal. Bus. & Prof. Code § 17200 ("UCL")........................................................................................15

Cal. Bus. & Prof. Code § 17500 et seq. ("FAL")............................................................................14

## RULES

Fed. R. Civ. P. 9(b).............................................................................................1, 4, 5, 6, 7, 12, 13

Fed. R. Civ. P. 12(b)(6)...............................................................................................................2, 4

## I.    INTRODUCTION

Defendants, Counterclaim-Plaintiffs Smarty Pear and Christopher Madeiras (hereafter collectively "Smarty Pear") state plausible claims based on legally sufficient factual content, thus allowing the Court to draw the reasonable inference that Whisker is liable for the misconduct alleged in the Amended Counterclaims ("ACC"). A review of the ACC, as a whole, demonstrates that the Amended Counterclaims in no way rely upon mere legal conclusions, but rather contain a detailed factual account of Whisker's illegal, unfair, and fraudulent practices. The ACC establishes cognizable claims against Whisker for defamation, unfair competition prohibited by the Lanham Act and California's UCL and FAL, as well as for tortious interference with contracts, and intentional interference with prospective economic relations.[1] The ACC provides Whisker with "notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *See Freedline v. O Organics LLC,* 445 F. Supp. 3d 85, 90 (N.D. Cal. 2020) (citations omitted).

Nevertheless, Whisker raises a variety of objections to Smarty Pear's First Amended Counterclaims ("ACC") in a laundry list fashion, without providing the benefit of substantial discussion or analysis. Relying on hyperbole and overly-dramatic rhetoric, Whisker's renewed motion to dismiss smacks of a desperate attempt to ensure that Whisker's unlawful, unfair and fraudulent practices remain hidden.[2]

---

[1] The ACC also meets the pleading requirement for stating a plausible Declaratory Judgment Counterclaim for Non-infringement of the patent asserted by Plaintiff Whisker in this case against Smarty Pear's identified Leo's Loo Too products.

[2] Demurrers and motions to dismiss rarely dispose of UCL claims. Whisker not only ignores the reasonable inferences that must be drawn from the ACC as a whole and viewed in the light most favorable to Smarty Pear's favor, Whisker also ignores that the Rule 9(b) standard should be relaxed when applied to the ACC because Whisker possesses exclusively much of the information it complains does not appear in the Amended Counterclaims. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019-20 (9th Cir. 2020) (Rule 9(b) standard can be relaxed when defendant has greater knowledge of underlying facts than plaintiff).

## II.     BACKGROUND

Whisker's campaign to destroy a legitimate competitor comprises a full out assault against Smarty Pear on two fronts: in court and in the marketplace. Whisker has been waging relentless litigation warfare (aka "lawfare") so far with little success in this court, while also employing a host of unlawful, unfair, and fraudulent business practices attempting to drive Smarty Pear and its competing Leo's Loo Too products from the marketplace. As discussed in detail below, Whisker engaged in a consistent and pervasive campaign intentionally designed to destroy Defendants' business and artificially inflate its own reputation. Whisker's misconduct, as detailed in the Amended Counterclaims, presents sufficient factual allegations to support plausible claims against Whisker for false advertising, unfair competition, tortious interference, non-infringement, and defamation. Whisker's motion to dismiss should be denied.

## III.     APPLICABLE LEGAL STANDARDS

### A.     Motion to Dismiss Standard

Since *Twombly*[3] was decided, many lawyers have felt compelled to file a motion to dismiss in nearly every case, hoping to convince the court that it now has the authority to divine what the plaintiff may plausibly be able to prove rather than accepting at the motion to dismiss stage that the plaintiff will be able to prove his allegations." *Meyer v. Snyders Lance, Inc.,* No. 4:12-cv-215 CDL, 2012 WL 6913724, at *1 (M.D. Ga. Dec. 12, 2012). A motion to dismiss for failure to state a claim under Rule 12(b)(6) merely tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Whisker, however, repeatedly advocates for dismissal of the Amended Counterclaims asserting that some allegations are too vague or too lacking in detail.[4]

