| | |
|---|---|
| 1 | COOLEY LLP |
| | BOBBY GHAJAR (198719) |
| 2 | (bghajar@cooley.com) |
| | COLETTE GHAZARIAN (322235) |
| 3 | (cghazarian@cooley.com) |
| | 1333 2nd Street, Suite 400 |
| 4 | Santa Monica, CA 90401 |
| | Telephone:   (310) 883-6400 |
| 5 | Facsimile:    (310) 883-6500 |
| 6 | MATTHEW BRIGHAM (191428) |
| | (mbrigham@cooley.com) |
| 7 | 3175 Hanover Street |
| | Palo Alto, CA 94304-1130 |
| 8 | Telephone:   (650) 843-5000 |
| | Facsimile:    (650) 849-7400 |
| 9 | *[Full Listing on Signature Page]* |
| 10 | *Attorneys for Plaintiff and Counter-Defendant* |
| | Automated Pet Care Products, LLC d/b/a Whisker |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>                    Defendants. | Case No. 5:22-cv-04261-PCP (SK)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. P. Casey Pitts |
| PurLife Brands, Inc. d/b/a Smarty Pear, a Delaware corporation, and Chris Madeiras, an individual,<br><br>                    Counterclaim-Plaintiffs,<br><br>        v.<br><br>Automated Pet Care Products, LLC d/b/a Whisker, a Michigan corporation,<br><br>                    Counterclaim-Defendants. | |

Plaintiff and Counterclaim-Defendant Automated Pet Care Products, LLC d/b/a Whisker ("Plaintiff" or "Whisker"), and Defendants and Counterclaim-Plaintiffs PurLife Brands, Inc. d/b/a Smarty Pear ("Smarty Pear"), and Chris Madeiras (collectively "Defendants") (together, with Plaintiff, the "Parties"), jointly submit this Joint Case Management Statement pursuant to the Order Reassigning Case to the Honorable P. Casey Pitts issued August 18, 2023.

**1.  Jurisdiction and Service**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 35 U.S.C. § 1121.  Jurisdiction is also proper under 28 U.S.C. § 1332 as there is complete diversity and the amount in controversy exceeds $75,000.  No issues exist regarding personal jurisdiction or venue, as Defendants are both residents of this District.  All Parties have been served.  The Parties do not object to the Court's jurisdiction over this matter.

**2.  Facts**

**Plaintiff, Counterclaim Defendant's Position:** Plaintiff is a pioneer in the field of automated self-cleaning litter boxes, which it manufactures and sells under the brand name Litter-Robot®.  Whisker's Litter-Robot products harness rotation and gravity to separate waste from clean litter, disperse it into a fully-enclosed waste drawer, and then produce a clean bed of litter for the next use.  Whisker's innovative design enables pet owners to avoid physically interacting with waste, reduces odor, and conserves cat litter.  Whisker's newer Litter-Robot models also collect data on pet usage and communicate it to pet owners via an integrated app.  Over the years, Whisker's models have become wildly successful, with rave reviews and hundreds of thousands of sales.

Whisker protects its innovative products with numerous patents.  At issue is U.S. Patent No. 11,399,502 ("the '502 Patent"), which claims an innovative automated litter device with, *inter alia*, a chamber with sensors and the ability to wirelessly send and receive certain types of information and/or instructions from a user interface via a network.  Plaintiff has also built strong trademark rights in its Litter-Robot® word and design marks, and its tagline NEVER SCOOP AGAIN®, all of which are federally registered with the USPTO (e.g. Reg. Nos. 5,259,515 (incontestable), 6,227,960, 6,560,007, and 6383646).

In or around April 2021, Defendants (Smarty Pear and its founder and CEO Chris Madeiras) began to offer a competing automated litter box sold as "Leo's Loo."  A successor, "Leo's Loo Too," followed in October 2021, which contains the features covered by the '502 Patent. Defendants purposely positioned these products as direct competitors to the Litter-Robot® products. Although Defendants represented to the public that they created and designed the products, in fact Defendants merely purchased, imported, and rebranded preexisting copycat products available on Chinese e-commerce sites such as Alibaba.

