EXCERPTS FROM TRANSCRIPT
OF
MAY 12, 2023 HEARING

```
                                                           Pages 1-13

 1                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
 2                     SAN FRANCISCO DIVISION

 3

 4  AUTOMATED PET CARE PRODUCTS, LLC ) Case No. 22-cv-04261-VC
    d/b/a WHISKER, a Michigan        )
 5  corporation,                     ) San Francisco, California
                                     ) Friday, May 12, 2023
 6            Plaintiff,             )
                                     ) ZOOM WEBINAR PROCEEDINGS
 7       v.                          )
                                     )
 8  PURLIFE BRANDS, INC. d/b/a       )
    SMARTY PEAR, a Delaware          )
 9  corporation and CHRIS MADEIRAS,  )
    an individual,                   )
10                                   )
              Defendants.            )
11  _____)

12
          TRANSCRIPT OF INITIAL CASE MANAGEMENT CONFERENCE
13             BEFORE THE HONORABLE VINCE CHHABRIA
                UNITED STATES DISTRICT COURT JUDGE
14

15  APPEARANCES:  (Via Zoom)

16  For Plaintiff:              BOBBY A. GHAJAR, ESQ.
                                Cooley LLP
17                              1333 2nd Street, Suite 400
                                Santa Monica, California 90401
18                              (310) 883-6400

19                              ERIK B. MILCH, ESQ.
                                Cooley LLP
20                              One Freedom Square
                                Reston Town Center
21                              11951 Freedom Drive
                                Reston, Virginia 20190
22                              (703) 456-8000

23
    [COUNSEL APPEARANCES CONTINUE ON THE FOLLOWING PAGE]
24

25  Proceedings recorded by electronic sound recording; transcript
    produced by transcription service.
```

2

```
 1  APPEARANCES:  (Cont'd.)
 2  For Defendants:              RICHARD T. McCAULLEY, ESQ.
                                 McCaulley Law Group LLC
 3                               180 N. Wabash Avenue, Suite 601
                                 Chicago, Illinois 60601
 4                               (312) 330-8105

 5  Transcription Service:       Peggy Schuerger
                                 Ad Hoc Reporting
 6                               2220 Otay Lakes Road, Suite 502-85
                                 Chula Vista, California 91915
 7                               (619) 236-9325
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

3

1         SAN DIEGO, CALIFORNIA  FRIDAY, MAY 12, 2023  10:20 A.M.
2                              --oOo--
3              THE CLERK:  Now calling Civil Case 22-4261, Automated
4    Pet Care Products, LLC v. PurLife Brands, Inc. d/b/a Smarty Pear,
5    a Delaware corporation, et al.  Will counsel please state your
6    appearances for the record, starting with the Plaintiff.
7              MR. GHAJAR:  Good morning, Your Honor.  Bobby Ghajar
8    from Cooley LLP on behalf of the Plaintiff.
9              THE COURT:  Good morning.
10             MR. MILCH:  Your Honor, Erik Milch from Cooley LLP on
11   behalf of the Plaintiff.
12             THE COURT:  Good morning.
13             MR. McCAULLEY:  Good morning, Your Honor.  Richard
14   McCaulley on behalf of the Defendants PurLife and Madeiras.
15             THE COURT:  Good morning. Okay.  So the first thing I
16   want to say in this case is that, you know, by -- you know,
17   without -- without pre-judging anything, my radar is definitely
18   alerted to, you know, the possibility of discovery stonewalling.
19   And I'd like -- Mr. McCaulley, I would just like to point you to
20   my ruling in *Facebook MDL* where I sanctioned Gibson Dunn and
21   Facebook about a million bucks for discovery stonewalling.  And I
22   would also like for you to give that ruling to your clients and
23   tell them that I've instructed you to instruct them to read the
24   rule.  Okay?
25             MR. McCAULLEY:  Certainly, Your Honor.  I --

THE COURT: And I'm not -- I'm not saying -- I'm not drawing any conclusions. I'm not -- you know, I'm not pre-judging anything, but I -- you know, it's a concern that I have. And part of it is based on sort of the obvious sort of intent, you know, of your clients to, you know -- to sort of mislead the public by using these terms like Litter-Robot. And part of it is based on what they -- you know, what the Plaintiffs have said in their case management statement. And so, you know, I'm -- you know, certainly mentioned this to Judge Kim who's doing discovery in this case and I'm now mentioning it to you, that I -- you know, I'm not going to tolerate any discovery stonewalling in this case. Okay?

MR. McCAULLEY: Certainly, Your Honor. May I briefly comment?

THE COURT: Very briefly because, as I say, I'm not -- I'm not pre-judging anything. I'm --

MR. McCAULLEY: Okay.

THE COURT: -- just telling you I have an initial concern.

MR. McCAULLEY: I'm sorry. We preserved all of our evidence. I had a call with Mr. Milch yesterday. We intend to make a substantial document production. I gave in our initial disclosures a screenshot of all of our -- our document folders that we have and told Mr. Milch that I would set up an opportunity for them to sit in a walled garden and view all the documents we

1  have on our server.  There's been no stonewalling.  There will be
2  no stonewalling.  We intend to cooperate.  And I thought, at least
3  from my perspective, I had a good conversation with Mr. Milch
4  yesterday.
5            The one -- there was an issue about emails.  We have
6  said we would follow the proposed order from the beginning case
7  management conference, and now Mr. Milch told me yesterday that he
8  doesn't think it's appropriate in this case, so we'll continue to
9  work through it.  There's no stonewalling.  We don't have anything
10 to hide.  There was no intent to deceive the public, and we think
11 the evidence will certainly show that.
12           THE COURT:  Okay.  Now, my next question just looking at
13 the proposed schedule or the competing proposed schedules is I was
14 wondering -- I mean, I'm, you know, inclined to defer to you all
15 on this, but it seems to me that, you know, we have the trademark
16 infringement claims and the false advertising claims and the
17 patent claims.  And if I recall correctly, there were three patent
18 infringement claims and two of them were dismissed and one of them
19 was not, but that an amended complaint has been filed maybe to --
20 is it reasserting the dismissed patent infringement claims?
21           MR. MILCH:  Your Honor, it's reasserting one of the two
22 dismissed claims.
23           THE COURT:  Okay.  Is this the kind of case where it
24 might make sense to -- to phase the proceedings in some way?  I'm
25 not suggesting staying the patent claims necessarily.  I'm just

13

1          MR. MILCH:  Thank you.

2      (Proceedings adjourned at 10:35 a.m.)

3

4          I, Peggy Schuerger, certify that the foregoing is a

5  correct transcript from the official electronic sound recording

6  provided to me of the proceedings in the above-entitled matter.

7

8  _____        May 20, 2023_____
   Signature of Approved Transcriber       Date

9

10 Peggy Schuerger_____
   *Ad Hoc Reporting*
11 Approved Transcription Provider
   for the U.S. District Court,
12 Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25