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] Whisker also whines about Smarty Pear's lack of any "effort to correlate the factual allegations in the ACC to the specific causes of action, despite Plaintiff raising that issue in the Motion to Dismiss and at the hearing." In reality, Smarty Pear employs a standard pleading practice to state all of the factual allegations in separate paragraphs, followed by the identification of each separate

A complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This calls for "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Court explained in *Twombly*, "asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" unlawful conduct. *Id.* at 545. Under Rule 12(b)(6), a court is required to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 556-57. A complaint should never be dismissed because the court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. *Id.* It is well established that "[c]ourts must consider the complaint in its entirety." *Dunn v. Castro*, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010)(quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (citation omitted). The facts "may well be subject to diverging interpretations, each of which is plausible .... [However,] the choice between two plausible inferences that may be drawn from factual allegations ***is not a choice to be made by the***

---

claim as a separate Count in the ACC where the preceding factual allegations are incorporated as a whole at the beginning of each separate count. Whisker, itself employs the very same standard pleading practice it takes Smarty Pear to task for using, in its Third Amended Complaint.

***court on a Rule 12(b)(6) motion.***" *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)(emphasis supplied).[5]

B.   <u>Rule 9(b) Heightened Pleading[6]</u>

"The touchstone of Rule 9(b) is notice." *Heidingsfelder v. Ameriprise Auto & Home Ins*., No. 19-cv-08255-JD, at *3 (N.D. Cal. Sep. 24, 2020)(citing *McLellan v. Fitbit, Inc*., No. 3:16-CV-00036-JD, 2018 WL 2688781, at *1 (N.D. Cal. June 5, 2018)). "[The Ninth Circuit] has interpreted Rule 9(b) to require that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)[7] (quotation marks and citation omitted). Conclusory allegations will not suffice, but Rule 9(b) "does not require absolute particularity or a recital of the evidence." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (internal quotation omitted). A "complaint need not allege 'a precise time frame,' 'describe in detail a single specific transaction' or identify the 'precise method' used to carry out the fraud." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

---

[5] When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint or counterclaim — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010)( Courts must also draw all reasonable inferences in the light most favorable to the non-moving party.).

[6] Whisker asserts that Rule 9(b) heightened pleading standard applies to false advertising, unfair competition and tortious interference, but not to the defamation claims or Smarty Pear's non-infringement DJ counterclaim. Nevertheless, Smarty Pear submits that the heightened pleading standard has no real impact on testing the legal sufficiency of the ACC since the factual allegations presented meet the applicable Rule 9(b) standard as is evident from the review of Smarty Pear's Amended Counterclaims presented to the Court herein.

[7] A pleading "is sufficient  under Rule 9(b) if it identifies 'the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1977) (citation omitted).

As a preliminary matter, what constitutes sufficient particularity for the purpose of Rule 9(b) depends upon the facts of each case. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011); *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). For context, it is important to note that the burden of pleading (i.e. who bears the burden of pleading a fact)—not the ultimate burden of production or persuasion—is at issue. *Nayab v. Capital One Bank*, 942 F.3d 480, 493 (9th Cir. 2019). Even under the more rigid pleading standard of Rule 9(b), however, the pleader is not required to allege facts that are "peculiarly within the opposing party's knowledge." *Id.* at 493-94 (citations omitted). Additionally, the heightened pleading standard for fraud claims is relaxed somewhat where factual information is peculiarly within defendant's knowledge or control. *E & E Co., Ltd. v. Kam Hing Enterprises, Inc.*, 429 F.App'x 632, 633 (9th Cir. 2011)(citation omitted).

## IV.    ARGUMENT

### A.    The ACC Sufficiently Pleads A Non-Infringement DJ Counterclaim

In a single paragraph, Whisker attacks Smarty Pear's non-infringement declaratory judgment counterclaim arguing that the pleading does not specify the conduct alleged not to infringe, citing to a single case: *Xilinx Inc. v. Invention Inv. Fund I LP*, 2011 WL 3206686, at *6–7 (N.D. Cal. July 27, 2011). Tellingly, Whisker's quote from this case is selective, excluding the language that refutes its own argument. The sentence in Whisker's brief selectively quoting from the decision in *Xilinx* states: "In pleading declaratory judgment claims for patent non-infringement, 'the pleading must specify…the conduct alleged not to infringe,' which Defendants have not done here, despite being put on detailed notice of Plaintiff's infringement claims for nearly a year." The full quote reads:" In an action for declaratory judgment concerning claims for patent non-infringement, the pleading must specify the products or conduct alleged not to infringe." *Id.* (emphasis added). Whisker's reliance on *Xilinx* is thus misplaced and misleading. Smarty Pear's Amended

Counterclaims do specify the products alleged not to infringe: "Leo's Loo Too" products. Dkt. No. 105, ¶¶ 114-115.