To gain a foothold in the market, Defendants emulated Whisker's website, slogans, marketing, and positioning.  They directly targeted consumers of Litter-Robot® products, for example, by engaging in a campaign of uploading social media posts on the Smarty Pear Instagram and TikTok accounts containing the hashtags "litterrobot," "LitterRobot," and "litterrobot3" – which were unauthorized and infringing uses of Whisker's registered trademark.  Defendants took it a step further by co-opting Whisker's tagline (NEVER SCOOP AGAIN) in online and search engine advertising.  Defendants used these as references to Whisker's brands to draw traffic to and interest in its products, to bring credibility to its emerging brand, and to benefit from false association and confusion.  Caught red-handed, and after the Court issued Orders (Dkts. 55, 56) condemning Defendants' obvious attempts to free-ride and infringe Whisker's rights ("the strategic use of the number three and the uppercase letters in its hashtags evinces an intent to capitalize on Whisker's goodwill"), Defendants say they have discontinued that trademark infringement.

Defendants also promoted their competing products in false and misleading ways to induce customers to purchase their products. The Third Amended Complaint ("TAC") highlights a number of these statements.  One of them is the misleading claim that Leo's Loo Too has an ultraviolet (UV) sanitization feature that is "99% effective at eliminating bacteria, parasites, and viruses" in Defendants' litter box.  This statement is repeated by customers, reviewers, and retailers alike – it was a driver and differentiator in purchasing interest.  That statement is also bogus: a UV light does not render a litter box with cat feces 99% free of bacteria, parasites, and viruses.  Smarty Pear also advertised on its website that there were 500,000 cats and parents in the Leo's Loo family – falsely suggesting that it had sold that many products. Defendants fought to dismiss that claim, but

1   after that effort failed, they conceded that the statement was a "mistake." Defendants also
2   represented that Leo's Loo Too was the "first" to contain certain features like voice controls and
3   an app connection (which is not true). Consumers have relied on these false statements to purchase
4   Defendants' products, harming Whisker and the public.

5   **Defendants, Counterclaim-Plaintiffs' Position:** The Court has dismissed two out of the
6   three patents asserted by Plaintiff ("Whisker") in this action for failure to assert a plausible claim
7   for infringement. Only U.S. Patent No. 11,399,502 remains, which is entitled "SYSTEM FOR
8   MONITORING AND CONTROLLING AN AUTOMATED LITTER DEVICE" ("the '502
9   patent"). Defendants' (Smarty Pear and Christopher Madeiras) deny that the accused Leo's Loo Too
10  product infringes the '502 patent.

11  In early 2021, Christopher Madeiras founded Smarty Pear. Smarty Pair was founded to
12  market a competitive litter robot. That product was available outside the United States. Smarty Pear
13  made modifications to that existing product, and began marketing the product in the United States
14  under the name "Leo's Loo". Toward the end of 2021, Smarty Pear introduced a second product:
15  "Leo's Loo Too." Both were well received, and both were considered a lower priced alternative to
16  the comparable Whisker products.

17  Whisker engaged in an all-out assault on Smarty Pear and on Christopher Madeiras
18  personally. That assault included baseless allegations of patent infringement, a barrage of
19  defamatory statements, various unfair business practices, and intentional interference with Smarty
20  Pear's business relationships. Whisker's full court press against Smarty Pear also included a wide-
21  spread smear campaign against Smarty Pear – disseminating a consistent message based on phony
22  allegations. Whisker repeatedly stated that Madeiras founded Smarty Pear with information that he
23  stole from Whisker. Whisker repeatedly stated that Smarty Pear was/is on the verge of going out
24  of business. Whisker repeatedly stated that Leo's Loo is a cheap "Chinese" knock-off that violates
25  Whisker's patent rights. Whisker repeatedly stated that Smarty Pear cannot support its product.
26  None of the foregoing is true and Whisker's illegal conduct is the subject of Defendants' Amended
27  Counterclaims (Dkt. No. 105).
28

### 3. Legal Issues

The legal issues raised by Plaintiff's Third Amended Complaint include: (i) whether Defendants directly or indirectly infringe, either literally or under the doctrine of equivalents any valid asserted claim of the '502 Patent; (ii) whether Defendants' conduct infringes the LITTER-ROBOT and NEVER SCOOP AGAIN trademarks; (iii) whether Defendants' conduct constitutes false and misleading advertising under the law; (iv) whether Defendants' conduct constitutes unfair competition under state and common law; and (v) the appropriate measure of any additional damages and injunctive relief in connection with the above.

The legal issues raised in the Amended Counterclaims include: (a) whether Plaintiff's conduct constitutes unfair competition under state law; (b) whether Plaintiff's conduct constitutes false advertising under state or federal law; (c) whether Plaintiff tortiously interfered with Defendants' contractual relationships or intentionally interfered with Defendants' prospective economic relations; (d) whether Plaintiff's conduct constitutes defamation under state law; (e) the determination of the appropriate measure of damages and injunctive relief in connection with the amended counterclaims.