### B.   The ACC States Plausible Defamation Counterclaims

The defamatory torts of libel and slander are designed to protect the reputation of the plaintiff, and the judgment vindicates that reputation. *Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 972 (9th Cir. 1994). Under California law, "[t]he tort of defamation exists whenever a false and unprivileged statement which has a natural tendency to injure or which causes special damage is communicated to one or more persons who understand its defamatory meaning and its application to the injured party." *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 66 F. Supp. 2d 1117, 1122 (C.D. Cal. 1999) (internal quotation omitted). Smarty Pear and Christopher Madeiras allege that Whisker has spread the false narrative that Madeiras stole company secrets from Whisker and used those secrets to launch Smarty Pear. ACC ¶¶ 16, 26. These allegations include:

- Statements made to Jennifer Dean in or around March of 2022 – including the statement that Smarty Pear was based on information stolen from Whisker and that Smarty would soon be out of business. ACC ¶¶ 37-42.

- In approximately April 2023, Whisker, through Zuppke, made very similar statements to Mr. Robert Candelino of Radio Systems. ACC ¶¶ 62-65.[8]

Smarty Pear and Christopher Madeiras allege sufficient facts to state a plausible cause of action for defamation in the Amended Counterclaims.[9] Smarty Pear's ACC identifies the persons

---

[8] *See Maponics, LLC v. Wahl*, No. 07-cv-5777, 2008 WL 2788282, at *3-*4 (N.D. Cal. July 18, 2008) (concluding that emails sent to counterclaimant's customers allegedly stating that the counterclaimants stole counterdefendant's data and infringed its copyright implied a false assertion of fact).

[9] The heightened pleading requirement of Rule 9(b) does not apply to claims for defamation and Whisker does not argue that it does. *See, e.g., Kennedy Funding, Inc. v. Chapman*, 2010 WL 4509805, at *5 (N.D. Cal., November 3, 2010) (holding that defamation, which encompasses both libel and slander, is not subject to heightened pleading requirement of Rule 9(b).

to whom Whisker published the defamatory statements about Smarty Pear and Christopher Madeiras and the statements are adequately described in terms of their content. The "where", "when" and "who" made the statements is knowledge exclusively in the possession of Whisker and not available to Smarty Pear. Nevertheless, Smarty Pear's ACC contains factual allegations sufficient to put Whisker on notice about what Smarty Pear contends constitutes Whisker's defamatory conduct and thus, meets the pleading standard imposed by Rule 9(b). Therefore, the Court should deny Whisker's motion to dismiss the defamation counterclaims (Counts 9 and 10 of the ACC).

C.    The ACC States Plausible Counterclaims For Tortious Interference With Contract & Intentional Interference With Prospective Economic Relations

### 1. Smarty Pear Alleges Whisker Has Interfered With Certain Contracts[10]

Smarty Pear asserts counterclaims against Whisker for disrupting its contractual relationships with Chewy and Great Pet Media ("GPM"). Smarty Pear had a valid contract with both Chewy and GPM. ACC ¶¶ 28, 51, 104. Whisker's CEO, Jacob Zuppke, had knowledge of the GPM contract. ACC ¶ 52. Additionally, it is reasonable to infer that Whisker and Zuppke had knowledge of the Chewy contract since Smarty Pear's products were to be offered for sale online through Chewy. ACC ¶ 104.