**Plaintiff, Counterclaim Defendant's Additional Legal Issues:** Whether the litigation privilege and/or *Noerr-Pennington* doctrine apply to immunize the alleged statements made by Plaintiff.

### 3. Motions

The parties previously filed motions to dismiss which resulted in Orders at Dkts. 55, 56, and 95. Plaintiff also moved to compel Defendants to respond to discovery requests (Dkt. 54), which the Court granted on May 9 (Dkt. 64).

Defendants filed a second motion to dismiss directed to the amended allegations in Plaintiff's Second Amended Complaint (Dkt. 58) related to the '185 patent (Dkt. 69). On June 14, 2023, Plaintiff moved to dismiss Defendants' Counterclaims (Dkt. 82). Plaintiff filed a motion for leave to file a Third Amended Complaint (Dkt. 93). On July 17, 2023, the Court entered and ORDER (Dkt. 95) dismissing Plaintiff's '185 patent from the case with prejudice, and dismissing Defendants' Counterclaims with leave to amend. On August 16, 2023, an ORDER (Dkt. 114) was

entered granting Plaintiff leave to file "a revised Third Amended Complaint without the first cause of action for infringement of the '185 patent, which has been dismissed with prejudice".

After Defendants filed Amended Counterclaims (Dkt. 105), Plaintiff moved to dismiss all but one of those claims (Dkt. 112). Briefing will be complete on September 12 and is set for hearing on October 12, 2023. (Dkt. 118).

On August 10, 2023, Defendants filed a motion for judgment on the pleadings as to the '502 Patent claim. (Dkt. 109.) Briefing is complete and set for hearing on October 12, 2023. (Dkt. 118).

The Parties anticipate that both sides may file a motion for summary judgment at the appropriate time, and that motion practice will arise in the context of discovery disputes.

**4.  Amendment of Pleadings**

The amendment deadline (without leave of court) has passed.

**Additional Statement from Plaintiff, Counterclaim Defendant:** On August 31, 2023, Defendants filed their Answer to the Third Amended Complaint, which also re-pleaded their Amended Counterclaims. (Dkt. 126.) The Court did not grant leave for Defendants to re-file any counterclaims after the date set forth in Dkt. 95 and given Defendants' representation that they are identical to what Defendants filed on July 31, their inclusion is duplicative and unnecessary. Smarty Pear's amended counterclaims (Dkt. 105) filed on July 31 are the operative counterclaims, which Whisker has moved to dismiss.

**5.  Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties have discussed an ESI Order but are not in agreement as to material terms (the current state of the dispute is discussed below).

**6.  Disclosures**

The Parties exchanged initial disclosures as required under Fed. R. Civ. P. 26 on May 10, 2023. Each Party may supplement, amend, or modify their disclosures as discovery continues.

7. **Discovery**

   A. <u>**Discovery Taken to Date & Scope of Anticipated Discovery**</u>

   The Parties' Stipulated Protective Order was granted on May 12, 2023 (Dkt. 67.) The Parties have each propounded and responded to written discovery requests and produced documents, and a number of Plaintiff's discovery requests remaining outstanding.

   **Plaintiff, Counterclaim Defendant's Position:** Should any of Defendants' counterclaims that are the subject of Plaintiff's pending motion to dismiss survive, Plaintiff anticipates also seeking discovery relating to Defendants' false advertising, unfair competition, tortious interference, and defamation counterclaims. Plaintiff also anticipates expert discovery on issues including but not limited to false advertising, consumer confusion, and damages.

   **Defendants, Counterclaim Plaintiffs' Position:** Defendants have produced the requested documents in their possession, custody or control to Plaintiff. Defendants anticipate conducting fact discovery directed to Plaintiff Whisker's misconduct as alleged in the Amended Counterclaims, including defamation, unfair competition prohibited by the Lanham Act and California's UCL and FAL, as well as for tortious interference with contracts, and intentional interference with prospective economic relations. In the event that Whisker's '502 patent is not dismissed from the case based on Defendants' motion for judgment on the pleading, Defendants anticipate taking fact discovery with respect to their invalidity and noninfringement DJ counterclaims.

   B. <u>**Privilege Logs**</u>

   The Parties agree that privileged or protected documents created on or after the commencement of this action shall not be included on any privilege log except as otherwise agreed to by the parties or ordered by the Court. The Parties will work to agree to a mutually agreeable deadline for privilege logs.