After Smarty Pear's advertising went live with GPM, Zuppke communicated with GPM and demanded that GPM remove the Smarty Pear advertising. ACC ¶ 52. On June 10, 2022, Kevin Campbell of GPM told Mark Budgell of Smarty Pear that GPM was pulling the advertising campaign because of the demand made by Whisker. ACC ¶ 54. Whisker's actions, carried out by

---

[10] To state a claim for intentional interference with contractual relations, a plaintiff must show: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) the defendant's intentional acts designed to induce breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Luxpro Corp. v. Apple Inc.*, 658 F. Supp. 2d 921, 930-31 (W.D. Ark. 2009)(citing *Pac. Gas Elec. Co. v. Bear Stearns Co.*, 50 Cal. 3d 1118, 1126 (1990).

Zuppke, directly interfered with the existing advertising contract between Smarty Pear and GPM, causing Smarty Pear harm. ACC ¶ 54.

Through its contract with Chewy, Smarty Pear grants Chewy the exclusive rights to offer its automated litter box products for sale online to Chewy customers through Chewy's website and mobile app. ACC ¶¶ 28-29. Smarty Pear's troubles penetrating Chewy's sales system are detailed in ACC ¶¶ 27-33. On August 3, 2022, Chewy's new Associate Director of Pet Technology, Brian Choi, told Christopher Madeiras that representatives of Whisker had told him that Smarty Pear would not be in business much longer. Choi indicated that these representations caused him to pull back his support of Leo's Loo at Chewy. ACC ¶ 31. Mr. Choi's statements confirm that Whisker had engaged in a pattern of disruption to delay and hamper Smarty Pear from growing its relationship with Chewy. Whisker's deliberate acts of interference and were all harmful to Smarty Pear's business. ACC ¶¶ 32-33.

### 2. Smarty Pear Alleges Whisker Has Interfered With Its Prospective Economic Relations and Opportunities[11]

Smarty Pear asserts a counterclaim against Whisker for intentionally interfering with Smarty Pear's prospective economic relations with Radio Systems. ACC ¶¶ 55-69. The ACC alleges that:

- In March 2023, Radio Systems, through Robert Candelino, was "interested in purchasing" Smarty Pear or entering into some type of business relationship. ACC ¶¶ 55-59, and they entered into a Confidential Disclosure Agreement. ACC ¶¶ 60-61.

---

[11] To state a claim for intentional interference with prospective economic relations, a plaintiff must show: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the  relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Luxpro*, 658 F. Supp. 2d at 930 (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003)). A plaintiff must allege "that the defendant engaged in an independently wrongful act" apart from the interference itself. *Korea Supply*, 29 Cal. 4th at 1158. "[A]n act is independently wrongful if it is unlawful. . . ." *Id.* at 1159.

- April 2023, Candelino had a conversation with Zuppke about a possible transaction or business relationship between Whisker and Radio Systems. During that conversation, Mr. Zuppke learned Radio Systems was also interested in a business transaction or relationship with Smarty Pear. ACC ¶¶ 62-63. Zuppke told Candelino that Smarty Pear was a company based on confidential information Christopher Madeiras had stolen from Whisker. ACC ¶ 63-64. Zuppke's statements to Candelino are false and defamatory as to at least Christopher Madeiras, if not Smarty Pear. ACC ¶¶ 11-21.

- While Christopher was not a party to the conversation, Candelino related the prior conversation Candelino had with Zuppke. ACC ¶ 65.

- On or about June 1 or 2, 2023, Robert Candelino advised Christopher Madeiras that Radio Systems was no longer interested in pursuing a transaction or business relationship with Smarty Pear.

- It is reasonable to infer that Zuppke's false statements to Candelino at a minimum contributed to Radio Systems reversing its decision about doing business with Smarty Pear. ACC ¶ 69.

Christopher Madeiras alleges facts regarding Zuppke's defamatory statements to Candelino which show that Whisker disrupted Smarty Pear and Madeiras' relationship with Radio Systems with an independently wrongful act -- making defamatory statements. The Court should deny Whisker's motion to dismiss the contractually-based tort counterclaims (Counts 5 and 6 of the ACC).