   C. <u>**Topics Required Under Patent Local Rule 2-1(b)**</u>

   i. *Proposed modification of obligations or deadlines; timing of discovery*

   The Parties have already made most of the required disclosures and have set forth below the timing for disclosures not yet made. *See also* Dkt. 128.

6   **JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. 5:22-CV-04261-PCP**

   ii.   *The format of the Claim Construction Hearing*

   The Parties have not identified any terms that need construction. To the extent that the parties decide in the future that terms needs to be construed, the Claim Construction Hearing will be coupled with the Summary Judgment Hearing, pursuant to the schedule in Dkt. 128.

   iii.   *How the parties intend to educate the court on the technology at issue.*

   The Parties currently intend to present an overview of the technology during the Claim Construction and the Summary Judgment Hearing.

   iv.   *Damages.*

   On August 29, Plaintiff served Damages Contentions. Defendants' responsive contentions are due September 28.

   **Plaintiff, Counterclaim Defendant's Position as to Patent Damages:** Plaintiff seeks both lost profits and a reasonable royalty due to Defendants' infringement of the '502 patent. As set forth in more detail in the contentions, Plaintiff cannot provide an estimate of the damages range at this time given that much of the information needed is still in Defendants' possession. For example, Plaintiff needs further financial, licensing, and marketing information, including relevant deposition testimony. Plaintiff also intends to rely on expert testimony. Plaintiff should be in a position to provide an estimate once fact discovery closes and in conjunction with expert discovery.

   **Defendants, Counterclaim Plaintiffs' Position:** Defendants have provided substantial information to Plaintiff relevant to the damages inquiry. Plaintiff has not yet provided any estimate of the damages range expected for its part of the case nor any explanation for the estimates. Defendants recently filed their Amended Counterclaims (Dkt. No. 105, filed July 31, 2023). Plaintiff has not yet answered those Amended Counterclaims and instead, seeks their dismissal pursuant to Fed. R. Civ. P. 12(b)(6). See Dkt. No. 112. Accordingly, Defendants expects to be in a position to estimate the scope of damages related to their Amended Counterclaims after Plaintiff has answered those allegations and provided complete responses to Defendants' damages-related discovery requests.

**8.   Class Actions**

   Not applicable.

7
**JOINT CASE MANAGEMENT STATEMENT**

9.  **Related Cases**

None.

10. **Relief**

**Plaintiff's Position:** Whisker seeks a permanent injunction relating to the use of Whisker's trademarks, infringement of the '502 Patent, making further false or misleading statements about Smarty Pear or its products, or engaging in any activity constituting unfair competition with Whisker. Whisker seeks a judgment that Defendants have directly and indirectly willfully infringed and continues to directly and indirectly willfully infringe one or more asserted claims of the '502 patent under at least 35 U.S.C. § 271(a), (b), and/or (c). Whisker seeks various forms of monetary relief, including but not limited to: (i) Defendants' profits, gains, and advantages derived from Defendants' unlawful conduct; (ii) all damages sustained by Whisker as a result of Defendants' unlawful conduct, including the cost of corrective advertising; (iii) trebled damages under 15 U.S.C. § 1117; (iv) attorneys' fees and costs under 15 U.S.C. § 1117; (v) exemplary and punitive damages as the Court finds appropriate to punish Defendants' misconduct and deter and future willful conduct; (vii) monetary damages sufficient to compensate Plaintiff for Defendants' patent infringement and no less than a reasonable royalty under 35 U.S.C. § 284; (vii) enhanced damages pursuant to 35 U.S.C. § 284; (viii) attorneys' fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117 as an exceptional case, (ix) an accounting and supplemental damages for all damages occurring after the period for which damages discovery is taken, and after discovery closes, through the Court's decision regarding the imposition of a permanent injunction; (x) costs and expenses of this suit as the prevailing party; (xi) pre-judgment and post-judgment interest; and (xii) any other and further relief as the Court may deem just and equitable. Whisker also seeks, pursuant to 15 U.S.C. § 1118, delivery for seizure or destruction all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, stickers, tags, warranty booklets, promotional materials, and other items in their possession or under their control that use Whisker's trademarks (or any marks likely to be confused with those marks).