      D.     The ACC States Plausible Counterclaims for Violating
             Federal And California Unfair Competition Statutes

Under the Lanham Act, a party shall be civilly liable for making false or misleading representations in "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). A false advertising claim under the Lanham Act has five elements:

(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused the false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (citing 15 U.S.C. § 1125(a)(1)(B)). A false statement under the Lanham Act may consist of a statement that is literally

false or a statement that is "literally true but likely to mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

Manipulation of online content can constitute false advertising under the Lanham Act. "[L]iability can arise under the Lanham Act if websites purporting to offer reviews are in reality stealth operations intended to disparage a competitor's product while posing as a neutral third party." *GOLO, LLC v. HighYa, LLC* , 310 F. Supp. 3d 499, 505 (E.D. Pa. 2018).[12]

Smarty Pear has pled numerous facts that raise a more than plausible inference that Whisker has manipulated reviews, or some of its "deplorables" at Whisker's direction.. ACC ¶74. For example, the existence of illegitimate, fake and false reviews is reasonably inferred from, and is borne out by, examining review patterns in April – May, 2021 for Whisker products posted on the Chewy website. ACC ¶74-77. The unprecedented spike in 5-star reviews defies statistical possibility. Smarty Pear does not have access to the information detailing Whisker's review manipulation since that information is in Whisker's sole possession. Nevertheless, Whisker's pattern of review spikes, following a series of bad product reviews, raises a plausible inference that the reviews were manipulated by Whisker.[13]

Here, the allegation is that many 5-star reviews appearing on the Chewy website were fraudulent because they are not opinions at all. They are fake, written by someone who was not a real customer and so who was in no position to offer an opinion. Misrepresentations that are false because they are not real-they were made up and paid for-can never by definition be an acceptable

---

[12] Monitoring such manipulation of content has become an area of emphasis for the FTC. See Federal Trade Commission, FTC Staff Reminds Influencers and Brands to Clearly Disclose Relationship (Apr. 19, 2017). https://www.ftc.gov/news-events/pressreleases/2017/04/ftc-staff-reminds-influencersbrands- clearly-disclose.

[13] The pattern of review manipulations is also evident on Amazon's website. During the week of February 26, 2023, Amazon removed 599 reviews from Whisker's Litter Robot 3 listing (approximately 1/3 of the total reviews at that time). The product's overall rating decreased. ACC ¶ 78. Amazon removed Whisker's reviews based on its determination that they were not genuine reviews from consumers. ACC ¶¶ 79-80.

form of product promotion.  And the *Casper Sleep* court itself suggested that the scenario presented by this case- the large-scale manipulation of reviews in an e-commerce store-would constitute false advertising under the Lanham Act. In a separate counterclaim, the defendant alleged that the plaintiff or its agents had engaged in a systematic practice of manipulating online reviews on Google and Amazon, creating "the false and misleading impression with consumers that Plaintiff had received more positive consumer reviews than it actually had." *Casper Sleep, Inc. v. Nectar Brand LLC*, 18 Civ. 4459 (PGG), at *10-11 (S.D.N.Y. Sep. 23, 2020).[14] Even if Defendants had just paid real consumers to use and review the platform, as they claim, such conduct would still plausibly qualify as misleading or deceptive acts. Indeed, the failure to sufficiently disclose such a financial relationship is exactly the sort of allegation the *Casper Sleep* court indicated could give rise to violations of the Lanham Act.

And as the Ninth Circuit also recently observed, "when someone falsely claims to be independent, rigs the ratings in exchange for compensation, and then profits from that perceived objectivity, that speaker has drowned the public trust for economic gain." *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1118 (9th Cir.2021). Indeed, Courts have repeatedly found manufactured reviews to be misrepresentations under the Lanham Act. *See Pegasystems, Inc. v. Appian Corp.*, 424 F.Supp.3d 214 (D. Mass. 2019).

Smarty Pear alleges that Whisker and/or its agents made the statements in the fake product reviews (the "who").[15] Additionally, Smarty Pear identifies who was misled by the phony reviews

---

[14] The court dismissed this counterclaim, not because such manipulation would not constitute false advertising, but because the Defendant had not alleged sufficient facts that Plaintiff had manipulated these online reviews. *Id.* at * 20.