**Defendants, Counterclaim Plaintiffs' Position:** Smarty Pear and Christopher Madeiras seek the following, A. Judgment that Whisker's Complaint in its entirety be dismissed with

prejudice; B. Judgment that Whisker is entitled to nothing by its Complaint, including that Whisker is not entitled to an award of compensatory damages, attorneys' fees, costs, pre-judgment or post-judgment interest under 35 U.S.C. §§ 284 or 285, or any applicable law; C. Denial of any and all of Whisker's requests for injunctive relief; D. Judgment that Defendants have not infringed, and are not infringing, any valid and enforceable claim of the '502 Patent by any manufacture, use, sale, and offer to sell of Smarty Pear's Leo's Loo Too products; E. Judgment that the claims of the '502 Patent are invalid and/or unenforceable; F. Judgment that Whisker and/or any of its successors and attorneys, and all persons in active concert or participation with any of them, are enjoined from directly or indirectly asserting infringement or instituting any further action for infringement of the '502 Patent against Defendants, or any of Defendants' customers, end-users, agents, suppliers, contractors, consultants, successors, and assigns; G. Order that this case is "exceptional" pursuant to 35 U.S.C. § 285 entitling Defendants to an award of their reasonable and necessary attorneys' fees, expenses, and costs, and prejudgment interest thereon; H. Order awarding Defendants their costs incurred in this action; and I. Grant to Defendants such other and further relief as the Court deems just and proper.

Counterclaim Plaintiffs, Smarty Pear and Madeiras, further respectfully request this Court enter judgment in favor of Smarty Pear and Madeiras against Counterclaim Defendant Whisker as to all the Counterclaims asserted herein, including an Order granting Counterclaim Plaintiffs, Smarty Pear and Madeiras, the following relief: A. Compensatory damages on all applicable causes of action alleged herein; B. Actual costs, expenses and attorneys' fees incurred in this lawsuit; C. All exemplary, enhanced and punitive damages; D. Pre-judgment and post-judgment interest; E. Preliminary and permanent injunctive relief; and F. Such other and further relief as the Court shall deem just and proper.

**11.  Settlement and ADR**

The Court has ordered the Parties to complete ADR before Magistrate Judge Virginia K. DeMarchi. (Dkts. 119, 123.) The parties are conferring on dates and will reach agreement upon the date on which their settlement conference will occur by no later than September 22, 2023.

**12. Other References**

None proposed.

**13. Narrowing of Issues**

Other than the issues raised in the pending motions, the Parties do not believe that any narrowing of the issues is possible at this time.

**14. Expedited Trial Procedures**

The Parties agree that this action is not appropriate for the expedited trial procedure.

**15. Scheduling**

The current schedule is set forth in Dkt. 122 as modified by Dkt. 128.

**16. Trial**

The pre-trial conference is currently set for June 25, 2024, and trial is scheduled to begin on July 15, 2024, and run through July 19, 2024. Both sides have reserved their right to a trial by jury of any issues so triable.

**17. Disclosure of Non-Party Interested Entities or Persons**

The Parties have each filed the required disclosures pursuant to Fed. R. Civ. P. 7.1 and L.R. 3-15 and have no further disclosures in that regard.

**18. Professional Conduct**

Attorneys of record for all Parties have reviewed the Northern District of California Guidelines for Professional Conduct.

**19. Other**

Nothing further at this time.

Dated: September 11, 2023

COOLEY LLP

*/s/ Bobby Ghajar*
Bobby Ghajar

*Attorney for Plaintiff*
Automated Pet Care Products LLC d/b/a Whisker

| | | |
|---|---|---|
| Dated: September 11 2023 | | MCCAULLEY LAW GROUP LLC |
| | | */s/ Richard T. McCaulley*<br>Richard T. McCaulley |
| | | *Attorney for Defendants*<br>PurLife Brands, Inc. d/b/a Smarty Pear, Chris Madeiras |

*[Full Counsel List]*

STEPHEN SMITH *[Pro hac vice]*
(Stephen.smith@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone:    (202) 728-7148
Facsimile:    (202) 842-7899

*Attorneys for Plaintiff and Counter-Defendant*
Automated Pet Care Products, LLC d/b/a Whisker


JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (pro hac vice)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
           Telephone: (312) 330-8105

*Attorneys for Defendants, Counter-Claim Plaintiffs*

PURLIFE BRANDS, INC., d/b/a SMARTY PEAR, and CHRIS MADEIRAS

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 11, 2023

COOLEY LLP

*/s/ Bobby Ghajar*

*Attorney for Plaintiff*
Automated Pet Care Products LLC d/b/a Whisker