[15] Whisker complains that Smarty Pear does not allege who at Whisker made the purported fake reviews, but it is sufficient at the pleading stage to allege that Whisker made the statements in the fake reviews and posted them. Whisker points to no legal authority suggesting that an individual employee must be named in the counterclaim, and it's hard to see how Smarty Pear could get that information at this point or who even at Whisker would be considered the maker of the phony reviews in lieu of the company itself.

-- would-be customers. Where Smarty Pear has alleged that a statement was made to the purchasing public and that at least some of the public were misled by those statements, that is enough specificity at the pleading stage. [16] The "where" and "how" are also clearly alleged. Short of alleging the actual URL for the Chewy and Amazon websites, it's hard to see how Smarty Pear could be more specific about where or how the misleading statements were alleged in phony, fake product reviews. Smarty Pear alleges who made the statements (Whisker and/or its agents) to whom (potential Whisker and Smarty Pear customers), what the statements misrepresented (that real customers gave Whisker's products a 5-star review), where and how they were made (on Chewy and Amazon websites), and when (April / May 2021, mid-2022, and February 2023). The specificity requirements of Rule 9(b) are met as to the allegedly false advertising corresponding to fake product reviews.

The facts pled in the Amended Counterclaims specify "the who, what, when, where, and how of the misconduct charged" and put Whisker on notice of the misrepresentations at issue in this case.[17] *See Cafasso v. General Dynamics C4 Systems,* 637 F.3d 1047, 1055 (9th Cir. 2011).

---

[16] At the pleading stage, a plaintiff need not provide evidentiary proof of actual or likely deception. *See, e.g., Clorox Co. v. Reckitt Benckiser Grp. PLC,* 398 F. Supp. 3d 623, 636 (N.D. Cal. 2019) ("Actual deception is a question of fact, and at the pleading stage the plaintiff need only allege specific misleading statements and explain why they are misleading in accordance with Rule 9(b)."); *R & A Synergy LLC v. Spanx, Inc.,* 2019 U.S. Dist. LEXIS 168266, at *38 (C.D. Cal. May 1, 2019) ("[T]he Court recognizes that consumer deception is typically proved through consumer surveys, which may be appropriately conducted during the discovery phase."); *JHP Pharms., LLC v. Hospira, Inc.,* 52 F. Supp. 3d 992, 1003 (C.D. Cal. 2014) ("While [plaintiff] has not yet produced actual evidence of these consumer beliefs, at the motion to dismiss stage, the Court can accept allegations of such facts as sufficient. *See also, 23andMe, Inc. v. Ancestry.com DNA, LLC,* 356 F. Supp. 3d 889, 910 (N.D. Cal. 2018) (misrepresentations made on a website were actionable where plaintiff had alleged that the misrepresentations were "misleading consumers"); *Axis Imex, Inc. v. Sunset Bay Rattan, Inc.,* 2009 WL 55178, at *4 (N.D. Cal. Jan. 7, 2009) (rejecting that a "false advertising claim should be dismissed because it fails to aver evidence of actual or likely deception to purchasers").

[17] Rule 9(b) does not require every plaintiff alleging misleading or deceitful advertising to attach a copy of the allegedly misleading ad to the complaint. Rule 9(b) requires only that a plaintiff "state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b). If a written description of the misleading ad or web page is "specific enough to give defendants notice of the

Smarty Pear alleges that Whisker and/or its agents engaged in a systematic practice of manipulating online reviews on Chewy and Amazon. Smarty Pear describes Whisker's efforts to recruit "deplorable sponsors" and the miraculous appearance of 5-star reviews on both the Chewy and Amazon websites when Whisker's overall product rating was cratering due to negative reviews, and identifies dates on which those events occurred. ACC ¶¶ 70-81. Smarty Pear also describes the allegedly misleading aspects of the online reviews. Specifically, the ACC alleges that the reviewer was not a legitimate customer with a legitimate opinion. The rating was completely made up, creating the false and misleading impression that Whisker's products had received more positive consumer reviews than it actually had, and had received more 5-star ratings than Whisker's products actually had received.

Smarty Pear's ACC as a whole plausibly alleges Whisker's misconduct producing false and misleading online product reviews, raising the inference beyond a speculative level that Whisker violated the Lanham Act by itself and/or through its agents. This is sufficient "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged," *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985), satisfying the requirements of Rule 9(b).

Claims of unfair competition and false advertising under California's False Advertising Law ("FAL") and California's Unfair Competition Law ("UCL") are "substantially congruent" to claims under the Lanham Act. *Cytosport, Inc. v. Vital Pharms., Inc.*, 894 F.Supp.2d 1285, 1295 (E.D. Cal. 2012) (quoting *Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F.Supp.2d 1168, 1182 (N.D. Cal. 2007)). In addition to its Lanham Act false advertising claim, Smarty Pear alleges that Whisker has violated California Unfair Competition Law and California's False Advertising Law. (ACC at Counts Two and Three) The language of these two statutes is "'broad' and 'sweeping' to

---

particular misconduct which is alleged to constitute the fraud," *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985), such description is sufficient to satisfy the requirements of Rule 9(b).

'protect both consumers and competitors by promoting fair competition in commercial markets for goods and services.'" *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 985 (9th Cir. 2015)(quoting *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 320 (2011)).[18]

Smarty Pear's California FAL claim[19] rises or falls with the alleged predicate violation - here, Whisker's violation of the Lanham Act. Accordingly, since Smarty Pear has met its burden of pleading a plausible claim against Whisker for violating the Lanham Act, Smarty Pear likewise has pled a legally sufficient claim for violation of the California FAL.

The UCL prohibits three varieties of unfair competition: "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.[20] Smarty Pear asserts counterclaims under all three prongs. The "unlawful" prong of Section 17200 prohibits "any practices forbidden by law, be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994) (internal quotation omitted). Smarty Pear pleads a claim under the UCL if it can point to the violation of another statute by Whisker. Smarty Pear asserts Whisker

---

[18] The UCL incorporates California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"). Because the standards for liability under the UCL and FAL are similar, and the remedies are co-extensive, claims under the FAL are typically pleaded as UCL claims. See *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019-20 (9th Cir. 2020); *Alborzi v. Univ. of S. Cal.*, 55 Cal. App. 5th 155 (2020) ("Particularized fact pleading is not required for a UCL claim.").

[19] California's FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. The California Supreme Court has made clear that the purpose of the false advertising laws "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services," *Kwikset Corp v. Superior Court*, 51 Cal. 4th 310, 320 (Cal. 2011)(emphasis added). "These claims to claims made under the Lanham Act." *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 860 (N.D. Cal. 2015) (internal quotation marks and citation omitted).

[20] Unfair competition includes "anything that can properly be called a business practice and that at the same time is forbidden by law." *Luxpro*, 658 F. Supp. 2d at 936 (quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (Cal. 1999)). "The UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citations omitted).

engaged in <u>unlawful business practices</u> (i.e., defamation based on statements to influencers, contract partners, prospective contract partners; and false advertising via phony reviews). Smarty Pear's defamation counterclaim may serve as the basis for its Section 17200 claim against Whisker. *See Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1213 (E.D. Cal. 2008); *Maponics, LLC v. Wahl*, No. 07-cv-5777, 2008 WL 2788282, at *3 (N.D. Cal. July 18, 2008). Additionally, Smarty Pear has adequately pled a claim under the Lanham Act.

Counterclaim-Plaintiffs Smarty Pear and Christopher Madeiras have alleged sufficient facts to state a plausible counterclaim for relief against Whisker, and they are entitled to a consideration and weighing of the evidence as to the deceptive nature of the fake, fabricated and phony reviews of Litter Robot and Whisker's involvement in such deception.[21] For all the foregoing reasons, the Court should deny Whisker's motion to dismiss Smarty Pear's

## V.    CONCLUSION

For the foregoing reasons, Whisker's Motion to Dismiss Smarty Pear's Amended Counterclaims should be denied in its entirety.

Dated: September 1, 2023          **MCCAULLEY LAW GROUP LLC**


By: */s/ Richard T. McCaulley*
RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

---

[21] Smarty Pear withdraws and will not pursue its counterclaim alleging common law unfair competition (Count 4).

JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

Attorneys for Defendants, Counterclaim-Plaintiffs

PURLIFE BRANDS, INC., d/b/a SMARTY PEAR,
and CHRISTOPHER MADEIRAS